# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

AARON HALL, KATHERINE GLOD, and
JEFFREY BINDER, on behalf of
themselves and all others similarly situated,

                      Plaintiffs,

vs.

TRIVEST PARTNERS L.P., TGIF POWER
HOME INVESTOR, LLC, and WILLIAM
JAYSON WALLER,

                      Defendants.

**Case No.: 4:22-cv-12743-LJM-CI**

**Honorable Laurie J. Michelson**

_____

# DEFENDANTS TRIVEST PARTNERS L.P. AND TGIF POWER HOME INVESTOR, LLC'S JOINT MOTION TO DISMISS PLAINTIFFS' <u>COMPLAINT</u>

Defendants Trivest Partners L.P. ("Trivest") and TGIF Power Home Investor, LLC ("TGIFPHI") jointly move to dismiss Plaintiffs Aaron Hall, Katherine Glod, and Jeffrey Binder's Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(2), 12(b)(6), and 12(b)(7).

First, the Complaint lacks any allegation supporting personal jurisdiction over Trivest and TGIFPHI in this matter, requiring dismissal under Federal Rule of Civil Procedure 12(b)(2).  There exists no general jurisdiction because neither entity is incorporated in Michigan and neither entity maintains its principal place of business in Michigan.  There exists no specific jurisdiction because the only Michigan-specific allegations arguably related to Trivest and TGIFPHI are that Plaintiffs suffered harm here.  But Plaintiffs made purchases from a third-party, in which Trivest and TGIFPHI are alleged to be minority investors.  The Sixth Circuit has squarely foreclosed the theory that personal jurisdiction exists over an investor in just this situation.

Second, the Complaint fails to state a claim upon which relief can be granted, requiring dismissal under Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs have failed to plead their Racketeering Influenced and Corrupt Organizations ("RICO") claims with particularity.  Instead, the Complaint impermissibly makes conclusory RICO allegations void of specifics as to who, what, when, and where.  Moreover, Plaintiffs fail to allege any enterprise to support a

1

RICO claim.  Additionally, any alleged harm suffered by Plaintiffs cannot satisfy RICO's causation requirement.

Plaintiffs' claims under the Michigan Consumer Protection Act ("MCPA") face two hurdles.  The economic loss rule bars recovery under the MCPA because Plaintiffs pursue damages for disappointed product expectations.  Regardless, the MCPA's safe harbor applies because the sale of home solar panel systems is authorized by law.

Third, the Complaint fails to join a necessary party—Power Home Solar/Pink Energy.  That is with whom Plaintiffs have a contractual relationship.  That is with whom Plaintiffs interacted.  That is with whom Plaintiff may have a case.  Not Trivest or TGIFPHI.

For these reasons and for the reasons set forth more fully in the accompanying Brief in Support, the Court should dismiss Plaintiffs' Complaint.

In accordance with this Court's Case Management Requirements, counsel for Trivest and TGIFPHI attempted to confer by email and by follow up phone call regarding consent to this Motion but at the time of this filing had not received any response.

46982058.1

Dated: February 15, 2023

HONIGMAN LLP

By: */s/ Benjamin J. VanderWerp*
E. Todd Sable (P54956)
Robert M. Riley (P72290)
Benjamin J. VanderWerp (P84614)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7548
bvanderwerp@honigman.com
tsable@honigman.com
rriley@honigman.com

McGuireWoods LLP

R. Trent Taylor
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
(804) 775-1182
rtaylor@mcguirewoods.com

3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

AARON HALL, KATHERINE GLOD, and
JEFFREY BINDER, on behalf of
themselves and all others similarly situated,

**Case No.: 4:22-cv-12743-LJM-CI**

            Plaintiffs,

**Honorable Laurie J. Michelson**

vs.

TRIVEST PARTNERS L.P., TGIF POWER
HOME INVESTOR, LLC, and WILLIAM
JAYSON WALLER,

            Defendants.

_____

## DEFENDANTS TRIVEST PARTNERS L.P. AND TGIF POWER HOME INVESTOR, LLC'S BRIEF IN SUPPORT OF THEIR JOINT <u>MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>

# TABLE OF CONTENTS

Page

Table of Contents ........................................................................................... i

Table of Authorities ..................................................................................... iii

Index of Exhibits ........................................................................................ viii

Controlling or Most Appropriate Authorities ..............................................ix

Statement of Issues Presented ......................................................................x

Introduction ................................................................................................... 1

Background ....................................................................................................3

Argument ........................................................................................................4

I.      The Court lacks personal jurisdiction over Trivest and TGIFPHI. ...............4

        A.      Legal Standard ...................................................................................4

        B.      No general personal jurisdiction exists over Trivest or
                TGIFPHI. ............................................................................................5

        C.      No specific personal jurisdiction exists over Trivest or
                TGIFPHI. ............................................................................................6

                1.      Exercise of personal jurisdiction would offend due
                        process. ...................................................................................6

                        a.      Plaintiffs cannot show purposeful availment. .................7

                        b.      Any alleged harm to Plaintiffs does not stem from
                                Trivest's or TGIFPHI's in-forum activities..................10

                        c.      The lack of connection to Michigan would make
                                exercise of jurisdiction unreasonable. ...........................12

                2.      The Long-Arm Statute Does Not Reach Trivest or
                        TGIFPHI. ..............................................................................12

II.     The Court should dismiss Plaintiffs' Complaint under Rule 12(b)(6)........13

        A.      Legal Standard ................................................................................13

        B.      Plaintiffs fail to state RICO claims. ...............................................13

                1.      Plaintiffs fail to allege any RICO violation with
                        particularity. .........................................................................13

46982058.1

2.      Plaintiffs lack RICO standing. ....................................................16

3.      Plaintiffs' claims under 18 U.S.C. § 1962(a) fail. ..................17

4.      Plaintiffs' claims under 18 U.S.C. § 1962(c) fail. ..................18

5.      Plaintiffs' claims under 18 U.S.C. § 1962(d) fail. ..................19

C.      Plaintiffs fail to state a claim under the MCPA. ...............................19

1.      The economic loss doctrine bars Plaintiffs' MCPA claims. ...............................................................................19

2.      The safe harbor provision of the MCPA bars Plaintiffs' claims. ...............................................................................21

III.   Plaintiffs' Complaint should be dismissed under Rule 12(b)(7)..................22

A.      Legal Standard................................................................................22

B.      PHS/PE is a necessary party.............................................................23

C.      Equity and good conscience compel dismissal. ................................24

Conclusion ............................................................................................................25

46982058.1

TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABG Prime Grp., LLC v. Innovative Salon Prods.*,
    326 F. Supp. 3d 498 (E.D. Mich. 2018) (Michelson, J.) ..................... ix, 6, 7, 12

*Am. Biocare, Inc. v. Howard & Howard Att'ys, PLLC*,
    2016 WL 5661583 (E.D. Mich. Sept. 30, 2016), *aff'd,* 702 F.
    App'x 416 (6th Cir. 2017) ..................................................................19

*Anza v. Ideal Steel Supply Corp.*,
    547 U.S. 451 (2006).............................................................. ix, 16, 17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................13

*Begala v. PHC Bank, Ohio Nat'l Ass'n*,
    214 F. 3d 776 (6th Cir. 2000) ...........................................................18

*Bender v. Southland Corp.*,
    749 F.2d 1205 (6th Cir. 1984) .....................................................15, 16

*Berent v. Kemper Corp.*,
    780 F. Supp. 431 (E.D. Mich. 1991), *aff'd*, 973 F.2d 1291 (6th Cir.
    1992) ..........................................................................................18

*Beydoun v. Wataniya Restaurants Holding, Q.S.C.*,
    768 F.3d 499 (6th Cir. 2014) .......................................................4, 10

*U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*,
    501 F.3d 493 (6th Cir. 2007) ...........................................................13

*Bristol Myers Squibb Co. v. Super. Ct.*,
    137 S. Ct. 1773 (2017).......................................................................5

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)...........................................................................5

*Dean v. Motel 6 Operating L.P.*,
    134 F.3d 1269 (6th Cir. 1998) ....................................... ix, 8, 9, 10, 12

46982058.1

*Doe v. Trump Corp.*,
    385 F. Supp. 3d 265 (S.D.N.Y 2019) ................................................................17

*Doss v. Corizon, Inc.*,
    __ F. Supp. 3d __, 2022 WL 13475138 (W.D. Mich. Oct. 21,
    2022) ........................................................................................................................7

*Est. of Wyatt v. WAMU/JP Morgan Chase Bank*,
    2012 WL 933289 (E.D. Mich. Mar. 20, 2012).................................................14

*Franklyn v. Fed. Nat'l Mortg. Ass'n*,
    2015 WL 74673 (E.D. Mich. Jan. 6, 2015) (Michelson, J.) .............................15

*Glancy v. Taubman Centers, Inc.*,
    373 F.3d 656 (6th Cir. 2004) .............................................................................24

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
    564 U.S. 915 (2011).............................................................................................5

*Gotham Print, Inc. v. Am. Speedy Printing Ctrs., Inc.*,
    863 F. Supp. 447 (E.D. Mich. 1994) ...................................................... ix, 13, 14

*Hanning v. Homecomings Financial Networks, Inc.*,
    436 F. Supp. 2d 865 (W.D. Mich. 2006) ...........................................................22

*Holmes v. Sec. Inv. Prot. Corp.*,
    503 U.S. 258 (1992).............................................................................................16

*Huizenga v. Gwynn*,
    225 F. Supp. 3d 647 (E.D. Mich. 2016) ..............................................................6

*Hutzell et al. v. Power Home Solar, LLC et al.*,
    Case. No. 2:22cv2930 (S.D. Ohio)....................................................................24

*Liss v. Lewiston-Richards, Inc.*,
    732 N.W.2d 514 (Mich. 2007)......................................................................21, 22

*Manhattan Tele. Corp. v. DialAmerica Mktg., Inc.*,
    156 F. Supp. 2d 376 (S.D.N.Y. 2001) ...............................................................18

*Means v. U.S. Conf. of Cath. Bishops*,
    836 F.3d 643 (6th Cir. 2016) .............................................................................10

iv

*Murphy v. The Proctor & Gamble Co.*,
  695 F. Supp. 2d 600 (E.D. Mich. 2010) ............................................................20

*In re Nat'l Prescription Opiate Litig.*,
  452 F. Supp. 3d 745 (N.D. Ohio 2020) ......................................................17, 18

*Neibarger v. Universal Cooperatives, Inc.*,
  486 N.W.2d 612 (Mich. 1992)............................................................................20

*O'Mara v. Cmty. Mental Health of Washtenaw Cnty.*,
  2022 WL 6581110 (E.D. Mich. Aug. 8, 2022)..................................................22

*Odish v. Peregrine Semiconductor, Inc.*,
  2015 WL 1119951 (E.D. Mich. Mar. 11, 2015) (Michelson, J.)........4, 5, 6, 9, 12

*Parker v. Winwood*,
  938 F.3d 833 (6th Cir. 2019) ...............................................................................5

*Provident Tradesmens Bank & Tr. Co. v. Patterson*,
  390 U.S. 102 (1968)............................................................................................24

*Ray v Spirit Airlines, Inc.*,
  126 F. Supp. 3d 1332 (S.D. Fla. 2015) ...................................................15, 18, 19

*Simpson v. Champion Petfoods USA, Inc.*,
  2019 WL 5653199 (E.D. Ky. Oct. 31, 2019) .....................................................5

*Smith v. Globe Life Insurance Co.*,
  597 N.W.2d 28 (Mich. 1999)..............................................................................21

*Snyder v. Boston Whaler, Inc.*,
  892 F. Supp. 955 (W.D. Mich. 1994) .........................................................ix, 20

*Thiss v. A.O. Smith Corp.*,
  1993 WL 771013 (W.D. Mich. June 29, 1993)..................................................17

*Thomas v. Daneshgari*,
  997 F. Supp. 2d 754 (E.D. Mich. 2014) ............................................................15

*Trustees of Bricklayers & Masons Local No. 22 Pension Plan v. 5
  Star Masonry LLC*,
  2021 WL 215649 (S.D. Ohio Jan. 21, 2021).......................................................6

46982058.1

*Walden v. Fiore*,
    571 U.S. 277 (2014) ............................................................................7

*Wamer v. University of Toledo*,
    27 F.4th 461 (6th Cir. 2022) ..........................................................13

*Zakora v. Chrisman*,
    44 F.4th 452 (6th Cir. 2022) ..........................................................13

**Statutes**

18 U.S.C. § 1962(a) ...........................................................................17, 18

18 U.S.C. § 1962(c) ................................................................................18

18 U.S.C. § 1962(d) ...............................................................................19

18 U.S.C. § 1964(c) ...............................................................................16

M.C.L. § 207.821 et seq. ......................................................................22

M.C.L. § 211.7h ....................................................................................22

M.C.L. § 445.904(1)(a) .........................................................................21

M.C.L. § 460.1001 et. seq. ....................................................................22

M.C.L. § 460.1039 .................................................................................22

Mich. Stat. Ann. § 600.715 ...................................................................12

Michigan Consumer Protection Act ................................ ix, 1, 2, 19, 20, 21, 22

Racketeer Influenced and Corrupt Organizations
    Act ................................................... ix, x, 1, 2, 13, 15, 16, 17, 18, 19

**Other Authorities**

Fed. R. Civ. P. 9(b) ...............................................................................13

Fed. R. Civ. P. 11 ..............................................................................15, 16

Fed. R. Civ. P. 12(b)(2) ........................................................................x, 4

46982058.1

Fed. R. Civ. P. 12(b)(6)........................................................................x, 13

Fed. R. Civ. P. 12(b)(7)................................................................x, 22, 25

Fed. R. Civ. P. 19 .......................................................................22, 23, 24

https://www.mied.uscourts.gov/pdffiles/CohnRICOcasestatement.pdf .................16

https://www.trivest.com/wp-
content/uploads/2021/11/TGIF_Overview.pdf....................................................3

46982058.1

**INDEX OF EXHIBITS**

**Page(s)**

**Exhibit**

1. Department of Licensing and Regulatory Affairs (LARA) Filing ................................................................................................7

2. North Carolina Secretary of State Filing .......................................................24

46982058.1

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

In support of their Motion to Dismiss, Defendants Trivest Partners L.P. and TGIF Power Home Investor, LLC rely on the authorities cited in this Brief in Support, including, but not limited to, the following authorities:

- *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269 (6th Cir. 1998), for the proposition that personal jurisdiction cannot exist over an investor related to a different company's actions within the forum;

- *ABG Prime Grp., LLC v. Innovative Salon Prods.*, 326 F. Supp. 3d 498 (E.D. Mich. 2018) (Michelson, J.), for the proposition that Plaintiffs have failed to meet due process's requirements for the exercise of personal jurisdiction;

- *Gotham Print, Inc. v. Am. Speedy Printing Ctrs., Inc.*, 863 F. Supp. 447 (E.D. Mich. 1994), for the proposition that Plaintiffs have failed to plead RICO claims with particularity;

- *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006), for the proposition that Plaintiffs' RICO claims fail for lack of causation;

- *Snyder v. Boston Whaler, Inc.*, 892 F. Supp. 955  (W.D. Mich. 1994), for the proposition that plaintiffs' MCPA claims are barred by the economic loss rule.

## STATEMENT OF ISSUES PRESENTED

I.   Whether this Court should dismiss Defendants Trivest Partners L.P. and TGIF Power Home Investor, LLC under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction when there are no allegations that those entities are at-home and subject to general jurisdiction in Michigan or have sufficient contact with Michigan necessary to establish specific jurisdiction in Michigan?

II.  Whether Plaintiffs fail to state a claim under Federal Rule of Civil Procedure 12(b)(6), where their Complaint fails to allege a RICO claim with the requisite specificity, and where Plaintiffs' remaining claims do not meet the minimum pleading standard?

III. Whether Plaintiffs' Complaint fails to join a necessary and indispensable party under Federal Rule of Civil Procedure 12(b)(7), where Plaintiffs omit as a defendant the entity from which Plaintiffs purchased the underlying home solar systems?

Defendants Trivest Partners L.P. ("Trivest") and TGIF Power Home Investor, LLC ("TGIFPHI") jointly move to dismiss Plaintiffs' Complaint with prejudice.

## INTRODUCTION

Plaintiffs purchased home solar systems ("systems") from Power Home Solar, later known as Pink Energy ("PHS/PE") and financed these purchases through third parties. They were disappointed with their purchases. They contend that the systems do not provide the benefits that PHS/PE advertised, and now they are on the hook for these financed purchases.

So Plaintiffs decided to sue. But Plaintiffs did not sue PHS/PE—the entity that made the allegedly false promises. PHS/PE is in bankruptcy. Nor did Plaintiffs sue the unnamed companies that agreed to finance Plaintiffs' purchases. Those agreements likely have arbitration clauses and class action waivers.

Instead, Plaintiffs have chosen to sue Trivest and TGIFPHI— alleged to be minority shareholders with no decision-making power in PHS/PE. While Plaintiffs are eager to allege that Trivest, through TGIFPHI, invested in PHS/PE, no other specifics about Trivest's or TGIFPHI's role appear in the Complaint. In doing so, Plaintiffs lodge serious charges: felonious acts of wire and mail fraud amounting to civil Racketeer Influenced and Corrupt Organizations Act ("RICO") liability and fraudulent behavior violative of the Michigan Consumer Protection Act ("MCPA").

But Plaintiffs' allegations are legally deficient from the outset.

1

*First*, Plaintiffs have not made a prima facie showing that this Court can exercise personal jurisdiction over Trivest and TGIFPHI.  Neither is subject to general personal jurisdiction.  Nor can the Court exercise specific personal jurisdiction.  There are no plausible allegations of sufficient minimum contacts with Michigan, much less any contact giving rise to Plaintiffs' alleged injuries.

*Second*, Plaintiffs' RICO claims fail as a matter of law.  Plaintiffs contend that Trivest and TGIFPHI committed serious crimes—mail fraud and wire fraud.  When making such allegations, Plaintiffs are required to plead the predicate acts with particularity providing specifics as to the who, what, where, and when of Trivest's and TGIFPHI's allegedly criminal conduct.  The Complaint fails to do so.

*Third*, the economic loss rule bars Plaintiffs' MCPA claims.  Plaintiffs are disappointed in the performance of their systems and feel duped by PHS/PE's advertising.  This is the prototypical claim that the economic loss rule prohibits.  If Plaintiffs are disappointed, their recourse is contract claims against the companies that they contracted with—not Trivest or TGIFPHI.

*Fourth*, Plaintiffs' Complaint must be dismissed for failure to join an indispensable party: PHS/PE.  That is the entity that allegedly advertised to and sold Plaintiffs their systems, and the entity that Plaintiffs paid.

The Court should dismiss Plaintiffs' claims against Trivest and TGIFPHI with prejudice.

46982058.1

## BACKGROUND

Trivest is a private investment limited partnership organized under the laws of Florida with its principal place of business in Florida. ECF No. 1, PageID 3, ¶ 13. TGIFPHI is a limited liability company organized under the laws of Delaware with its principal place of business in Florida. *Id.* ¶ 4. TGIFPHI, as its name suggests, is part of the Trivest Growth Investment Fund. *See* https://www.trivest.com/wp-content/uploads/2021/11/TGIF_Overview.pdf.[1] The fund makes non-control, minority investments in fast-growing founder- and family-owned businesses. *Id.* Plaintiffs allege that Trivest, through TGIFPHI, purchased an approximately 25% non-control stake in PHS/PE. ECF No. 1 PageID 10, ¶ 62.[2]

Plaintiffs each purchased a system from, and dealt solely with, PHS/PE. *See* ECF No. 1, PageID 21-22, ¶¶ 90-92. Plaintiffs financed their purchases through third parties. *Id.* Plaintiffs contend that PHS/PE represented that their systems would reduce electricity bills between 70% and 90% and would, in many instances,

---

[1] Plaintiff cited to this website in their Complaint. ECF No. 1, PageID 10, ¶ 64 & n.3. Accordingly, Trivest and TGIFPHI may rely on it.

[2] In reality, Trivest is a management company for a previous fund that has disbanded. Trivest did not have anything to do with the PHS/PE investment. TGIFPHI was formed to specifically hold Trivest Growth Investment Fund's stake in PHS/PE. For purposes of the instant motion, however, Trivest and TGIFPHI address the issues as alleged in the Complaint because those allegations fail to make a prima facie showing of personal jurisdiction. Neither defendant intends to waive any argument related to structure or corporate separateness and instead expressly preserves them.

46982058.1

receive government rebate checks to cover part or all of the purchase costs.  ECF No. 1, PageID 7, ₱ 36.  Plaintiffs allege that they relied on PHS/PE's representations related to "expected production and functionality" of the systems when making their financed purchases.  ECF No. 1, PageID 21-22 ₱₱ 90-92.

Plaintiffs do not allege that they interacted with Trivest or TGIFPHI. Plaintiffs do not contend that either maintains any office in Michigan.  Plaintiffs do not plead that Trivest or TGIFPHI advertised the sale of systems in Michigan. Plaintiffs do not contend that these entities sold them or any other Michigander any systems.  Nor do Plaintiffs plead that Trivest or TGIFPHI financed these purchases.

ARGUMENT

## I.  The Court lacks personal jurisdiction over Trivest and TGIFPHI.

### A. Legal Standard.

Federal Rule of Civil Procedure 12(b)(2) requires dismissal for lack of personal jurisdiction.  "The party seeking to establish the existence of personal jurisdiction bears the burden to establish such jurisdiction over each defendant independently." *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014).  A party may not rely solely on the allegations in a complaint to defeat a motion to dismiss for lack of personal jurisdiction. *Odish v. Peregrine Semiconductor, Inc.*, 2015 WL 1119951, at *9 (E.D. Mich. Mar. 11, 2015) (Michelson, J.) (adopting report and recommendation to dismiss for lack of personal

4

jurisdiction).  Mere "bare bones assertions" and "vague allegations" unsupported by "specific factual allegations" are insufficient.  *Id.* at *5, 9.

Personal jurisdiction can be either general or specific.  *Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019).  General jurisdiction is "all-purpose" jurisdiction.  *Bristol Myers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1780 (2017).  It exists where the defendant's connection with the forum state is "so continuous and systematic as to render [it] essentially at home in the forum state" such that a court may exercise jurisdiction over the defendant for claims "unrelated" to that connection.  *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 925 (2011).

Specific jurisdiction, on the other hand, is "case-linked" jurisdiction.  *Bristol-Myers Squibb*, 137 S. Ct. at 1780.  It allows a court to exercise jurisdiction over a non-resident defendant for an act or omission in the forum state.  *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).  But the suit must have arisen out of the connection to the forum state.  *See Bristol-Myers Squibb*, 137 S. Ct. at 1780.

**B. No general personal jurisdiction exists over Trivest or TGIFPHI.**

The paradigm for general jurisdiction over a company is where that company is at home.  *See Goodyear Dunlop*, 564 U.S. at 924.  A company is at home where it is incorporated and maintains its principal place of business.  *See Daimler AG*, 571 U.S. at 137.  The same is true for limited partnerships, *see Simpson v. Champion Petfoods USA, Inc*., 2019 WL 5653199, at *2 (E.D. Ky. Oct. 31, 2019), and limited

liability companies, *see Trustees of Bricklayers & Masons Local No. 22 Pension Plan v. 5 Star Masonry LLC*, 2021 WL 215649, at *2 n.1 (S.D. Ohio Jan. 21, 2021).

Here, Plaintiffs concede that neither Trivest nor TGIFPHI is incorporated under Michigan law or maintains its principal place of business in Michigan.  ECF No. 1, PageIDs 3-4, ¶¶ 13-14.   Accordingly, no general jurisdiction exists.

### C. No specific personal jurisdiction exists over Trivest or TGIFPHI.

First, the exercise of specific jurisdiction over a defendant must comport with due process.  *See ABG Prime Grp., LLC v. Innovative Salon Prods.*, 326 F. Supp. 3d 498, 502 (E.D. Mich. 2018) (Michelson, J.) (dismissing for lack of specific jurisdiction).  Second, the actions or omissions "directly and substantially related to the plaintiff's claim" must also fall within the ambit of the state long-arm statute. *Odish*, 2015 WL 1119951, at *11-12.  Neither of these requirements is met here.

### 1.    Exercise of personal jurisdiction would offend due process.

To comport with due process, a plaintiff must prove that a defendant had sufficient minimum contacts with the forum state.  *See Huizenga v. Gwynn*, 225 F. Supp. 3d 647, 657 (E.D. Mich. 2016).  This requires that a plaintiff prove that a defendant purposefully availed itself of the forum, that a defendant's contact with the forum gave rise to plaintiff's case, and that the connection to the forum state be substantial enough to make exercise of jurisdiction reasonable.  *See id.* at 656-57.

### a. Plaintiffs cannot show purposeful availment.

As this court has explained, "[t]wo principles animate the purposeful availment prong." *ABG Prime Grp., LLC*, 326 F. Supp. 3d at 506.  First, "mere injury to a forum resident" cannot satisfy the minimum contacts requirement.  *Id.* Second, "the defendants' conduct must connect them 'to the forum in a meaningful way.'"  *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 290 (2014)).

The only Michigan-related allegations in the Complaint are that Plaintiffs were injured as Michigan residents.  There are no allegations connecting Trivest or TGIFPHI to Michigan, much less in any "meaningful way."  The Complaint alleges that Trivest, through TGIFPHI, purchased a minority interest in PHS/PE.  ECF No. 1, PageID 10, ⁋ 62.  According to the Department of Licensing and Regulatory Affairs, PHS/PE is a foreign limited liability company.  (*See* LARA Filing, attached as Exhibit 1.)[3]  Without specifics, the Complaint alleges in conclusory fashion that Trivest and TGIFPHI participated in the "marketing, sales, and business" of PHS "as a whole," ECF NO. 1, PageID 11, ⁋ 71, through North Carolina resident Defendant Waller, *id.* PageID 4, ⁋15.  But there is no plausible allegation that Trivest or TGIFPHI otherwise interacted with Michigan consumers.  In short, Plaintiffs

---

[3] The LARA and Secretary of State filings referenced herein come from an official government website.  The Court can and should take judicial notice of them for the purposes of this Motion to Dismiss.  *See Doss v. Corizon, Inc.*, F. Supp. 3d , 2022 WL 13475138, at *1 & n.1 (W.D. Mich. Oct. 21, 2022).

contend that two foreign entities are minority investors in a third foreign entity and generally participated in the business "as a whole" through a non-Michigander. That is not purposeful availment under Michigan law.

*Dean. v. Motel 6 Operating L.P.* is on point and forecloses the Court from exercising jurisdiction over Trivest and TGIFPHI.  There, the Sixth Circuit affirmed dismissal of a "controlling minority shareholder" for lack of personal jurisdiction because the plaintiff could not show purposeful availment.  *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1271 (6th Cir. 1998).  The point of the purposeful availment rule is to "ensure[] that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* at 1273.  For that reason, "a company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction." *Id.* at 1274 (emphasis added).  To that end, "proof of ownership is insufficient to show purposeful availment." *Id.*  Instead, a plaintiff must "provide sufficient evidence for [the court] to conclude that [the investor] is being brought into court for something that it has done, not just for something" done by the company defendant invested in has done. *Id.*  But plaintiff there could muster nothing past ownership interest to meet this requirement. *Id.* at 1274-75.  As a result, plaintiff could not meet due process's purposeful availment requirement.  This "lack of purposeful availment [was] dispositive." *Id.* at 1275.

This Court should follow *Dean* and dismiss, just as it has before. *See Odish*, 2015 WL 1119951, at *4 (overruling objection to report and recommendation based on *Dean*). The only non-conclusory allegations related to Trivest and TGIFPHI relate to their minority, non-controlling investment in PHS/PE. That is insufficient.

Moreover, allegations of generic participation by Trivest and TGIFPHI in PHS/PE's marketing are belied by the Complaint itself. According to Plaintiffs, "Defendant Waller personally designed [PHS/PE]'s sales practices, and the training materials and procedures that implemented them." ECF No. 1, PageID 5, ¶ 23. This included advertising "heavily focused on energy savings" to get consumers to obtain appointments with PHS/PE salespersons. *Id.,* ¶ 24. The pitch "in many cases" utilized a "tablet device" to help close the sale. *Id.,* ¶¶ 25-26. Plaintiffs contend that "Defendant Waller was personally responsible for both the development and administration of these intentionally misleading training techniques." ECF No. 1, PageID 6. ¶ 32. The Complaint quotes him as stating that he "started running the sales department and training reps" himself. *Id.* ¶ 34. Plaintiffs thus improperly seek to hale Trivest and TGIFPHI into court for actions allegedly taken by a third party—PHS/PE or Defendant Waller. *See Dean*, 134 F.3d at 1274.

Additionally, Plaintiffs' allegations of Trivest's and TGIFPHI's involvement in marketing and advertising bear no connection to Michigan. They are merely generic allegations of a company-wide marketing strategy which may have

9

ultimately reached Michigan consumers.  That is too attenuated.  *See, e.g.*, *Means v. U.S. Conf. of Cath. Bishops,* 836 F.3d 643, 649-51 (6th Cir. 2016) (finding lack of substantial connection where national group promulgated directives intended to be implemented in all institutions including those in Michigan).

### b. Any alleged harm to Plaintiffs does not stem from Trivest's or TGIFPHI's in-forum activities.

To satisfy due process, "plaintiff's cause of action must be proximately caused by the defendant's contacts *with the forum state*."  *Beydoun*, 768 F.3d at 507-08 (emphasis added).  To be a proximate cause, "the [alleged] conduct must have been a cause of the plaintiff's injury and the plaintiff's injury must have been the natural and probable result of the [alleged] conduct."  *Means*, 836 F.3d at 642.

As discussed above, Trivest and TGIFPHI are not alleged to have performed any activities in any specific forum at all—much less any in-forum activities.  Thus, no harm could have resulted therefrom.  *See Dean*, 134 F.3d at 1275 (declining to analyze whether claims arose from defendant's contact with forum and stating that plaintiff failed to provide evidence of "any activities" by defendant in forum).

Moreover, any action by Trivest and TGIFPHI could not have proximately caused any harm to Plaintiffs.  The only non-conclusory allegations related to Trivest and TGIFPHI relate to purchasing a minority stake in PHS/PE.  *E.g.* ECF No. 1, PageID 10, ⁋ 62.  It strains reason that the "natural" and "probable" result of an investment would result in harm to Plaintiffs.  Indeed, the alleged proximate cause

10

of Plaintiffs' injury is more fairly characterized as an allegedly fraudulent marketing campaign. But Trivest and TGIFPHI did not advertise home solar panels. PHS/PE did. *See, e.g.*, ECF No. 1, PageID 12, ⁋ 73. Trivest and TGIFPHI didn't sell Plaintiffs the systems. PHS/PE did. ECF No. 1, PageID 21-22, ⁋⁋ 90-92 . Trivest and TGIFPHI didn't finance the sale of the systems. Third parties did. ECF No. 1, PageID 21-22, ⁋⁋ 90-92.

Even so, the Complaint remains silent on the connection between the alleged advertising by PHS/PE and Michigan. Plaintiffs provide "[e]xamples of [PHS/PE's] thousands of misleading advertisements." ECF No. 1, PageID 12-19, ⁋ 78. Many do not identify a locality. *See id.* For those that do, none are in Michigan, but rather North Carolina. *Id.* So not only does the Complaint fail to link any action by Trivest and TGIFPHI to Michigan, so too does it fail to link *any* action to Michigan whatsoever. In short, it fails the proximate causation requirement not once but twice.

Plaintiffs' citation to an Inc.com article that states that Trivest "worked with the Powerhome team to optimize the customer journey from beginning to end, starting with the moment a potential client sees an advertisement and all the way through post-installation follow-ups" is similarly unavailing. ECF No. 1, PageID 11, ⁋ 67. The allegation (by way of quotation of an article) is simply that Trivest worked with PHS/PE. It says nothing related to any alleged harm to Plaintiffs, nothing related to Michigan, and nothing showing any substantial connection to

46982058.1

Michigan to satisfy due process. *See Dean*, 134 F.3d at 1274; *Odish*, 2015 WL 1119951, at *14 (stating that "conclusory allegations" that may have "had some effect in Michigan" are insufficient to satisfy due process requirements).

### c. The lack of connection to Michigan would make exercise of jurisdiction unreasonable.

The final assessment is whether the connection with Michigan is substantial enough that exercising jurisdiction would be reasonable. *See ABG Prime Grp., LLC*, 326 F. Supp. 3d at 503. As discussed above, the only Michigan-specific facts alleged are that Plaintiffs are Michiganders which, standing alone, is insufficient to meet due process requirements as to Trivest and TGIFPHI. Thus, there is no connection with Michigan, much less any substantial one, such that exercising jurisdiction as to Trivest and TGIFPHI would be reasonable here.

### 2. The Long-Arm Statute Does Not Reach Trivest or TGIFPHI.

Michigan's long-arm statute allows for personal jurisdiction in several limited circumstances. *See* Mich. Stat. Ann. § 600.715. This includes transacting business within the state or engaging in tortious conduct within the state. *See id.*[4] However, the claims must arise from or relate to those contacts set forth in the statute. *Odish*, 2015 WL 1119951, at *12. As described above, there is no forum-based conduct of Trivest or TGIFPHI. Thus, Michigan's long-arm statute cannot reach them.

---

[4] Several other bases exist that do not appear to be at issue here. If Plaintiffs assert that they are, Trivest and TGIFPHI reserve their right to challenge such bases.

## II.   The Court should dismiss Plaintiffs' Complaint under Rule 12(b)(6).

### A. Legal Standard.

The Court may dismiss a claim when the plaintiff fails to plead facts on which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Facial plausibility exists where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zakora v. Chrisman*, 44 F.4th 452, 464 (6th Cir. 2022).  This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Wamer v. University of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022).

Fraud must be pleaded with particularity.  Fed. R. Civ. P. 9(b).  At a minimum, this requires identification of "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 504 (6th Cir. 2007).

### B. Plaintiffs fail to state RICO claims.

#### 1.   Plaintiffs fail to allege any RICO violation with particularity.

Plaintiffs must plead predicate RICO violations with particularity.  *See Gotham Print, Inc. v. Am. Speedy Printing Ctrs., Inc.*, 863 F. Supp. 447, 457-58

(E.D. Mich. 1994) (stating that courts have "repeatedly held" that predicate acts of mail and wire fraud must be pleaded with particularity). Without particularity, neither the defendant nor the court can determine whether or not a pattern of racketeering activity has been established. *Est. of Wyatt v. WAMU/JP Morgan Chase Bank*, 2012 WL 933289, *6 (E.D. Mich. Mar. 20, 2012).

A plaintiff must plead the "time, place, subject matter and the precise individuals who, through the use of the mails or telephone, made the purportedly fraudulent statements." *Gotham Print, Inc.*, 863 F. Supp. at 457-58. This also requires specific allegations "as to *which* defendant caused *what* to be mailed . . . and *when* and *how* each mailing . . . furthered the fraudulent scheme." *Id.* at 458. Plaintiffs fail to do so here.

Plaintiffs allege in conclusory fashion that "Trivest and TGIF[PHI] committed countless acts of mail and wire fraud through PHS/PE by causing it to send out false, misleading, and fraudulent advertisements, communications, training materials, and instructions through the mails and wires (by internet, telephone, and/or fax) as alleged herein." ECF No. 1, PageID 12, ℗ 72. All subsequent references to mail or wire fraud simply accuse "Defendants" of committing such acts without differentiating among the Defendants at all. *See* ECF No. 1, PageID 29-33, ℗℗ 135, 136, 142, 143, 144, 152, 153.) These are hardly particular to Trivest or TGIFPHI.

Likewise, while there are general references to "advertising materials," *id.* ℗

135, the Complaint does not actually specify what "advertising material" was sent, who sent it, when they sent it, or on what advertising material Plaintiff may have relied, *see Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984) (upholding dismissal of RICO claims where plaintiff failed to plead with specificity the particular persons who made the fraudulent statement upon which he relied).  No dates accompany these accusations—at best, Plaintiffs claim this wire and mail fraud occurred "on a monthly basis over more than four years."  These are all insufficient, conclusory allegations that courts in this district typically reject.  *See, e.g., Thomas v. Daneshgari*, 997 F. Supp. 2d 754, 763 (E.D. Mich. 2014) (dismissing RICO claims because "conclusory allegations of mail fraud and wire fraud . . . failed to establish any predicate act upon which to base a RICO claim").

Plaintiffs' Complaint fails to plead *any* predicate RICO violation with particularity whatsoever.  RICO claims are serious accusations of criminal activity, and thus "[n]ot every deceptive practice and unfair business practice is a RICO violation." *Ray v Spirit Airlines, Inc.*, 126 F. Supp. 3d 1332, 133-34 (S.D. Fla. 2015). This Court recognizes that principle and has admonished litigants to carefully consider bringing these claims in conformance with Rule 11 obligations.  *See, e.g.*, *Franklyn v. Fed. Nat'l Mortg. Ass'n*, 2015 WL 74673, at * (E.D. Mich. Jan. 6, 2015) (Michelson, J.) (dismissing RICO claims while giving leave to amend "if [plaintiff] believes, pursuant to Federal Rule of Civil Procedure 11, that the facts of this case

15

warrant allegations of racketeering activity"); *see also* Sample Order for Case Statement (requiring plaintiff to provide information in response to 19 paragraphs with 17 additional subparts "[t]o ensure compliance with Federal Rule of Civil Procedure 11").[5]

Moreover, the Sixth Circuit has made clear that a RICO claim involving mail fraud requires intentional deception. *See Bender*, 749 F.2d at 1215-16. And while intent "may be averred generally," it still must be averred. *Id.* Plaintiffs' allegations here make no mention of intentionality. *See* ECF No. 1, PageID28-33, ¶¶ 125-154.

### 2. Plaintiffs lack RICO standing.

Plaintiffs' RICO claims also fail for lack of standing. The RICO statute restricts standing to bring a civil action to a "person injured in his business or property *by reason of* a [RICO] violation." 18 U.S.C. § 1964(c) (emphasis added). It is well-settled that the language "by reason of" makes proximate cause an essential ingredient of any civil RICO claim. *See Holmes v. Sec. Inv. Prot. Corp.,* 503 U.S. 258, 268 (1992). The "central question" for proximate causation is "whether the alleged violation led directly to plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006). "But for" causation is insufficient. *Id.* at 456-57.

Plaintiffs have failed to allege proximate causation here against Trivest and TGIFPHI. The alleged proximate causes of Plaintiffs' injuries were

---

[5] https://www.mied.uscourts.gov/pdffiles/CohnRICOcasestatement.pdf

misrepresentations made by PHS/PE through its advertising, ECF No. 1, PageID 21-22, ¶¶ 90-92), not any investment by Trivest or TGIFPHI.  At best, "but for" the investment, PHS/PE might not have been able to make those advertisements.  But that is insufficient to meet the proximate cause requirement.  *Anza*, 547 U.S. at 456-57; *see, e.g.*, *Doe v. Trump Corp.*, 385 F. Supp. 3d 265, 279 (S.D.N.Y 2019) (dismissing RICO claims for lack of proximate causation because allegations of "fraudulent promotion and endorsement" amounted to "but for" causation only).

### 3.     Plaintiffs' claims under 18 U.S.C. § 1962(a) fail.

Plaintiffs' only theory of injury under § 1962(a) is that they were harmed because "Defendant PHS/PE used . . . ill-gotten revenues to expand their operations and continue spreading their scheme throughout the United States, while PHS/PE's significantly[-]increased valuation and soaring profits led to substantial financial gain for both Waller personally and Trivest professionally."  ECF No. 1, PageID 30, ¶ 138.  These allegations are insufficient to state a claim.

Plaintiffs simply allege reinvestment of ill-gotten gains.  But "a reinvestment theory, without allegations of distinct harm from that reinvestment, will not support a § 1962(a) count."  *See Thiss v. A.O. Smith Corp*., 1993 WL 771013, *7 (W.D. Mich. June 29, 1993).  Otherwise, "almost every pattern of racketeering activity by a corporation would be actionable under § 1962(a), and the distinction between § 1962(a) and § 1962(c) would become meaningless."  *In re Nat'l Prescription Opiate*

*Litig*., 452 F. Supp. 3d 745, 772 (N.D. Ohio 2020).

Plaintiffs also fail to allege that any tainted funds were invested by Trivest or TGIFPHI.  "The gravamen of a Section 1962(a) claim is an injury *directly* related to the investment or use of tainted money in the enterprise; Section 1962(a) is *not* applicable to injury from the racketeering activity itself."  *Berent v. Kemper Corp*., 780 F. Supp. 431, 446 (E.D. Mich. 1991), *aff'd*, 973 F.2d 1291 (6th Cir. 1992).

Accordingly, claims under § 1962(a) must be dismissed.

### 4.    Plaintiffs' claims under 18 U.S.C. § 1962(c) fail.

RICO claims under § 1962(c) must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  18 U.S.C. § 1962(c).  To satisfy the enterprise requirement, plaintiffs must allege sufficient facts demonstrating that such an enterprise is distinct from itself, which is lacking here.

Plaintiffs allege that all defendants were at least part owners of PHS/PE.  But "an organization cannot join with its own members to undertake regular corporate activity and thereby become an enterprise distinct from itself."  *Begala v. PHC Bank, Ohio Nat'l Ass'n*, 214 F. 3d 776, 781 (6th Cir. 2000).  Indeed, a plaintiff cannot satisfy this requirement by alleging a RICO enterprise that "merely consists of a corporate defendant associated with its own employees carrying on the regular affairs of the defendant."  *Manhattan Tele. Corp. v. DialAmerica Mktg., Inc.*, 156 F. Supp. 2d 376, 381 (S.D.N.Y. 2001); *see also Ray*, 126 F. Supp. 3d at 1344 (stating

that "obvious alternative explanation" to allegations was that defendant "engaged in routine business activities with consultants and agents" and "[w]ithout more" court could not "infer that these entities constituted a distinct racketeering enterprise.").

Moreover, as detailed above, Plaintiffs have failed to sufficiently allege a pattern of racketeering activity because they have not sufficiently pleaded any predicate RICO acts. Plaintiffs make no specific allegations supporting any claim of mail fraud. Nor do they make specific allegations about any wire fraud.

### 5. Plaintiffs' claims under 18 U.S.C. § 1962(d) fail.

Section 1962(d) makes it unlawful for any person to conspire to violate RICO's criminal prohibitions. 18 U.S.C. § 1962(d). "To state a RICO conspiracy claim, the plaintiff must successfully allege all the elements of a RICO violation, as well as allege the existence of an illicit agreement to violate the substantive RICO provision." *Am. Biocare, Inc. v. Howard & Howard Att'ys, PLLC*, 2016 WL 5661583, *12 (E.D. Mich. Sept. 30, 2016), *aff'd,* 702 F. App'x 416 (6th Cir. 2017). Where Plaintiffs fail to make a claim for a violation of RICO, they have no claim under Section 1962(d). *Id.* As discussed above, Plaintiffs have not pleaded any cognizable RICO violation. Thus, they cannot proceed on any conspiracy claim.

### C. Plaintiffs fail to state a claim under the MCPA.

#### 1. The economic loss doctrine bars Plaintiffs' MCPA claims.

The economic loss doctrine "provides that where a purchaser's

expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only economic losses." *Neibarger v. Universal Cooperatives, Inc.*, 486 N.W.2d 612, 615 (Mich. 1992). It applies to "transactions involving the sale of goods for commercial purposes where economic expectations are protected by commercial and contract law." *Id.* The only requirement is that the consumer's "economic expectations were frustrated because the [product] allegedly did not work properly." *Snyder v. Boston Whaler, Inc.*, 892 F. Supp. 955, 960-61 (W.D. Mich. 1994) (economic loss doctrine barred tort claims alleging that a purchased "boat did not work as it was supposed to work"). It applies to the MCPA. *See Murphy v. The Proctor & Gamble Co.*, 695 F. Supp. 2d 600, 606 n.3 (E.D. Mich. 2010) (stating that "underlying rationale" of doctrine applied to MCPA).

For example, in *Snyder v. Boston Whaler, Inc.*, plaintiff pursued claims related to his purchase of a boat billed as "unsinkable." 892 F. Supp. at 957-58. In fact, the boat did sink. *Id.* As the Western District of Michigan explained, the economic loss rule barred those claims because, at bottom, plaintiff's claims arose because "the boat did not work as it was supposed to work." *Id.* at 961.

This case is analogous to those cases barring MCPA claims under the economic loss doctrine. Each Plaintiff here explicitly claims that he or she was "deceived by PHS/PE's misrepresentations about the expected production and

46982058.1

functionality of [his or her] system, which has not provided any significant benefit whatsoever." ECF No. 1, PageID 21, ¶¶ 90-92. Put differently, Plaintiffs' systems are not living up to their alleged billing. That is classic disappointment in the product's performance that the economic loss rule bars.

This Court should therefore dismiss Plaintiffs' claims under the MCPA.

### 2.   The safe harbor provision of the MCPA bars Plaintiffs' claims.

The MCPA does not apply to a "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." M.C.L. § 445.904(1)(a). This is a "broad exemption" that applies if "the *general transaction* is specifically authorized by law, regardless of whether the *specific misconduct* alleged is prohibited." *Smith v. Globe Life Insurance Co.*, 597 N.W.2d 28, 38 (Mich. 1999) (emphasis added). The safe harbor applies so long as the general transaction is permitted. *See Liss v. Lewiston-Richards, Inc.*, 732 N.W.2d 514, 520 (Mich. 2007).

The "relevant inquiry is not whether the specific misconduct alleged by the plaintiffs is specifically authorized." *Smith*, 597 N.W.2d at 38. The MCPA's "general transaction" exemption focuses not on the particularly challenged conduct *within* the transaction, but *whether the transaction itself is subject to regulation*. *Id.* The inquiry is thus not whether regulations prohibit or authorize Plaintiffs' various theories of wrongful conduct, but the general transaction of selling home solar

systems.  *See, e.g.*, *Hanning v. Homecomings Financial Networks, Inc.*, 436 F. Supp. 2d 865, 869 (W.D. Mich. 2006) (MCPA exempts licensed mortgage lenders' actions during the general transaction of mortgage writing); *Liss*, 732 N.W.2d at 520 (MCPA exempts residential home builders' actions during the general transaction of contracting to build a residential home).

Renewable energy and solar systems, including transactions for home solar systems, are subject to regulation in Michigan.  *See, e.g.,* M.C.L. § 460.1001 et. seq. (regulations discussing renewable energy); M.C.L. § 211.7h; M.C.L. § 207.821 et seq. In fact, the use of renewable energy is not only authorized by law, but also encouraged.  *See* M.C.L. § 460.1039.  Michigan offers renewable energy credits to owners of renewable energy systems.  *See id.*

## III.   Plaintiffs' Complaint should be dismissed under Rule 12(b)(7).

### A. Legal Standard.

Rule 12(b)(7) permits dismissal for failure to join a required party under Fed. R. Civ. P. 19.  *See* Fed. R. Civ. P. 12(b)(7).  "Rule 19 provides a three-step analysis to determine whether a party must be joined."  *O'Mara v. Cmty. Mental Health of Washtenaw Cnty.*, 2022 WL 6581110, *2 (E.D. Mich. Aug. 8, 2022), *report and recommendation adopted*, 2022 WL 4355140 (E.D. Mich. Sept. 19, 2022).  "*First*, the Court should determine whether a party who is not joined is a necessary party that should be joined if possible, based on the requirements outlined in Rule 19(a)."

*Id.* "*Second*, if deemed a necessary party, the Court should determine whether the party is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction." *Id.* "*Third*, if a party cannot feasibly be joined, the Court then analyzes the Rule 19(b) factors to determine whether the case should be dismissed without the omitted party as the final step." *Id.*

**B. PHS/PE is a necessary party**.

Despite mentioning PHS/PE more than ninety times in their Complaint, Plaintiffs failed to join PHS/PE. This failure is fatal to Plaintiffs' claims because it is clear that PHS/PE is a necessary and indispensable party to this action.

A party is necessary if,

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may; (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Trivest and TGIFPHI satisfy each factor under Rule 19(a) because PHS/PE is central to all allegations in Plaintiffs' Complaint. Entire sections in Plaintiffs' Complaint focus primarily on PHS/PE. ECF No. 1, PageID 12-20, ¶¶ 73-82 (allegations under a section titled "PHS/PE's Relentless Fraudulent Advertising"). Plaintiffs also allege that PHS/PE and the named Defendants acted in "concert" to

fraudulently conceal information from Plaintiffs.  *Id.* ¶ 105. Tellingly, many others who pursue claims related to their purchases from PHS/PE have actually named PHS/PE as a defendant.  *See, e.g.*, *Hutzell et al. v. Power Home Solar, LLC et al.*, Case. No. 2:22cv2930 (S.D. Ohio) (lead case for eleven consolidated actions).

Moreover, PHS/PE is not a citizen of Michigan.  It is incorporated under Delaware law and maintains its principal place of business in North Carolina.  (*See* Secretary of State Filing, attached as Exhibit 2.)  But unlike Trivest and TGIFPHI, PHS/PE is alleged to have operated within Michigan when it advertised to and sold Plaintiffs their systems.  *See, e.g.*, ECF No. 1, PageIDs 12, 21-22, ¶¶ 73, 90-92.

### C. Equity and good conscience compel dismissal.

Failing to join PHS/PE requires dismissal under Rule 12(b)(7).  Those factors that courts consider for Rule 19(b) dismissal "in equity and good conscience" underscore this requirement. *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004).  A "judgment rendered in [PHS/PE's] absence might prejudice that person or existing parties."  Fed. R. Civ. P. 19(b)(1).  If this case proceeds without PHS/PE, the allegations placing PHS/PE at the center of this dispute create a risk of parallel litigation and conflicting or unfair obligations.  *See Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 110 (1968) (a defendant may properly seek dismissal for failure to join a necessary party to avoid multiple litigation, inconsistent relief, or sole responsibility).

24

Similarly, proceeding without PHS/PE may prejudice PHS/PE.   And

proceeding without PHS/PE would significantly prejudice Trivest and TGIFPHI.

Thus, the Court should dismiss Plaintiffs' Complaint under Rule 12(b)(7).

### CONCLUSION

The Court should dismiss Plaintiffs' claims against Trivest and TGIFPHI with

prejudice.

Dated: February 15, 2023

**HONIGMAN LLP**                                    **MCGUIREWOODS LLP**

By: */s/ Benjamin J. VanderWerp*                    R. Trent Taylor
E. Todd Sable (P54956)                              Gateway Plaza
Robert M. Riley (P72290)                            800 East Canal Street
Benjamin J. VanderWerp (P84614)                     Richmond, VA 23219-3916
2290 First National Building                        (804) 775-1182
660 Woodward Avenue                                 rtaylor@mcguirewoods.com
Detroit, MI 48226-3506
(313) 465-7548
bvanderwerp@honigman.com
tsable@honigman.com
rriley@honigman.com

25

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2023, I electronically filed the forgoing with the Clerk of Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

By: *_/s/ Benjamin J. VanderWerp_*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AARON HALL, KATHERINE GLOD, and JEFFREY BINDER, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TRIVEST PARTNERS L.P., TGIF POWER HOME INVESTOR, LLC, and WILLIAM JAYSON WALLER ,<br><br>　　　　Defendant(s). | Case No. 4:22-cv-12743-LJM-CI<br>Honorable Laurie J. Michelson |

## BRIEF FORMAT CERTIFICATION FORM

I, Benjamin J. VanderWerp, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

46982156.1

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

/s/ *Benjamin J. VanderWerp*
Dated: February 15, 2023

46982156.1