# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AARON HALL, KATHERINE GLOD, and
JEFFREY BINDER, on behalf of
themselves and all others similarly situated,

               Plaintiff

vs

TRIVEST PARTNERS L.P., TGIF POWER
HOME INVESTOR, LLC, and WILLIAM
JAYSON WALLER

               Defendants

**Case No.: 4:22-cv-12743-LJM-CI**

**Honorable F. Kay Behm**
**Honorable Curtis Ivy, Jr.**

_____

# DEFENDANTS TRIVEST PARTNERS L.P. AND TGIF POWER HOME INVESTOR, LLC'S REPLY IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Plaintiffs' response to the Motion to Dismiss confirms that this Court should dismiss Plaintiffs' claims against Trivest Partners L.P. ("Trivest") and TGIF Power Home Investor, LLC ("TGIFPHI").

**ARGUMENT**

**I.      Plaintiffs' reliance on RICO nationwide service is misplaced.**

Plaintiffs have conceded that this Court cannot exercise personal jurisdiction over Trivest and TGIFPHI under a traditional analysis. They make no effort to advance any argument that general jurisdiction exists. Nor do they have any answer for *Dean v. Motel 6 Operating L.P.*

Acknowledging this, Plaintiffs attempt an end-run around their jurisdictional hurdles by claiming that this Court can hale Trivest and TGIFPHI into court under RICO. But both the case law and argument advanced by Plaintiffs are inapposite.

Plaintiffs contend that under certain circumstances, RICO jurisdiction may exist over every defendant if jurisdiction exists over a single defendant. ECF No. 18, PageID.167-70. True. *See Peters Broadcast Eng'g, Inc. v. 24 Capital, LLC*, 40 F.4th 432, 440 (6th Cir. 2022) (quoted by ECF No. 18, PageID.167). But the test requires more than just jurisdiction over a single defendant. *See id.* It also requires a showing that no other jurisdiction can host the litigation and that the "ends of

justice" so require exercising jurisdiction.[1]  *Id.*

But a plaintiff cannot satisfy this "ends of justice" requirement by simply bringing a RICO claim in a complaint.  That is because RICO's "first preference . . . is to bring the action where suits are normally expected to be brought." *E & M Props., Inc. v. Razorgator, Inc.*, 2008 WL 1837261, at *7 (E.D. Mich. Apr. 23, 2008).  This is to prevent "haling defendants into far flung fora." *Id.*

For this reason, "[w]hether a plaintiff can rely on the nationwide service provisions of a federal statute '[d]epends upon whether [he] has adequately stated a claim' for violation of that statute." *Prakash v. Altadis U.S.A. Inc.*, 2012 WL 1109918, at *16 (N.D. Ohio Mar. 30, 2012) (citations omitted) (alterations in original) (dismissing for lack of personal jurisdiction where plaintiff failed to state plausible RICO claim).  Understandably, the ends of justice are not served where personal jurisdiction is based on inadequately pleaded RICO claims. *E & M Props., Inc.*, 2008 WL 1837261, at *8.  Courts throughout the country have followed this

---

[1] Plaintiffs contend that there is "no suggestion or indication that Defendant Waller could be subject to personal jurisdiction" in Florida, where Trivest and TGIFPHI would be.  ECF No. 18, PageID.169.  Not so.  Plaintiffs claim that specific personal jurisdiction exists over Defendant Waller in Michigan because he "personally transacted business within Michigan *through* PHS/PE and caused consequences within the state resulting in an action for tort." *Id.* (emphasis added).  But the same argument would apply in Florida given that Plaintiffs assert a nationwide class, and that PHS/PE was registered to do business in Florida in the relevant time period, *see* Exhibit 1, which this Court may take judicial notice of, *Doss v. Corizon, Inc.*, 2022 WL 13475138, at *1 & n.1 (W.D. Mich. Oct. 21, 2022).  Thus, Plaintiffs' "no other court" argument holds no water.

2

47408632.1

approach. *See, e.g.*, *Pop Test Corisol, LLC v. Univ. of Chicago*, 2015 WL 3822237, at *4-5 (D.N.J. June 18, 2015) (dismissing for lack of personal jurisdiction because there was no plausible RICO claim); *Williams v. D. Richey Mgmt. Corp.*, 1988 WL 8983, at *2 (N.D. Ill. Jan. 28, 1988) (similar).

And as explained in more detail below, Plaintiffs have failed to plead any viable RICO claim. *See* Section II. Thus, RICO's nationwide service provision does not serve as a lifeline to Plaintiffs' fledgling personal jurisdiction argument.

## II. Plaintiffs' Response fails to save their RICO claim.

First, Plaintiffs barely respond to the argument that they have failed to specifically connect their allegations to Trivest and TGIFPHI. Instead, they just state that "Plaintiffs have alleged that Defendants entered into a scheme to defraud in which the mails and wires were used, and that Plaintiffs were injured as a proximate result of that scheme. No more and no less is required." ECF No. 18, PageID.175. Plaintiffs ask this Court to hold that RICO is so expansive that any conclusory-pled link, no matter how tangential, between Trivest, TGIFPHI, and PHS/PE is enough to not only exercise personal jurisdiction over Trivest and TGIFPHI but to hold them liable.

Not so. Plaintiffs are required to plead what specific actions Trivest and TGIFPHI took that plausibly led to Plaintiffs' injury. They have not done so. Plaintiffs do not allege that these two Defendants *actually* committed any predicate

3

acts. *See Kerrigan v. Visalus, Inc.*, 2016 WL 892804, at *3 (E.D. Mich. Mar. 9, 2016) (to state 1962(c) claim against any defendant, plaintiff must sufficiently allege that defendant "actually committed two predicate acts"). Allegations in passive voice that Defendants *caused* the use of the mails or wires will not suffice. *See id*. Further, even though Plaintiffs argue that they need not plead reliance, ECF No. 18, PageID.171, "Plaintiffs still need to plead some direct relation between the injury asserted and the injurious conduct alleged," *Kerrigan*, 2016 WL 892804, at *7. Plaintiffs have failed to do so as it relates to Trivest and TGIFPHI. The link between Trivest and TGIFPHI's investment in PHS/PE and Plaintiffs' alleged injuries is too attenuated to satisfy RICO's causal connection requirement. *Id.* Plaintiffs thus fail to state a RICO claim here.

Second, all of Plaintiffs' RICO claims fail for lack of particularity. As explained by Trivest and TGIFPHI, this requires that Plaintiffs plead "*which* defendant caused *what* to be mailed . . . and *when* and *how* each mailing . . . furthered the fraudulent scheme." ECF No. 17, PageID.134 (quoting *Gotham Print, Inc. v. Am. Speedy Printing Ctrs., Inc.*, 863 F. Supp. 447, 457-58 (E.D. Mich. 1994)). As noted above, there is no particularity in the Complaint at all as to Trivest and TGIFPHI. Plaintiffs' only rejoinder is that it pled particularity as to PHS/PE and that this is enough. Once again, not so. Plaintiff must connect Trivest and TGIFPHI to PHS/PE's actions in more than conclusory fashion to clear the pleading bar. They

have not done so here.

In addition, Plaintiffs identify no specific date whatsoever as to *when* any predicate act was allegedly committed. Instead, Plaintiffs take the position that these predicate acts occurred "uninterrupted through the class period." ECF No. 1, PageID.20, ¶ 82. Plaintiffs should identify a specific date for these predicate RICO acts. But they don't. Because they can't.

Third, Plaintiffs fail to state a claim under 18 U.S.C. § 1962(d). 18 U.S.C. 1962(d) makes it unlawful to conspire to violate either subsection (a), (b), or (c). Plaintiffs do not pursue any subsection (b) claim. Plaintiffs rightfully drop their subsection (a) claims. As explained above, their subsection (c) claims fail due to a failure to connect their allegations to Trivest and TGIFPHI and a lack of particularity. Thus, Plaintiffs do not have a conspiracy claim under § 1962(d).

This simply underscores the point that Trivest and TGIFPHI have made repeatedly, which Plaintiffs have willfully ignored: regardless of merit, they pursue traditional consumer fraud claims. The only reason they invoke RICO is to attempt to rope Trivest and TGIFPHI into the lawsuit inappropriately.

For these reasons, their RICO claims must be dismissed.

### III. Plaintiffs' Response also fails to save their MCPA claim.

First, in an attempt to escape Michigan's broad economic loss rule, Plaintiffs claim that they engaged PHS/PE personnel to provide services—*i.e.*, designing and

5

47408632.1

installing their array of solar panels. But the allegations in the Complaint belie that.

At issue is the sale of solar systems. The thrust of Plaintiffs' claims is that salespersons sold a "junk" system to each Plaintiff that "has not provided any significant benefit whatsoever despite costing tens of thousands of dollars." ECF No. 1, PageID.21-22, ¶¶ 90-92. They complain that their systems are "not functioning as they were supposed to." *Id.* ¶ 93. They do not seek recovery for the failure in design, just for the failure of the product. Notably, the class definition does not mention services at all; it includes all persons "who purchased a home solar system." *Id.* ¶ 116. It is clear that the Complaint focuses on the acquisition of goods rather than services.

Second, the MCPA's safe harbor provision does apply. Plaintiffs in their Response apply the wrong standard. They state that "[t]he general transaction of designing, selling, and/or installing a residential solar system is not specifically authorized by Michigan law." ECF No. 18, Page ID.180. Yet, "the relevant inquiry [under the MCPA safe harbor statute] is not whether the specific misconduct alleged by the plaintiffs is specifically authorized." *Smith v. Globe Life Ins. Co.*, 597 N.W.2d 28, 38 (Mich. 1999). It is whether the transaction itself is subject to regulation. And Trivest and TGIFPHI list at least four statutes that regulate the transaction. Plaintiffs have no response to this.

6

**IV.   Plaintiffs fail to explain why Rule 12(b)(7) does not compel dismissal.**

Plaintiffs concede that "PHS/PE could readily be joined to this case because it arises out of PHS/PE's business activities in Michigan." ECF No. 18, PageID.181. But they did not do so despite their Complaint's focus being almost entirely on PHS/PE. Plaintiffs argue that there is no reason why this Court could not accord complete relief among existing parties in the absence of PHS/PE. Not true. Moving forward without PHS/PE creates a significant risk of parallel litigation and inconsistent relief, especially given that other, similar cases have named PHS/PE as a defendant. ECF No. 17, PageID.144.

## CONCLUSION

The Court should dismiss Plaintiffs' claims against Trivest and TGIFPHI with prejudice.

Dated:  March 22, 2023

| | |
|---|---|
| **HONIGMAN LLP** | **MCGUIREWOODS LLP** |
| By:  */s/ Benjamin J. VanderWerp*<br>E. Todd Sable (P54956)<br>Robert M. Riley (P72290)<br>Benjamin J. VanderWerp (P84614)<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226-3506<br>(313) 465-7548<br>bvanderwerp@honigman.com<br>tsable@honigman.com<br>rriley@honigman.com | R. Trent Taylor<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, VA 23219-3916<br>(804) 775-1182<br>rtaylor@mcguirewoods.com |

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023, I electronically filed the forgoing with the Clerk of Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

By: */s/ Benjamin J. VanderWerp*