## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AARON HALL, KATHERINE GLOD, and
JEFFREY BINDER, on behalf of
themselves and all others similarly situated,

**Case No.: 4:22-cv-12743-LJM-CI**

Plaintiff

**Honorable F. Kay Behm**
**Honorable Curtis Ivy, Jr.**

vs

TRIVEST PARTNERS L.P., TGIF POWER
HOME INVESTOR, LLC, and WILLIAM
JAYSON WALLER

Defendants

_____

## DEFENDANTS TRIVEST PARTNERS, L.P. AND TGIF POWER HOME INVESTOR, LLC'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL THE SEPTEMBER 12, 2023, ORDER

Defendants Trivest Partners, L.P. ("Trivest") and TGIF Power Home Investor, LLC ("TGIG") (collectively "Defendants") move under 28 U.S.C. § 1292(b) for the Court to certify for interlocutory appeal its September 12, 2023, order ("Order"). Defendants conferred with Plaintiffs, and Plaintiffs do not consent to the relief requested.

For the reasons set forth more fully in the accompanying Memorandum in Support, the Court should certify its Order for interlocutory appeal.

1

Dated:  October 10, 2023.            Respectfully submitted,

                                     **McGuireWoods LLP**
                                     By:  */s/ R. Trent Taylor*
                                     R. Trent Taylor
                                     Gateway Plaza
                                     800 East Canal Street
                                     Richmond, VA 23219-3916
                                     (804) 775-1182
                                     rtaylor@mcguirewoods.com
                                     *Counsel for Defendants Trivest and*
                                     *TGIF*

                                     **Honigman LLP**

                                     E. Todd Sable (P54956)
                                     Robert M. Riley (P72290)
                                     Benjamin J. VanderWerp (P84614)
                                     2290 First National Building
                                     660 Woodward Avenue
                                     Detroit, MI 48226-3506
                                     (313) 465-7548
                                     bvanderwerp@honigman.com
                                     tsable@honigman.com
                                     rriley@honigman.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, I electronically filed the forgoing with the Clerk of Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

By:  */s/ R. Trent Taylor*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AARON HALL, KATHERINE GLOD, and
JEFFREY BINDER, on behalf of
themselves and all others similarly situated,

                              Plaintiff

vs

TRIVEST PARTNERS L.P., TGIF POWER
HOME INVESTOR, LLC, and WILLIAM
JAYSON WALLER

                              Defendants

**Case No.: 4:22-cv-12743-LJM-CI**

**Honorable F. Kay Behm**
**Honorable Curtis Ivy, Jr.**

---

## DEFENDANTS TRIVEST PARTNERS, L.P. AND TGIF POWER HOME INVESTOR, LLC'S  MEMORANDUM IN SUPPORT OF THEIR MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL THE SEPTEMBER 12, 2023, ORDER

## TABLE OF CONTENTS

**Page**

Controlling or Most Appropriate Authorities ........................................................... iv

Statement of Issue Presented ..................................................................................... v

INTRODUCTION ......................................................................................................1

STANDARD ...............................................................................................................2

ARGUMENT .............................................................................................................2

      I.      The Order involves a controlling question of law..................................3

      II.     There is substantial ground for difference of opinion. ........................4

      III.    An immediate appeal may materially impact whether and how the litigation proceeds, thus serving the parties' best interests. .................9

CONCLUSION ..........................................................................................................9

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anthony v. Over*,
  2023 WL 6307960 (E.D. Tenn. Sept. 27, 2023)....................................5

*City of Dearborn v. Comcast of Mich. III, Inc.*,
  2008 WL 5084203 (E.D. Mich. Nov. 24, 2008)..................................4

*Enginetec Corp. v. Boutin*,
  2008 WL 11380215 (N.D. Ohio Dec. 5, 2008) ....................................5

*Gilmore v. Jones*,
  2019 WL 4417490 (W.D. Va. Sept. 16, 2019)................................7, 8

*Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota,
  LLC*,
  2015 WL 3915687 ..................................................................................7

*GTE New Media Servs. Inc. v. Ameritech Corp.*,
  44 F. Supp. 2d 313 (D.D.C. 1999)........................................................8

*High Adventure Ministries, Inc. v. Tayloe*,
  309 F. Supp. 3d 461 (W.D. Ky. 2018)...................................................5

*Johnson v. United States*,
  64 F.4th 715 (6th Cir. 2023) ................................................................3

*Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*,
  115 F.3d 1020 (D.C. Cir. 1997)............................................................7

*Kerman v. Chenery Assocs., Inc.*,
  2007 WL 2363283 (W.D. Ky. Aug. 14, 2007).....................................6

*Mest v. Cabot Corp.*,
  2004 WL 1058155 (E.D. Pa. May 10, 2004)........................................4

*In re Miedzianowski*,
  735 F.3d 383 (6th Cir. 2013) ............................................................4, 7

*Newsome v. Young Supply Co.*,
   873 F. Supp. 2d 872 (E.D. Mich. 2012) ................................................................3

*Rafoth v. Nat'l Union Fire Ins. Co.*,
   954 F.2d 1169 (6th Cir. 1992) .......................................................................2, 3

*Reese v. BP Exploration, Inc.*,
   643 F.3d 681 (9th Cir. 2011) ................................................................................4

*Rexam Healthcare Packaging, Inc v. Osiris Med., Inc.*,
   2010 WL 819063 (N.D. Ohio Mar. 9, 2010) ......................................................5

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
   2012 WL 5389674 (D. Minn. Nov. 2, 2012) .......................................................7

*Swint v. Chambers Cty. Comm'n*,
   514 U.S. 35 (1995)................................................................................................2

*In re Trump*,
   874 F.3d 948 (6th Cir. 2017) ..........................................................................3, 9

**Statutes**

18 U.S.C. § 1965(b) ........................................................................1, 3, 5, 8

28 U.S.C. § 1292(b) ....................................................................1, 2, 3, 8, 11

**Other Authorities**

Wright, *Federal Practice & Procedure* § 3930 (3d ed.) ...........................................3

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

- 18 U.S.C. § 1965(b)

- 28 U.S.C. § 1292(b)

**STATEMENT OF ISSUE PRESENTED**

Should this Court certify its September 12, 2023, order denying Defendants Trivest Partners, L.P., and TGIF Power Home Investor's motion to dismiss for interlocutory appeal?

## INTRODUCTION

Defendants Trivest Partners, L.P. and TGIF Power Home Investor, LLC sought dismissal of Plaintiffs' Complaint for lack of personal jurisdiction over both Defendants in this forum under 18 U.S.C. § 1965(b).  The Court's September 12, 2023 order ("Order") denied Defendants' request.  Relevant to this motion, the Order disagreed with Defendants' argument that Plaintiffs cannot satisfy the "ends of justice" requirement under 18 U.S.C. § 1965(b) because Plaintiffs have not adequately pleaded a RICO claim and have failed to show that no other district can host the litigation.  *See* ECF No. 20, PageIDs 191-93.  This Court acknowledged that there is a circuit split on whether 18 U.S.C. § 1965(b) requires Plaintiffs to show that no other district can host the litigation, and that the Sixth Circuit has yet to weigh in on the parameters of the term "[ends] of justice."  ECF No. 32, PageIDs 301-05.  After acknowledging the circuit split on the issue, this Court noted that it "will follow the Tenth Circuit standard," and subsequently denied Defendants' motion to dismiss.  *Id.* at PageID 304.  Defendants now ask the Court to certify the Order for interlocutory appeal because it satisfies 28 U.S.C. § 1292(b).

*First*, the Order involves a controlling question of law, that is, whether the term "interests of justice" as used in 18 U.S.C. § 1965(b) requires a RICO plaintiff to show that there is no other district that would have personal jurisdiction over all defendants.  *Second*, there is substantial ground for difference of opinion on the legal

issue Defendants seek to appeal in the Order—an issue which lacks clear, on-point, controlling authority, but which has caused a split in cases in other circuits and among district courts here in the Sixth Circuit.  *Third*, appellate resolution of that question may materially advance the ultimate termination of the litigation.

For these reasons and those below, the Court should certify the Order for interlocutory review.

## STANDARD

This Court has authority to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b).  Doing so gives the Sixth Circuit the option to accept the appeal and resolve important legal issues that may end the case or significantly narrow the scope of litigation, thus making the process of discovery and trial more efficient. *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995).

A district court should certify an interlocutory appeal when:

(1) a controlling legal question is involved; (2) there is substantial ground for difference of opinion regarding it; and (3) an immediate appeal would materially advance the litigation's ultimate termination.

*Rafoth v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 (6th Cir. 1992).

## ARGUMENT

The Order satisfies the elements for interlocutory review under 28 U.S.C. § 1292(b).  The Court should grant Defendants' motion.

## I.     The Order involves a controlling question of law.

The Sixth Circuit has "set a low bar for a determination that a question of law is 'controlling' in the context of a motion for certification under § 1292(b)." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 875–76 (E.D. Mich. 2012). "[T]he resolution of an issue need not necessarily terminate an action or have precedential value for a number of pending cases to be controlling." *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n. 8 (6th Cir. 1992).  Rather, "all that must be shown in order for a question to be controlling is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Id.*; *see also* Wright, *Federal Practice & Procedure* § 3930 (3d ed.) ("A steadily growing number of decisions . . . have accepted the better view that a question is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants.").

Defendants' interlocutory appeal centers on the Court's construction of the statutory phrase "interests of justice" in 18 U.S.C. § 1965(b).  An issue of "statutory interpretation is a question of law." *Johnson v. United States*, 64 F.4th 715, 721 (6th Cir. 2023).  That question of law is controlling as to this litigation generally "because [its] resolution could materially affect the outcome of the case." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017).  And that question of law was controlling as to the

3

Order specifically because it was a key analytical point in resolving Defendants'
motion to dismiss.  *See* ECF No. 32, PageIDs 301-05.  This element is satisfied.

## II.    There is substantial ground for difference of opinion.

A substantial ground for difference of opinion exists when:

(1) the question is difficult, novel and either a question on which there
is little precedent or one whose correct resolution is not substantially
guided by previous decisions; (2) the question is difficult and of first
impression; (3) a difference of opinion exists within the controlling
circuit; or (4) the circuits are split on the question.

*In re Miedzianowski,* 735 F.3d 383, 384 (6th Cir. 2013); *see also City of Dearborn
v. Comcast of Mich. III, Inc.*, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008)
(same). "A substantial ground for difference of opinion exists where reasonable
jurists might disagree on an issue's resolution, not merely where they have already
disagreed." *Reese v. BP Exploration, Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

For this analysis, the Court need not hold that the Order was wrong.  The
Court can remain "confident that the Order is correct" yet still certify the Order for
interlocutory appeal if "substantial ground for difference of opinion as to its
correctness exists."  *Mest v. Cabot Corp.*, 2004 WL 1058155, *2 (E.D. Pa. May 10,
2004).

Here, there is a mountain of evidence supporting the "substantial ground for
difference of opinion" prong.

4

**Circuit split.**  As the Court recognized, there is a circuit split regarding the operative language for exercising personal jurisdiction over alleged RICO co-conspirators. ECF No. 32, PageIDs 301-05.

**Split between district courts in this Circuit.**  In addition to the circuit split, there is a split between courts within the Sixth Circuit on the parameters of the "ends of justice" language in 18 U.S.C. § 1965(b). *Compare Anthony v. Over,* 2023 WL 6307960, *3 (E.D. Tenn. Sept. 27, 2023) (following the Tenth Circuit's approach); *with Enginetec Corp. v. Boutin,* 2008 WL 11380215, *4 (N.D. Ohio Dec. 5, 2008) (following the Ninth and Second Circuits' approach); *and High Adventure Ministries, Inc. v. Tayloe,* 309 F. Supp. 3d 461, 472-73 (W.D. Ky. 2018) (explaining that "courts have declined to exercise personal jurisdiction under the nationwide service of process available for RICO claims if there is a district where venue is proper as to every RICO defendant, without resort to § 1965.").

**Intra-district split.**  What is more, there is an intra-district split on this issue. *Compare Rexam Healthcare Packaging, Inc v. Osiris Med., Inc.,* 2010 WL 819063, *5 (N.D. Ohio Mar. 9, 2010) ("This Court too declines to follow the Ninth Circuit's arbitrary *Butcher's Union* rule. Instead, the applicable standard was correctly stated by the Tenth Circuit: the 'ends of justice' is a flexible concept uniquely tailored to the facts of each case."); *with Enginetec Corp.,* 2008 WL 11380215 at *4 (following the Ninth Circuit's *Butcher Union* rule and explaining that a "[c]ourt must have

5

personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and plaintiffs must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators."). That the Eastern Division and Western Division of the same district court have reached different conclusions on the applicable standard solidifies that there is substantial ground for difference of opinion.

**Fear of making the "wrong" decision.** On top of the conflicting opinions on the appropriate "ends of justice" analysis, there are courts within the Sixth Circuit that have chosen to abstain entirely from the "ends of justice" analysis. *See e.g.,* *Kerman v. Chenery Assocs., Inc.,* 2007 WL 2363283, *1 n.2 (W.D. Ky. Aug. 14, 2007). This is a loud plea for guidance from the Sixth Circuit on the issue. The *Kerman* court, refusing to engage in the "ends of justice" analysis without further guidance used an entirely different probe to resolve the personal jurisdiction question before it:

> The Sixth Circuit has not yet spoken concerning the breadth of the RICO nationwide service provision. There are various prognostications from the district courts of the Sixth Circuit's analysis of the statute. *See, Kattula v. Jade*, 2007 WL 1695669 (W.D.Ky. June 8, 2007); *800537 Ontario, Inc. v. Auto Enterprises, Inc*., 113 F.Supp.2d 1116 (E.D.Mich.2000); *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc*., 23 F.Supp.2d 796 (N.D.Ohio 1998). Rather than jump into the fray, the court will rely upon a traditional minimum contacts analysis, consistent with the allegations of the complaint and established law to find personal jurisdiction over Chenery.

*Id.*

6

The lack of certainty on the parameters of the "ends of justice" language provides sufficient grounds to certify the Order for interlocutory appeal. *See In re Miedzianowski*, 735 F.3d at 384 (finding a substantial ground for difference of opinion when "a difference of opinion exists within the controlling circuit; or [ ] the circuits are split on the question" and it is a question that the circuit in question has not answered); *Schwendimann v. Arkwright Advanced Coating, Inc.*, 2012 WL 5389674 (D. Minn. Nov. 2, 2012) ("substantial ground for difference of opinion" existed where district courts disagreed about a legal question that the Federal Circuit Court of Appeals had not yet addressed).

Over the years, courts have been particularly willing to allow interlocutory appeal on jurisdictional issues. *See e.g.*, *Gilmore v. Jones*, 2019 WL 4417490, at *4 (W.D. Va. Sept. 16, 2019) ("Defendants correctly assert that the issue for certification—the reach of a state's personal jurisdiction over online publishers—can be appropriately cabined as a purely legal one."); *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC*, 2015 WL 3915687 at *4 (recognizing jurisdictional issue as a controlling question of law because "[r]eversal of the Court's finding of federal question jurisdiction would terminate this action and result in dismissal of Plaintiff's case"); *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1023 (D.C. Cir. 1997) (considering interlocutory appeal of the denial

of a motion to dismiss the complaint for lack of subject matter and personal jurisdiction).  This Court should do the same here.

A grant of Defendants' motion to dismiss for lack of personal jurisdiction would "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Indeed, a grant of Defendants' motion to dismiss would end the litigation against Defendants here.  Defendants maintain that there is no personal jurisdiction over Defendants under a traditional personal jurisdiction analysis, or under 18 U.S.C. § 1965(b).  As demonstrated above, the differing views among district courts within the Sixth Circuit presents strong grounds for certification of this issue for interlocutory appeal.  It is appropriate for this Court to certify this personal jurisdiction question for interlocutory appeal.  *See e.g.*, *GTE New Media Servs. Inc. v. Ameritech Corp.*, 44 F. Supp. 2d 313, 315-16 (D.D.C. 1999) ("[T]he court believes it appropriate to certify the question of personal jurisdiction for interlocutory appeal."); *Gilmore*, 2019 WL 4417490 at *6 (recognizing that a substantial ground for difference of opinion existed when the district courts within the Fourth Circuit disagreed regarding the dispositive issue of personal jurisdiction and the Fourth Circuit itself had not weighed in).  It is evident from the split within the Sixth Circuit that there is substantial ground for difference of opinion on the parameters of the "ends of justice" language in 18 U.S.C. § 1965(b).  This element is satisfied.

### III.    An immediate appeal may materially impact whether and how the litigation proceeds, thus serving the parties' best interests.

Simply providing a means of more quickly resolving a case fulfills the mandate that "an immediate appeal may materially advance the termination  of the litigation." *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017). The standard is *may*—not *must*. *See id.*  The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law. *See id.* at 951.

An immediate interlocutory appeal in this case would materially advance the ultimate termination of the litigation. An interlocutory appeal would eliminate the risk of the parties litigating this matter to completion in this Court, only to have the Sixth Circuit ultimately hold that dismissal of Plaintiffs' Complaint was warranted. Certification thus promotes the parties' best interests.  This element is satisfied.

### CONCLUSION

The Court should grant Defendants' motion and award all appropriate relief.

Dated:  October 10, 2023.

MCGUIREWOODS LLP
By: */s/ R. Trent Taylor*
R. Trent Taylor
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
(804) 775-1182
rtaylor@mcguirewoods.com

*Counsel for Defendants Trivest and TGIF*

**HONIGMAN LLP**

E. Todd Sable (P54956)
Robert M. Riley (P72290)
Benjamin J. VanderWerp (P84614)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7548
bvanderwerp@honigman.com
tsable@honigman.com
rriley@honigman.com

10

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AARON HALL, KATHERINE GLOD, and
JEFFREY BINDER, on behalf of
themselves and all others similarly situated,

**Case No.: 4:22-cv-12743-LJM-CI**

Plaintiff

vs

**Honorable F. Kay Behm**
**Honorable Curtis Ivy, Jr.**

TRIVEST PARTNERS L.P., TGIF POWER
HOME INVESTOR, LLC, and WILLIAM
JAYSON WALLER

Defendants

_____

## [PROPOSED] ORDER

Defendants Trivest Partners, L.P., and TGIF Home Investors, LLC's motion to certify this Court's September 12, 2023, order for interlocutory appeal under 28 U.S.C. 1292(b) is hereby GRANTED.

Further proceedings in this Court are stayed pending the Sixth Circuit's determination on whether to accept Defendants' interlocutory appeal.

_____
Judge F. Kay Behm

11

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, I electronically filed the forgoing with the Clerk of Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

By: */s/ R. Trent Taylor*