## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

AARON HALL, KATHERINE GLOD, and
JEFFREY BINDER, on behalf of themselves
and all others similarly situated,

                 Plaintiff

vs

TRIVEST PARTNERS L.P., TGIF POWER
HOME INVESTOR, LLC, and WILLIAM
JAYSON WALLER

                 Defendants

**Case No: 4:22-cv-12743-FKB-CI**

**Honorable F. Kay Behm**
**Hon. Mag. Judge Curtis Ivey Jr.**

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS TRIVEST
PARTNERS, L.P. AND TGIF POWER HOME INVESTOR, LLC'S
MOTION TO CERTIFY FOR INTERLOCUTORY
APPEAL THE SEPTEMBER 12, 2023, ORDER**

## TABLE OF CONTENTS

INTRODUCTION ............................................................1

FACTUAL BACKGROUND ...........................................1

LEGAL STANDARD ..................................................3

ARGUMENT ...............................................................4

    I.      THE COURT SHOULD DENY DEFENDANTS' MOTION
           TO CERTIFY ITS SEPTEMBER 12 ORDER FOR APPEAL .............4

    A. The Order does not involve a controlling question of law. ........................5

    B. Interlocutory Appeal Will Not Materially Advance the Ultimate
       Termination of the Litigation....................................................8

    C. Plaintiffs Acknowledge Grounds for a Substantial Difference of
       Opinion, Based Only on the Presence of a Circuit Split. .........................11

CONCLUSION ...............................................................15

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                     Page(s)

*ASI, Inc. v. Aquawood, LLC,*
2021 U.S. Dist. LEXIS 21420 (D. Minn. Feb. 4, 2021) .................................... 11

*Cooper-Std. Auto., Inc. v. SFC Sols. Czestochowa SP. Z.O.O.,*
2023 U.S. Dist. LEXIS 186391 (E.D. Mich. Oct. 16, 2023) .......................... 3, 5

*C.T. v. Red Roof Inns, Inc.,*
2022 U.S. Dist. LEXIS 233795 (S.D. Ohio Dec. 30, 2022) ...............................9

*Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1994) ............... 4, 8

*Doe v. ProMedica Health Sys.,*
2020 U.S. Dist. LEXIS 244914 (N.D. Ohio Dec. 14, 2020) ........................... 10

*Doe v. UPMC,*
2020 U.S. Dist. LEXIS 176222 (W.D. Pa. Sep. 25, 2020) .............................. 11

*Enginetec Corp. v. Boutin,*
2008 WL 11380215 (N.D. Ohio Dec. 5, 2008) .......................................... 12-13

*Flynn v. Greg Anthony Constr. Co*., 95 F. App'x 726 (6th Cir. 2003)............... 7

*Gerboc v. ContextLogic, Inc.*, 867 F.3d 675 (6th Cir. 2017)..............................6

*High Adventure Ministries, Inc. v. Tayloe,*
309 F. Supp. 3d 461 (W.D. Ky. 2018)........................................................ 12-14

*In re Baker & Getty Fin. Servs.*, 954 F.2d 1169 (6th Cir. 1992).........................5

*In re City of Memphis*, 293 F.3d 345 (6th Cir. 2002) .........................................5

*In re Flint Water Cases,*
2018 WL 10467299 (E.D. Mich. Oct. 31, 2018)............................................ 6, 7

*In re Miedzianowski*, 735 F.3d 383 (6th Cir. 2013)....................................... 3, 12

*Klaus v. Gillespie (In re Gillespie)*,
2023 U.S. Dist. LEXIS 121796 (E.D. Mich. July 14, 2023) .................................3

*Kraus v. Bd. of Cnty. Rd. Com'rs for Kent Cnty.*,
364 F.2d 919 (6th Cir. 1966) ..................................................................................3

*McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251 (11th Cir. 2004) ............... 3, 9

*Milbert v. Bison Laboratories*, 260 F.2d 431 (3d Cir. 1958) ...............................3

*Rafoth v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169 (6th Cir. 1992) ........... 3, 5, 8

*Swint v. Chambers Cty. Comm'n*, 514 U.S. 35 (1995) .........................................3

*Terry v. J.D. Street & Co., Inc.*,
2010 U.S. Dist. LEXIS 161385, 2010 WL 11706839 (E.D. Mo. 2010) ....... 3, 10

*Wang v. GM, LLC*,
2021 U.S. Dist. LEXIS 99166 (E.D. Mich. May 26, 2021) ........................ 3, 4, 8

## Statutes

18 U.S.C § 1965(b) ..................................................................................................2

28 U.S.C. § 1292(b) .................................................................................................3

## **INTRODUCTION**

There is a remarkable irony at play here. The Trivest Defendants ask the Court to certify its September 12, 2023 Order for interlocutory appeal, because they assert that their contention that this action could have been brought in Florida prohibits the Court from exercising RICO jurisdiction over them. This request requires the Court to consider whether there is a controlling question of law involved, and whether interlocutory appeal would materially affect the outcome of the litigation. But Defendants' core contention—that the entire litigation could take place in Florida—resolves both inquiries against them, because transfer and not dismissal is all the Defendants could plausibly hope to achieve.

Plaintiffs concede—for reasons different from those advanced by Defendants (addressed herein)—that the remaining "difference of opinion" factor is satisfied. But one or even two factors is not enough for Defendants to carry their burden. Defendants must establish all three factors, and the fundamental premise of Defendants' argument defeats two of them. Defendants' motion must therefore be denied.

## **FACTUAL BACKGROUND**

The Trivest Defendants' strategy thus far has been a peculiar one. First, they filed a Motion to Dismiss which the Court has noted "engages in a lengthy analysis applying the traditional notions of personal jurisdiction and claims that this court

does not have personal jurisdiction over them." (ECF No. 32, PageID.302). But as Plaintiffs pointed out in their response, "the traditional personal jurisdiction analysis does not apply in RICO cases." (*Id.*). The Trivest Defendants then "concede[d] that 'RICO jurisdiction may exist over every defendant if jurisdiction exists over a single defendant." while "not disput[ing] that this court has personal jurisdiction over [Defendant] Waller." (*Id.*).

Defendants were then left only with the argument they now seek certification to raise on appeal—the contention that "Plaintiffs must show that no other district can host the litigation[]" in order to invoke RICO jurisdiction. (*Id.*, PageID.303). In response, the Court noted that the Sixth Circuit has never adopted such a requirement, and identified two cases from district courts within the circuit that followed the Tenth Circuit's approach in rejecting the requirement. (*Id.*).

The question of whether the language "interests of justice" presented in 18 U.S.C § 1965(b) requires a RICO plaintiff to demonstrate that no other district will have personal jurisdiction over all defendants is not a controlling question of law, at least where transfer (not dismissal) is the alternative. For the same reasons, appellate review, which could not result in dismissal, would not materially advance the ultimate termination of the case and would only add additional delay and expense to this litigation. For these reasons, as addressed herein, the Court should deny Defendants' motion to certify for interlocutory review.

## **LEGAL STANDARD**

The authority to certify an order for interlocutory appeal is granted under 28 U.S.C. § 1292(b). The moving party bears the burden to show that each requirement of § 1292(b) is satisfied. *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022) (citing *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2023). These requirements are that:

> (1) a controlling legal question is involved;
> (2) there is substantial ground for difference of opinion regarding it; and
> (3) an immediate appeal would materially advance the litigation's ultimate termination.

*Rafoth v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 (6th Cir. 1992); *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995). "The district court must then 'expressly find in writing that all three § 1292(b) requirements are met.'" *Cooper-Std. Auto., Inc. v. SFC Sols. Czestochowa SP. Z.O.O.*, No. 22-12126, 2023 U.S. Dist. LEXIS 186391, at *3 (E.D. Mich. Oct. 16, 2023) (citation omitted). Congress intended that section 1292(b) be used sparingly and only in exceptional cases. *Kraus v. Bd. of Cnty. Rd. Com'rs for Kent Cnty.*, 364 F.2d 919, 922 (6th Cir. 1966) (citing *Milbert v. Bison Laboratories*, 260 F.2d 431, 433 (3d Cir. 1958)).

"[T]he failure to satisfy even one requirement dooms a request for leave to file an interlocutory appeal[.]" *Klaus v. Gillespie (In re Gillespie)*, No. 22-12971, 2023 U.S. Dist. LEXIS 121796, at *7-8 (E.D. Mich. July 14, 2023). In fact, "[e]ven

when all three criteria are met, 'district courts have unfettered discretion to deny certification in light of the strong bias in federal practice against interlocutory appeals.'" *Id*. (citation omitted). "The Supreme Court has 'repeatedly stressed that the 'narrow' exception should stay that way and never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated.'" *Wang v. GM, LLC*, No. 18-10347, 2021 U.S. Dist. LEXIS 99166, at *2-3 (E.D. Mich. May 26, 2021) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)). Finally, "[t]he Supreme Court also has 'warned that the issue of appealability under § 1291 is to be determined for the entire category to which a claim belongs, without regard to the chance that the litigation at hand might be speeded, or a particular injustice averted by a prompt appellate court decision.'" *Wang*, 2021 U.S. Dist. LEXIS 99166, at *2-3 (citation omitted).

## **ARGUMENT**

### I.  **THE COURT SHOULD DENY DEFENDANTS' MOTION TO CERTIFY ITS SEPTEMBER 12 ORDER FOR APPEAL.**

Defendants argue that "[o]ver the years, courts have been particularly willing to allow interlocutory appeal on jurisdictional issues." ([ECF No. 34], PageID.334). Hardly so. "It is generally noted that interlocutory appeals are to be permitted 'only

in exceptional circumstances.'" *Cooper-Std. Auto., Inc.,* 2023 U.S. Dist. LEXIS 186391, at *3 (quoting *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)). "Such appeals are contrary to the judicial policy opposing piecemeal litigation and cause delay and disruption[.] Therefore, they 'should be the exception, rather than the rule,' and should be permitted only in 'exceptional circumstances.'" *Id.* (citations omitted).

Certification for interlocutory appeal is, therefore, a rare and special occurrence. It is particularly inappropriate in cases where, like here, the ultimate termination of the litigation cannot be hastened, but only prolonged. The resources of the parties and the judicial system are not well-served by an attempt at interlocutory appeal which would likely change nothing and in any event cannot end the litigation. For that reason, and because Defendants cannot carry their burden of establishing two of the three factors required for this exceptional relief, Defendants' motion must be denied.

### A. The Order does not involve a controlling question of law.

To certify an order for interlocutory appeal, there must be a controlling question of law. *See Rafoth*, 954 F.2d at 1172. To demonstrate whether a question is "controlling," the moving party must show that "resolution of the issue on appeal could materially affect the outcome of the litigation[.]" *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172 n. 8 (6th Cir. 1992); *see In re City of Memphis*, 293 F.3d

345, 351 (6th Cir. 2002). Courts have varied in their assessments of when a question would "materially affect the outcome" of the litigation. *In re Flint Water Cases*, No. 16-CV-10444, 2018 WL 10467299, at *2 (E.D. Mich. Oct. 31, 2018). Despite that variation, the Sixth Circuit has treated this inquiry as a more "practical consideration," in which it considers whether the interlocutory review would allow for the most efficient means to end the litigation. *Id; see Gerboc v. ContextLogic, Inc.*, 867 F.3d 675, 678 (6th Cir. 2017). Further, the question is required to do something "more than provide expeditious review of an issue that could otherwise be decided following final disposition," and notably, must, if appealed, have "a tangible impact on the proceedings; and, in addition, *it must also save the Court and the litigants time and money*." *In re Flint Water Cases*, No. 16-CV-10444, 2018 WL 10467299, at *2 (E.D. Mich. Oct. 31, 2018) (emphasis added).

Defendants provide a single, cursory reason to support their assertion that the question is controlling—that the "interests of justice" interpretation was key to their motion to dismiss—without providing any meaningful analysis. ([ECF No. 34], PageID.330). While the "interests of justice" question was at issue in Defendants' motion to dismiss, Defendants fail to further explain how an interlocutory appeal could materially affect the outcome of the litigation. This is unsurprising, since it could not.

If Defendants successfully prevailed upon the Sixth Circuit to impose the requirement they seek, this case would not be dismissed—only transferred. *See Flynn v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 741 (6th Cir. 2003) (holding that dismissal for lack of personal jurisdiction, where transfer is a viable option, is an abuse of discretion) (*see also* [ECF No. 32], PageID.305 ("it appears the entire case could be litigated in Florida… and transferring the matter would cause undue delay"). The mere procedural step of moving the litigation to another federal district court is not the sort of material change to the outcome of the litigation that renders an issue a controlling question of law.

Not only would interlocutory reversal not materially affect the outcome of the litigation, but it would also not save the courts and the litigants time or money. *See In re Flint Water Cases*, No. 16-CV-10444, 2018 WL 10467299, at *2 (E.D. Mich. Oct. 31, 2018). Even if Defendants achieved transfer, "the inconvenience to Defendants in litigating this matter here is no greater than the inconvenience to Plaintiffs in litigating this matter in Florida and the burden on Defendants is minimal, given that they have competent counsel located in Michigan and 'can easily conduct most of their litigation via electronic means.'" ([ECF No. 32], PageID.305 (citation omitted)).

This Court's sound interpretation of the "interests of justice" language contained in 18 U.S.C. § 1965(b) is not a controlling question of law under the Sixth

Circuit's standards, as even a reversal would not materially affect the outcome of the litigation, and an appeal could cause further undue delay. For this reason alone, Defendants' motion should be denied.

### B. Interlocutory Appeal Will Not Materially Advance the Ultimate Termination of the Litigation.

Skipping briefly ahead, the Trivest Defendants obscure the third factor in the certification analysis. It is not, as they argue, whether "an immediate appeal may materially impact whether and how the litigation proceeds." ([ECF No. 34], PageID.336).  Rather the moving party must establish that "an immediate appeal would materially advance the litigation's ultimate termination." *Rafoth*, 954 F.2d at 1172.[1] "It is hard to chalk Defendants' redrafting of the requirement up to confusion, since "[t]he requirement that interlocutory appeal will materially advance the ultimate termination of the litigation 'is not a difficult requirement to understand. It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation.'" 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Fed. Prac. & Proc*. § 3930 n.39 (3d ed. 2017)

---

[1] "The Supreme Court also has 'warned that the issue of appealability under § 1291 is to be determined for the entire category to which a claim belongs, without regard to the chance that the litigation at hand might be speeded, or a particular injustice averted by a prompt appellate court decision.'" *Wang v. GM, LLC*, No. 18-10347, 2021 U.S. Dist. LEXIS 99166, at *2-3 (E.D. Mich. May 26, 2021) (citing *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)).

(quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).

Defendants devote almost no analysis to this issue, arguing briefly, summarily, and

without citation to any similar cases. Such cases make clear that where the only thing

that could possibly change through an appeal is the venue of the litigation, this

requirement is by definition unmet.

Where appellate reversal would only serve to facilitate transfer to another

federal district, an immediate appeal cannot materially advance the litigation's

ultimate termination. In a remarkably salient opinion, the Southern District of Ohio

noted that:

> Regardless of Sixth Circuit's ruling on the matter,
> Plaintiff's claims would remain to be litigated in the same
> manner as before, whether in this Court or by the Middle District
> of Florida. Therefore, an immediate appeal of this question
> would not materially advance the ultimate *termination* of the
> litigation. In fact, under the circumstances present here,
> 'an interlocutory appeal is as likely to cause material delay as it
> is to cause material advancement of the termination of the
> litigation.' Accordingly, the more efficient course is to move the
> case forward by denying certification of this question
> for interlocutory appeal.

*C.T. v. Red Roof Inns, Inc.,* No. 2:21-cv-05022, 2022 U.S. Dist. LEXIS 233795, at

*22-23 (S.D. Ohio Dec. 30, 2022) (emphasis in original) (citation omitted). In view

of such authority, it is clear why Defendants would be inclined to try to move the

goalposts by suggesting that it is sufficient that an appeal might modestly affect

"how" the litigation proceeds. (*See* [ECF No. 34], PageID.336).  It is equally clear

that doing so is inappropriate.

Even a venue change in the form of a remand to state court, beyond a mere

transfer among federal districts, fails to satisfy this requirement.

> While some time and resources may be expended in the interim if the
> case is ultimately remanded, those efforts (*e.g.*, disclosures, paper
> discovery, depositions) would not be wasted, but rather could still
> be transferred and useful in state court litigation.

*Doe v. ProMedica Health Sys.*, No. 3:20 CV 1581, 2020 U.S. Dist. LEXIS 244914,

at *7-8 (N.D. Ohio Dec. 14, 2020); *see also Terry v. J.D. Street & Co., Inc.*, 2010

U.S. Dist. LEXIS 161385, 2010 WL 11706839, at *1 (E.D. Mo. 2010) ("[Even if

remanded on appeal] the litigation would still occur from the same point at which it

currently stands; it would just proceed in state, rather than federal, court"); *Terry v.*

*J.D. Streett & Co.*, No. 4:09CV1471 FRB, 2010 U.S. Dist. LEXIS 161385, at *3-4

(E.D. Mo. Nov. 19, 2010) ("If the instant motion were granted and the Court of

Appeals found in plaintiffs' favor… the 'ultimate termination' of the litigation itself

would not be materially advanced. The litigation would still occur from the same

point at which it currently stands; it would just proceed in state, rather than federal,

court. Plaintiffs would still press their claims, the parties would still conduct

discovery, file pleadings, and perhaps proceed to trial, in substantially the same

manner"). In such situations, there is no prospect of materially advancing the

ultimate termination of the litigation. "To the contrary, awaiting the outcome of

an interlocutory appeal at this stage might needlessly draw out the pending litigation in this Court." *ProMedica Health Sys.,* 2020 U.S. Dist. LEXIS 244914, at *8; *see also Doe v. UPMC*, No. 2:20-cv-359, 2020 U.S. Dist. LEXIS 176222, at *1 (W.D. Pa. Sep. 25, 2020) ("an immediate appeal of Plaintiffs' Motion to Remand would further drag out litigation" given that "only merits litigation would be re-tried in state court[.]").

Even if it were not already so plain, courts have considered this issue in the specific context at issue here, finding that "resolution of RICO co-conspirator jurisdiction would not serve to avoid a trial or otherwise substantially shorten the litigation." *ASI, Inc. v. Aquawood, LLC*, No. 19-763 (JRT/HB), 2021 U.S. Dist. LEXIS 21420, at *6 (D. Minn. Feb. 4, 2021) (citing 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 (3d ed. 2017)). The Trivest Defendants cannot make a serious argument that this requirement is satisfied, so they attempt to change it. But the law is clear. An interlocutory appeal that has at most the potential to cause the litigation to proceed in a different forum does not materially advance the ultimate termination of the litigation. Such an issue is therefore categorically inappropriate for certification.

## C. Plaintiffs Acknowledge Grounds for a Substantial Difference of Opinion, Based Only on the Presence of a Circuit Split.

Briefly, Defendants incorrectly claim that the "substantial difference of opinion" requirement is satisfied on multiple grounds. ([ECF No. 34], PageID.331-

11

35). Plaintiffs willingly concede that there is a circuit split on the underlying issue, on which the Sixth Circuit has not yet opined. That appears sufficient to resolve the issue. *See In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013). But is important to note[2] that contrary to the Defendants' assertion, there is no intra-circuit split of authority on this issue, which is not an issue of first impression nor one with insufficient authority to guide the Court.

Defendants attempt to conjure a split of authority amongst district courts within the Sixth Circuit. Yet despite reaching far outside the bounds of their moving papers, the Trivest Defendants cannot point to a single case in which a district court in the Sixth Circuit held, as a threshold matter, that a RICO plaintiff must establish that there is no other available court to satisfy the "ends of justice" requirement. Defendants identify, as purportedly conflicting authority, *Enginetec Corp. v. Boutin*, 2008 WL 11380215, *4 (N.D. Ohio Dec. 5, 2008) and *High Adventure Ministries, Inc. v. Tayloe*, 309 F. Supp. 3d 461, 472-73 (W.D. Ky. 2018). Neither of these cases appeared in either of Defendants' briefs on the motion whose outcome they now seek to certify for appeal. Just as importantly, neither establishes an intra-circuit split of authority.

---

[2] Plaintiffs are mindful of the Court's resources and raise this point for preservation purposes, only because of the possibility that it could become relevant in any eventual appeal.

*Enginetec Corp.*, which was decided 15 years ago (well before *Varsity Brands* and *Rexam Healthcare*), states clearly that its commentary on the "ends of justice" requirement is mere dicta. The court's opinion was on a motion for reconsideration, and it noted that the plaintiffs in the case had not raised the issue of RICO jurisdiction on the original motion, thereby waiving it. "Absent reference to the proper statutory provision, accompanied by argument that the specific requirements of the statute have been met, it cannot be said that plaintiffs raised this argument in a timely fashion. For this reason, alone, denial of plaintiffs' motion for reconsideration is appropriate." *Enginetec Corp.*, 2008 U.S. Dist. LEXIS 137939, at *8. It went on to state, as dicta, that "[e]ven if plaintiffs had raised an argument under RICO's nationwide service provision in a timely fashion, it still would have failed." *Id.* That is where the language upon which Defendants rely comes in, meaning it lacks precedential value and cannot be the basis for a purported split of authority.

*High Adventure Ministries, Inc.* is similarly unhelpful to Defendants' position. There, the court found that the "ends of justice" requirement was not met before even reaching (in passing) the issue of whether the action could be brought in another court. The plaintiff brought eight claims (only one of which was a RICO claim) in its individual capacity against two California defendants in a district court in Kentucky. The court concluded that "[t]here are no overly complicated jurisdictional issues concerning numerous defendants across multiple states or countries such that

13

this Court would consider utilizing the RICO jurisdictional provision to bring these two Defendants to Kentucky to stand trial." *High Adventure Ministries, Inc.,* 309 F. Supp. 3d at 473. Stated differently, the fact that all Defendants were from the same non-forum state was the essential consideration its decision (and a fair "ends of justice" consideration). In so doing, it merely observed that some "courts have declined to exercise personal jurisdiction under the nationwide service of process available for RICO claims 'if there is a district where venue is proper as to every RICO defendant, without resort to [§ 1965].'" *Id.* at 472. In other words, it is not that a plaintiff must show that there is no other available district, but it might be permissible to consider as one factor in the "ends of justice" analysis.

While Defendants can offer no authority from courts within this circuit for the proposition that as a threshold matter, a RICO plaintiff *must* establish that there is no other available court to satisfy the "ends of justice" requirement, there is ample authority to the contrary. As the Court noted, *Varsity Brands* and *Rexam Healthcare* expressly rejected such a requirement, adopting the Tenth Circuit's approach from *Cory v. Aztec Steel Bldg*., Inc., 468 F.3d 1226, 1232 (10th Cir. 2006). Shortly after the Court issued its opinion on this issue, a decision was issued in *Anthony v. Over*, No. 3:22-cv-416, 2023 U.S. Dist. LEXIS 176603, at *11-12 (E.D. Tenn. Sep. 27, 2023), endorsing the same approach. There, the court expressly held that "[b]ecause the Sixth Circuit followed the Tenth Circuit's majority approach

in *Peters Broadcast* with respect to treating the RICO SOP as the proper jurisdictional provision in civil RICO cases, the Court finds it reasonable to follow their flexible facts and circumstances approach to the 'ends of justice' requirement as well." *Id.* This Court's ruling on the issue is now one of at least four on the same side of the issue, and they stand without meaningful opposition given the lack of support for the view for which Defendants advocate.

Only the "circuit split" prong of this requirement is satisfied.

## CONCLUSION

The Trivest Defendants' Motion to Certify for Interlocutory Appeal was unwinnable the moment it was conceived, defeated by the very premise on which it is based. It cannot be simultaneously argued that the Court's Order should be reversed on the basis of another available forum and that certification for interlocutory appeal is appropriate. The former vitiates the latter.

Dated: October 23, 2023

Respectfully submitted,

s/ Nicholas A. Coulson
Steven D. Liddle
Nicholas A. Coulson
**LIDDLE SHEETS COULSON P.C.**
975 East Jefferson Avenue
Detroit, MI 48207-3101
T: (313) 392-0015
E: sliddle@lsccounsel.com
E: ncoulson@lsccounsel.com

*Attorneys for Plaintiffs and the Putative Class*

15

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2023, I served a copy of the foregoing with the Clerk of Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

By _s/_ Nicholas A. Coulson

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

AARON HALL, KATHERINE GLOD, and
JEFFREY BINDER, on behalf of themselves
and all others similarly situated,

**Case No: 4:22-cv-12743-FKB-CI**

**Honorable F. Kay Behm**
**Hon. Mag. Judge Curtis Ivey Jr.**

Plaintiff

vs

TRIVEST PARTNERS L.P., TGIF POWER
HOME INVESTOR, LLC, and WILLIAM
JAYSON WALLER

Defendants

---

## BRIEF FORMAT CERTIFICATION

I, Nicholas A. Coulson, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☐ (N/A) the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

By _s/_ Nicholas A. Coulson

Dated: October 23, 2023