## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AARON HALL, KATHERINE
GLOD, JEFFREY BINDER, on
behalf of themselves and all others
similarly situated,

Plaintiffs,

v.

TRIVEST PARTNERS L.P., TGIF
POWER HOME INVESTOR, LLC,
and WILLIAM JAYSON WALLER,

Defendants.

Case No.: 4:22-cv-12743-FKB-CI

Hon. F. Kay Behm

---

## DEFENDANT JAYSON WALLER'S OPPOSITION TO PLAINTIFFS' MOTION REQUESTING A RULE 16 CONFERENCE

Circumventing the meet and confer process required by this Court's Local Rules and the Federal Rules of Civil Procedure, Plaintiffs Aaron Hall, Katherine Glod, and Jeffrey Binder, on behalf of themselves and all others similarly situated ("Plaintiffs") burden the Court, and Defendant William Jayson Waller ("Defendant" or "Waller"), with their motion for a Rule 16 conference so as to obtain discovery from non-party Power Home Solar, LLC d/b/a Pink Energy ("PHS"). Nowhere in their motion do Plaintiffs address why they did not engage in the requisite meet and confer process, let alone put forth any cause excusing their noncompliance. Instead,

1

Plaintiffs allege that their motion is necessitated because documents from PHS are "at risk of loss and/or destruction" (ECF No. 45, Page). Plaintiffs ignore that PHS is involved in bankruptcy proceedings. The bankruptcy Trustee, Jimmy Summerlin Esq., is the only authorized individual with legal custody, possession, and control over documents of PHS, and, he is under a fiduciary obligation to preserve them. Therefore, the risk of loss and/or destruction of any PHS documents is remote.

In addition, dispositive motions are presently pending that may result in dismissal of this action, including Waller's motion for judgment on the pleadings for lack of personal jurisdiction, which is set to be heard on April 17, 2024. Were these motions granted, the discovery conference requested by Plaintiffs, as well as the discovery sought, would be unnecessary.

For these reasons, and as more fully set forth in Defendant's Brief, this Court should deny Plaintiffs' motion.

Dated: December 27, 2023                    Respectfully submitted,


                                            /s/ Nathan J. Fink
                                            David H. Fink (P28235)
                                            Nathan J. Fink (P75185)
                                            FINK BRESSACK
                                            38500 Woodward Ave, Suite 350
                                            Bloomfield Hills, MI 48304
                                            Tel: (248) 971-2500
                                            dfink@finkbressack.com
                                            nfink@finkbressack.com
                                            *Local Counsel for Defendant William
                                            Jayson Waller*

2

/s/ David Sullivan
David Sullivan, Esq.
DARROWEVERETT LLP
10 North Main Street – 3rd Floor
Fall River, Massachusetts
Tel: (508) 675-1576
dsullivan@darroweverett.com
*Lead Counsel for Defendant*
*William Jayson Waller*

/s/ *Katie L. Howayeck*
Katie L. Howayeck, Esq.
DARROWEVERETT LLP
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel: (401) 453-1200
*Counsel for Defendant*
*William Jayson Waller*

/s/ *Ashwini Jayaratnam (application*
*for admission to be submitted)*
Ashwini Jayaratnam, Esq.
DARROWEVERETT LLP
450 Seventh Avenue, Suite 1802
New York, NY 10123
Tel: (212) 335-2090
*Counsel for Defendant*
*William Jayson Waller*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AARON HALL, KATHERINE
GLOD, JEFFREY BINDER, on
behalf of themselves and all others
similarly situated,

**Case No.: 4:22-cv-12743-FKB-CI**

Hon. F. Kay Behm

       Plaintiffs,

v.

TRIVEST PARTNERS L.P., TGIF
POWER HOME INVESTOR, LLC,
and WILLIAM JAYSON WALLER,

       Defendants.

---

## BRIEF IN SUPPORT OF DEFENDANT JAYSON WALLER'S OPPOSITION TO PLAINTIFFS' MOTION REQUESTING A RULE 16 CONFERENCE

i

## STATEMENT OF THE ISSUES PRESENTED

1. Whether this Court should deny Plaintiffs' Motion Requesting a Rule 16 Conference, and award Defendant Jayson Waller his attorneys' fees and costs, on account of Plaintiffs' failure to abide by the Local Rules of this Court and the Federal Rules of Civil Procedure requiring Plaintiffs to initiate a meet and confer with Defendant Jayson Waller before filing a motion related to discovery?

2. Whether this Court should grant Plaintiffs' Motion Requesting a Rule 16 Conference when dispositive motions are pending, including Defendant Jayson Waller's motion for judgment on the pleadings, and there is no risk that documents in the custody, control and possession of non-party, Power Home Solar, LLC d/b/a Pink Energy, from whom Plaintiffs seek discovery, will be lost or destroyed?

**CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

In support of his opposition to Plaintiffs' Motion Requesting a Rule 16 Conference, Defendant Jayson Waller relies on the authorities cited in his Brief in Opposition, including, but not limited to, the following:

- E. D. Mich. LR 7.1(a) for the proposition that strict compliance with this Court's meet and confer rules is required, and costs will be awarded for non-compliance.

- *Rahaman v. State Farm Mut. Ins. Co.*, 2023 WL 36061, at *4 (E.D. Mich. Jan. 4, 2023) for the proposition that adjourning a Rule 16 conference is appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery.

- *In re Great Lakes Cultivation, LLC*, 2022 WL 3569586, at *2 (E.D. Mich. Aug. 18, 2022) for the proposition that there is remote or no risk of documents of non-party, Power Home Solar, LLC being lost or destroyed where the bankruptcy Trustee is the only authorized individual with legal custody, possession, and control of these documents.

iii

## **ARGUMENT**

I.    **Plaintiffs' Motion Should be Denied, and Costs Awarded to Defendant, for Plaintiffs' Failure to Comply with the Meet and Confer Rules.**

E. D. Mich. LR 7.1(a) requires that "[b]efore filing a motion relating to discovery," "the movant must confer with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention." Further, the "conference must be held sufficiently in advance of filing the motion to allow a good faith interactive exchange aimed at resolving the matter." E. D. Mich. LR 7.1(a) of the Eastern District of Michigan (referencing Federal Rule of Civil Procedure 37(a)(1)). "*Strict compliance* with Local Rule 7.1(a)" is required and the "Court will impose costs for failure to comply with the Local Rule." Hon. F. Kay Behm Practice Guidelines, Motion Practice, Part A (emphasis added).

In violation of this rule, Plaintiffs move this Court to schedule a Rule 16 conference, ostensibly because they "seek to commence discovery at the earliest possible time" (ECF No. 45, PageID.526), without ever having contacted Defendant about scheduling a meet and confer to resolve the matter through a good-faith interactive exchange. There is no excuse for Plaintiffs' non-compliance, and

1

Plaintiffs do not attempt to present one. Plaintiffs cannot legitimately claim that partaking in the meet and confer process would have been futile. This action is still in its preliminary stage—no documents have been exchanged, interrogatories propounded, or depositions taken—and hence there is no basis upon which Plaintiffs could assert that conferring with Defendant on an initial discovery plan, as required under Federal Rule of Civil Procedure 26(f), would have been to no avail. However, rather than fulfill their obligations under Rule 26, which requires that, unless authorized by court order, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," (Fed. R. Civ. P. 26), Plaintiffs rush to the courthouse to obtain a scheduling order.

As made clear in E. D. Mich LR 7.1(a) and in this Court's Practice Guidelines, burdening the court with motion practice, when a good-faith attempt at resolution would have obviated the need for the same, warrants imposition of costs. Hon. F. Kay Behm Practice Guidelines, Motion Practice, Part A. Accordingly, Plaintiffs' motion should be denied and sanctions awarded to Defendant, in the form of his attorneys' fees and costs in opposing the motion. *McWatters v. Cherry Creek Strategic Advisory, LLC*, 2014 WL 2957739, at *2 (W.D. Mich. July 1, 2014) (sanctions appropriate where plaintiff's counsel did not comply with its meet and

confer obligations under the Federal Rule of Civil Procedure and the court's Local Rules).[1]

## II.   A Rule 16 Conference Should be Adjourned while Dispositive Motions, Including Waller's Motion for Judgment on the Pleadings, are Pending.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Rahaman v. State Farm Mut. Ins. Co.*, 2023 WL 36061, at *4 (E.D. Mich. Jan. 4, 2023) (quoting *Gettings v. Bldg. Laborers Local 310 Fringe Bens. Fund*, 349 F.3d 300, 304 (6th Cir. 2003)). "Limitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." *Rahaman*, 2023 WL 36061, at *4 (quoting *Muzquiz v. W. A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

Here, Waller has moved for judgment on the pleadings seeking dismissal for lack of personal jurisdiction. This Court will hold a hearing on Waller's motion on April 17, 2024. Further, defendants Trivest Partners L.P. and TGIF Power Home Investor, LLC have appealed the denials of their motions to dismiss. Discovery would not affect this Court's determination on these dispositive motions. Therefore,

---

[1] Plaintiffs also ignored E. D. Mich. LR 7.1(d)(1)(a), which requires that "each motion…be accompanied by a single brief…[that] must begin on a new page and must be clearly identified as the brief." Plaintiffs also failed to include "a concise statement of the issues presented" and "the controlling or most appropriate authority for the relief sought." E. D. Mich. LR 7.1(d)(2).

to avoid wasting the Court's and parties' time and resources with unnecessary discovery, this Court should exercise its discretion to adjourn a Rule 16 discovery scheduling conference while these motions are pending, and, in any event, at least until this Court holds a hearing on Waller's motion on April 17, 2024. *Prison Legal News v. Bezotte*, 2012 WL 5417457, at *1 (E.D. Mich. Nov. 6, 2012) (issuing protective order extending time to respond to discovery where pending motions, including motion for judgment on the pleadings, were "based on legal determinations that could not have been altered by any further discovery," and thus "stay of discovery until resolution of the pending motions will prevent time waste and judicial resources"); *Rahaman*, 2023 WL 36061, at *4 (staying all discovery where "[s]hould the Court rule in Defendant's favor, the motion for judgment on the pleadings and/or for summary judgment will dispose of all of Plaintiff's claims and result in dismissal of this action").

### III.    <u>A Rule 16 Conference is Not Necessary Because There is No Risk of Loss of Documents from Non-Party Power Home Solar.</u>

Plaintiffs seek "extensive discoverable information" from a non-party to this action—i.e. PHS. (ECF No. 45, PageID.527). Without substantiation, Plaintiffs make the bald, conclusory claim that discovery from Power Home Solar "is at risk of loss and/or destruction" (ECF No. 45, PageID.527), apparently because PHS is involved in ongoing bankruptcy proceedings before the United States Bankruptcy Court for the Western District of North Carolina.

4

However, it is in fact because of the bankruptcy proceedings that there is little risk of PHS documents being lost or destroyed. Because of the bankruptcy, the bankruptcy Trustee is the only authorized individual with legal custody, possession, and control over documents of Power Home Solar and/or Pink Energy. Thus, contrary to Plaintiffs' claim that "information in that entity's control [i.e. PHS] may cease to exist" (ECF No. 45, PageID.527), the Trustee is in sole control of the documents Plaintiffs seek. Owing a fiduciary obligation to creditors, the Trustee is obligated to preserve these documents. See *In re Great Lakes Cultivation, LLC*, 2022 WL 3569586, at *2 (E.D. Mich. Aug. 18, 2022) (trustee owes fiduciary duty to creditors); *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985) (fiduciary duty of trustee runs to creditors); *In re Buckeye Countrymark, Inc.*, 251 B.R. 835, 840 (Bankr. S.D. Ohio 2000) ("First and foremost, a bankruptcy trustee is a separate legal entity that neither represents the Debtor nor owes the Debtor a fiduciary obligation…Instead, the Trustee's responsibility is to the bankruptcy estate that he or she represents."). Therefore, Plaintiffs' claim as to "risk of loss and/or destruction" is without merit and should not be grounds on which to schedule a Rule 16 conference before the parties have met and conferred, and while dispositive motions are pending.

## **CONCLUSION**

For all these reasons, Plaintiffs' motion should be denied, and Defendant should be awarded his costs and attorneys' fees opposing the motion.

Dated: December 27, 2023                     Respectfully submitted by:

/s/ Nathan J. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
FINK BRESSACK
38500 Woodward Ave, Suite 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
*Local Counsel for Defendant William Jayson Waller*

/s/ David Sullivan
David Sullivan, Esq.
DARROWEVERETT LLP
10 North Main Street – 3rd Floor
Fall River, Massachusetts
Tel: (508) 675-1576
dsullivan@darroweverett.com
*Lead Counsel for Defendant William Jayson Waller*

/s/ *Katie L. Howayeck*
Katie L. Howayeck, Esq.
DARROWEVERETT LLP
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel: (401) 453-1200
*Counsel for Defendant William Jayson Waller*

/s/ *Ashwini Jayaratnam (application*
*for admission to be submitted)*
Ashwini Jayaratnam, Esq.
DARROWEVERETT LLP
450 Seventh Avenue, Suite 1802
New York, NY 10123
Tel: (212) 335-2090
*Counsel for Defendant*
*William Jayson Waller*

7