# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| AARON HALL, KATHERINE GLOD, and JEFFREY BINDER, on behalf of themselves and all others similarly situated,<br><br>Plaintiff<br><br>vs<br><br>TRIVEST PARTNERS L.P., TGIF POWER HOME INVESTOR, LLC, and WILLIAM JAYSON WALLER,<br><br>Defendants. | CASE NO.: 4:22-cv-12743-LJM-CI<br><br><br>Hon. F. Kay Behm<br><br>Hon. Curtis Ivy, Jr. |

## DEFENDANT JAYSON WALLER'S MOTION FOR RULE 11 SANCTIONS

Counsel for Plaintiffs Aaron Hall, Katherine Glod, and Jeffrey Binder ("Plaintiffs") should be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure for filing papers in this Court that falsely represent statements made by counsel for Defendant William Jayson Waller ("Defendant" or "Waller") at a meet and confer. To give Plaintiffs' counsel an opportunity to cure the violation, Waller's counsel wrote a letter to Plaintiffs' counsel explaining the grounds for the violation and requesting that he withdraw or correct his papers. Plaintiffs' counsel refused, forcing Waller to bring this motion.

1

For these reasons, and as more fully set forth in Waller's Brief, Waller's motion for Rule 11 sanctions must be granted, and costs and reasonable attorneys' fees awarded to Waller.

        Respectfully submitted,

        /s/ Ashwini Jayaratnam
Ashwini Jayaratnam, Esq.
DARROWEVERETT LLP
450 Seventh Avenue, Suite 1802
New York, NY 10123
Tel: (212) 335-2090
ajayaratnam@darroweverett.com

*Lead Counsel for Defendant William Jayson Waller*

David H. Fink (P28235)
Nathan J. Fink (P75185)
FINK BRESSACK
38500 Woodward Ave, Suite 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

*Local Counsel for Defendant William Jayson Waller*

# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| AARON HALL, KATHERINE GLOD, and JEFFREY BINDER, on behalf of themselves and all others similarly situated,<br><br>Plaintiff<br><br>vs<br><br>TRIVEST PARTNERS L.P., TGIF POWER HOME INVESTOR, LLC, and WILLIAM JAYSON WALLER,<br><br>Defendants. | CASE NO.: 4:22-cv-12743-LJM-CI<br><br><br>Hon. F. Kay Behm<br><br>Hon. Curtis Ivy, Jr. |

## BRIEF OF DEFENDANT JAYSON WALLER IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS

## INDEX OF EXHIBITS

**Exhibit A –** Letter to Nicholas Coulson, dated July 31, 2024

**Exhibit B** – Email from Nicholas Coulson, dated July 31, 2024

**Declaration of Ashwini Jayaratnam in Support of Defendant Jayson Waller's Motion for Rule 11 Sanctions**

## STATEMENT OF ISSUES PRESENTED

1. Should Plaintiffs' counsel be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure for signing motion papers presented to the Court that materially mischaracterize statements made by opposing counsel at a meet and confer?

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

In support of his motion for sanctions, Waller relies on the authorities cited in this Brief, including, but not limited to, the following authorities:

- Federal Rule of Civil Procedure 11(b)(3), for the proposition that attorneys signing papers presented to the court must ensure that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

- Michigan Rule of Professional Responsibility 3.3(a)(1), for the proposition that "[a] lawyer shall not knowingly…make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Mich. R. Prof. Conduct 3.3(a)(1).

- *Allstate Ins. Co. v. Inscribed PLLC*, 571 F. Supp. 3d 823, 833, 836 (E.D. Mich. 2021), disqualifying counsel for violating Rule 11 by making false insinuations in court papers about what was said at a meet and confer.

## ARGUMENT

### I. Plaintiffs' Counsel Should be Sanctioned for his False and Misleading Statements in Court Papers.

"Rule 11 of the Federal Rules of Civil Procedure…affords the district court the discretion to award sanctions when a party submits to the court pleadings, motions or papers…if the allegations and factual contentions do not have evidentiary support." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir. 2002) (citing Fed.R.Civ.P. 11(b)(1) through (3)). "Although Rule 11 carves out motions under the discovery rules, counsel nonetheless has a duty of candor in connection with discovery and *is required to correct a false statement in any motion filed with the Court*." *Blackwell v. Simon*, 2020 WL 13682119, at *1 (W.D. Mich. June 9, 2020) (emphasis in original) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-47, 50-51 (1991) and Mich. R. Prof. Conduct 3.3(a)(1)). Further, Michigan's Rules of Professional Conduct state that "[a] lawyer shall not knowingly:...make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Mich. R. Prof. Conduct 3.3 (a)(1).

### The False Statements

Plaintiffs' counsel implies in his motion to compel that, at the meet and confer with Waller's counsel on July 26, 2024, Waller's counsel "refuse[d] to provide such information as is within [Waller's] personal knowledge." (*see* ECF 59 PageID.636-

7

637 (citing Coulson Decl. ¶7)). Plaintiffs' counsel also states that Waller's counsel "refused to accept that there was a material difference between responding by reference to particular documents in the litigation, and utterly refusing to respond because of the potential existence of unspecified documents." (Coulson Decl. ¶8, ECF 59-3, PageID.679).

None of this is true. At no point during the meet and confer did Waller's counsel state that a party is not obligated to respond to interrogatories with information within his personal knowledge. (Declaration of Ashwini Jayaratnam ("Jayaratnam Decl.") ¶14). Instead, Waller's counsel said that Plaintiffs' interrogatories are drafted in a way that do not *enable* Waller to provide responsive information within his personal knowledge. (*Id.*). Specifically, the interrogatories seek information concerning events that occurred two to six years ago. (Jayaratnam Decl. ¶3). All documents potentially relevant to answering these queries are in the custody, control and possession of the Bankruptcy Trustee, as Waller stated in his responses and objections to the interrogatories. (*see* ECF 59-2 PageID.660). Waller does not presently have access to any of these documents.

Counsel for Waller reiterated this at the meet and confer, stating that without having access to PHS's documents and data, it is impossible for Waller to answer the majority of the interrogatories. (Jayaratnam Decl. ¶3). However, this is not the same thing as Waller's counsel "refus[ing] to accept that there was a material difference

8

between responding by reference to particular documents in the litigation, and utterly refusing to respond because of the potential existence of unspecified documents," as Plaintiffs' counsel falsely claims in court papers.

This is not Plaintiffs' counsel's only material misrepresentation of what was said at the meet and confer. In his motion to compel, Plaintiffs' counsel omits that when Waller's counsel asked him to consider narrowing the interrogatories, Plaintiffs' counsel outright declined, responding with something to the effect of "[n]o, that is not how it works, you have to answer." (Jayaratnam Decl. ¶9). In keeping with his unwillingness to work cooperatively with Waller's counsel in resolving the discovery dispute, Plaintiffs' counsel then proceeded to make the highly prejudicial, inflammatory and entirely needless remark that "Jayson will probably be in prison." (Jayaratnam Decl. ¶10). All this goes unmentioned in Plaintiffs' motion to compel.

Counsel for Waller sent a letter to Plaintiffs' counsel on July 31, 2024. notifying him of his Rule 11 violation. (Jayaratnam Decl. ¶15, Ex. A). The letter afforded Plaintiffs' counsel the opportunity to avoid sanctions by either withdrawing or correcting his papers. Plaintiffs' counsel responded in less than ten minutes claiming his characterizations of the meet and confer "are nowhere near sanctionable," and inviting Waller's counsel to "[f]ile your motion if you are

9

confident in your ability to do so in accordance with your own ethical obligations." (Jayaratnam Decl. Ex. B). Hence, this motion was necessitated.[1]

**Rule 11 Sanctions Should Be Imposed on Plaintiffs' Counsel**

While failing to cite supporting authority, Plaintiffs' counsel appears to be of the view that descriptions of a meet and confer can amount to no more than mere "[d]isagreements about the proper characterization of a conversation" (Jayaratnam Decl. Ex. B), and not sanctionable misstatements of fact. Under similar circumstances, the Eastern District of Michigan held otherwise. *Allstate Ins. Co. v. Inscribed PLLC*, 571 F. Supp. 3d 823 (E.D. Mich. 2021). In *Allstate*, the court found that counsel had violated Rule 11 by "falsely *insinuate[ing]*" to the court that opposing counsel had silenced her at a meet and confer. *Id.* at 833 (emphasis added). The court held that such "false portrayal" of what transpired at the meet and confer warrants Rule 11 sanctions. *Id.* at 836. See also *Keck v. Graham Hotel Sys., Inc.*, 2009 WL 1099202, at *5 (E.D. Mich. Apr. 23, 2009) (granting Rule 11 sanctions motion for false statements in pleading and for knowingly allowing false statements to be made at deposition); *King v. Whitmer*, 71 F.4th 511, 521 (6th Cir. 2023) (false allegations in complaint sanctionable under Rule 11); *C & F Packing Co. v. Doskocil*

---

[1] Pursuant to Federal Rule of Civil Procedure 11(c)(2), this motion was served on Plaintiffs' counsel on August 12, 2024, over 21 days prior to bringing this motion. Again, despite service, Plaintiffs' counsel did not withdraw his papers supporting his motion to compel. (Jayaratnam Decl. ¶16).

10

*Companies, Inc.*, 126 F.R.D. 662, 681 (N.D. Ill. 1989) (awarding Rule 11 sanctions "based on the groundless attacks on [defendant's] counsel and the distortions of the record").

Here, too, Plaintiffs' counsel falsely insinuates that Waller's counsel stated at the meet and confer that Waller was not required to respond to Plaintiffs' interrogatories with information within his personal knowledge. As shown above, this is a deliberate misrepresentation of what Waller's counsel in fact said, which was that Waller *cannot* provide further answers to the interrogatories without access to documents that would refresh his recollection and knowledge of events. Accordingly, per the above-cited authorities, Plaintiffs' counsel should be sanctioned pursuant to Rule 11 for his false and misleading portrayal to the court.

As an appropriate sanction, Waller should be awarded his costs and reasonable attorneys' fees in having to both oppose Plaintiffs' motion to compel and to bring this motion. Fed. R. Civ. P. 11 ("the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion"); *B & H Med., L.L.C. v. ABP Admin.*, Inc., 354 F. Supp. 2d 746, 750 (E.D. Mich. 2005), aff'd, 526 F.3d 257 (6th Cir. 2008) (in reliance on Fed.R.Civ.P. 11(c)(2), ordering plaintiff's counsel to pay reasonable attorneys' fees and expenses of opposing party in having to defend claims that should have been dismissed); *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 402 (6th Cir. 2009) (ordering payment of

11

attorneys' fees as sanction against counsel for Rule 11 violation); *Dearborn St. Bldg. Assocs., LLC v. Huntington Nat. Bank*, 411 F. App'x 847, 852 (6th Cir. 2011) (attorneys' fees proper award for Rule11 violation).

## **CONCLUSION**

For all these reasons, Defendant's motion should be granted, and costs and attorneys' fees awarded to Defendant.

Dated: September 5, 2024          Respectfully submitted,


/s/ Ashwini Jayaratnam
Ashwini Jayaratnam, Esq.
DARROWEVERETT LLP
450 Seventh Avenue, Suite 1802
New York, NY 10123
Tel: (212) 335-2090
ajayaratnam@darroweverett.com

*Lead Counsel for Defendant*
*William Jayson Waller*

David H. Fink (P28235)
Nathan J. Fink (P75185)
FINK BRESSACK
38500 Woodward Ave, Suite 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

*Local Counsel for Defendant William*
*Jayson Waller*