UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AARON HALL, KATHERINE GLOD, and JEFFREY BINDER, <br>                                 Plaintiffs, <br> v. <br><br> TRIVEST PARTNERS L.P., TGIF POWER HOME INVESTOR, LLC, and WILLIAM JAYSON WALLER, <br>                                 Defendants. <br> _____/ | Case No. 22-12743 <br><br> F. Kay Behm <br> United States District Judge <br><br> Curtis Ivy, Jr. <br> United States Magistrate Judge |

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL (ECF No. 59) AND DENYING DEFENDANT WALLER'S MOTION FOR SANCTIONS (ECF No. 64)**

This matter is before the Court on Plaintiff's motion to compel (ECF No. 59) and Defendant Waller's motion for Rule 11 sanctions concerning representations made in the motion to compel (ECF No. 64). Discovery matters were referred to the undersigned. (ECF No. 57).

    A.    Motion to Compel (ECF No. 59)

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

Plaintiffs challenge Waller's objections to interrogatories and failure to respond to 19 out of 24 interrogatories until he has reviewed documents that are not in his possession. In the main, the interrogatories concern investment, ownership, and business activities in Power Home Solar, Waller's former company. (*See* ECF No. 59-2). Plaintiffs insist that the objections are boilerplate and that Waller must respond with information in his personal knowledge and can later supplement responses after he has reviewed those documents and refreshed his memory.

At the outset of the opposition, Waller contends that Plaintiffs failed to comply with Judge Behm and the undersigned's meet and confer requirements

2

(ECF No. 60, PageID.704-07), so he is entitled to costs and fees incurred in responding to the motion. Next, Waller asks for a protective order striking the interrogatories for exceeding 25 in number (with emphasis on the six subparts in Interrogatory 5). (*Id.* at PageID.708-09). Waller asserts that he need not respond to contention interrogatories until the close of discovery and cannot answer interrogatories until he obtains and reviews documents. (*Id.* at PageID.709-11). He explains that the bankruptcy trustee is in possession of all documents and data of Power Home Solar, Waller's former company that recently filed for bankruptcy. Lastly, he asserts entitlement to a protective order because the information can be obtained from more convenient sources. (*Id.* at PageID.711-13).

The Court begins by dismissing two of Waller's arguments. His assertion that the Court requires the parties to request a conference with the Court before moving for relief does not apply to the undersigned. Discovery matters were referred to the undersigned, which means the District Judge's discovery procedures are not in force. The undersigned does not require the parties to seek a conference before moving to compel. Relatedly, the Court finds that the parties' met and conferred to satisfy the Local Rules and Federal Rules of Civil Procedure—the parties spoke about their disputes, did not come to an agreement, then Plaintiffs moved to compel. Waller insists Plaintiffs' counsel did not meaningfully engage in conference because he would not go through each interrogatory. His refusal to

3

do so does not render the meet and confer invalid. Neither the Court nor the federal rules require parties to continue futile discussions.

Second, parties using the Court's electronic filing system are not permitted to combine a motion with a response. Electronic Filing Policies and Procedures Rule 5(f). Thus, the Court will not consider Waller's request for a protective order. The Court will, however, address whether Plaintiffs exceeded 25 interrogatories and whether Waller's responses are sufficient.

Fed. R. Civ. P. 33 states that a party may serve "no more than 25 written interrogatories, including all discrete subparts." A "discrete subpart" "seek[s] information about discrete separate subjects." *Harhara v. Norville*, 2007 WL 2897845, at *1 (E.D. Mich. Sept. 25, 2007). For example, if an interrogatory "requests the time, place, persons present, and contents be stated separately for each communication," the request does not contain "discrete subparts" because these subparts "are necessarily related to the 'primary question.'" *Id.* "The term 'discrete subparts' does not have a precise meaning, however, 'courts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'" *State Farm Mut., Auto. Ins. Co. v. Pain and Inj. Rehab. Clinic, Inc.*, 2008 WL 2605206, at *2 (E.D. Mich. June 30, 2008) (internal citation omitted). "[A]n interrogatory containing subparts directed at eliciting details

4

concerning the common theme should be considered a single question." *Harhara*, 2007 WL 2897845, at *1 (quoting Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Number of Interrogatories*, Federal Practice and Procedure § 2168.1 (2d ed.1994)).

Like Waller, the Court will only look to whether Interrogatory 5's subparts push the interrogatories beyond the numerical limit. This interrogatory asks Waller to describe the extent to which he has access to Power Home Solar business records, including whether and to what extent he has access to a list of six categories of documents (the six subparts) including his Power Home Solar emails, other employees' emails, marking and sales documents, and customer complaints or communications. (ECF No. 59-2, PageID.663).

The six subparts flow naturally as part of the theme of the main question: describe the extent to which Waller has access to certain documents. For this reason, the Court concludes that Plaintiffs' interrogatories do not exceed 25. No interrogatories will be stricken.

The Court now turns to the merits of Waller's responses. Waller characterizes three interrogatories as contention interrogatories that should be deferred until the close of discovery. (ECF No. 60, PageID.710-11). Rule 33(a)(2) allows a court to "order that [contention] interrogator[ies] need not be answered until designated discovery is complete or until a pretrial conference or some other

5

time." The rule does not *require* the Court defer responses to contention interrogatories. The Court will not defer responses here. For one thing, the Court is not convinced that the three interrogatories (Ints. 15, 16, and 18) are contention interrogatories. These interrogatories are not seeking the factual bases for Waller's defenses; rather, they seek facts relevant to the claims and defenses. (*See* ECF No. 59-2, PageID.669-70). For another thing, this case is not in the infancy of the discovery period. Discovery began during May 2024, nearly five months ago. The period closes in four months. It is not premature to begin answering contention interrogatories. Moreover, should Waller need to amend responses after more information is learned, he can (and must) supplement his responses under Rule 26(e). *See United States ex rel. Nat. Res. Def. Council v. Lockheed Martin Corp.*, 2014 WL 6909652, at *5 (W.D. Ky. Dec. 8, 2014) ("Given the well-recognized problems parties face giving complete answers to contention interrogatories early in the litigation process, litigants are well-advised to anticipate changes.").

The last issue is Waller's access to documents to refresh his memory. Neither party contests that Waller need not (and cannot) respond with information he does not know. But as Plaintiffs maintain, Waller should know something in response to each or most of the interrogatories. He needs to respond with what he recalls. Then, after he reviews documents and refreshes or corrects his memory, he

6

must supplement his responses with the additional or corrected information under Fed. R. Civ. P. 26(e).

The Court does not credit Waller's boilerplate objections that each interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case. Fed. R. Civ. P. 33(b)(4) states that objections to interrogatories must be made "with specificity" and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." A boilerplate objection "merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.'" *Wesley Corp. v. Zoom T.V. Prods., LLC*, 2018 WL 372700 (E.D. Mich. Jan. 11, 2018) (quoting Jarvey, Matthew L., Boilerplate Discovery Objections: How They Are Used, Why They Are Wrong, and What We Can Do About Them, 61 Drake L. Rev. 913, 914 (2013)). "Boilerplate or generalized objections are tantamount to no objection at all and will not be considered . . . ." *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Solutions, Inc.*, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) (internal citations omitted). Other objections, such as privilege or that Waller cannot fully answer until he obtains and reviews documents not in his possession are sufficient, provided that a privilege log is given to Plaintiffs.

7

The motion to compel is **GRANTED**. Responses to the interrogatories to the extent of Waller's knowledge are due **within 14 days of this Order**. He cannot wait until he reviews documents.

B.  Motion for Sanctions (ECF No. 64)

Waller moves for sanctions against Plaintiffs' counsel for filing documents that misrepresent Waller's counsel's statements in their motion to compel. Plaintiffs' counsel implied that Waller refused to respond to the interrogatories with information within Waller's personal knowledge during meet and confer discussion. (ECF No. 64, PageID.754-55). Counsel says this is untrue. He did not say that a party is not obligated to respond to interrogatories with information in his personal knowledge. Rather, he said that the interrogatories were drafted in a way that would not enable Waller to respond with information within his personal knowledge. This is so because the interrogatories seek information that occurred two to six years ago and all relevant documents are in the bankruptcy trustee's possession. (*Id.* at PageID.755). Waller's counsel reiterated this during the meet and confer.

Pursuant to Rule 11(b), an attorney's signature on a motion certifies that, to the best of the attorney's knowledge, information, and belief, formed after a reasonable inquiry:

8

> (1) [the document] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11 requires an attorney who has signed a pleading to fulfill three obligations. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989).  First, the attorney must conduct a reasonable inquiry to determine that the document is well grounded in fact.  Second, the attorney must conduct a reasonable inquiry to determine that the positions taken are warranted by existing law or as good faith arguments for extension or modification of existing law.  Third, the document must not be filed for any improper purpose.  *Id.*

   Sanctions for a Rule 11 violation are discretionary.  *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009). The main purpose of a Rule 11 sanction is deterrence rather than compensation.  *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997).  Any Rule 11 sanction "must be

9

limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Plaintiffs argue that Rule 11 does not apply here because it is inapplicable to "disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d). On its face, Rule 11(d) would appear to exempt statements in a Rule 37 motion from Rule 11 sanctions. But that makes sense only if Rule 37 itself provided for sanctions for inaccurate or misrepresented law or facts in a Rule 37 motion. It does not. It is unlikely that Rule 11(d) would allow an attorney to make false statements of law or fact in their motion to compel and be free from sanctions. The more reasonable reading of Rule 11(d) is that it excludes Rule 11 sanctions for that which Rule 37 provides sanctions, i.e., failure to comply with an Order, failure to disclose or supplement responses, or failure to attend a deposition. Rule 37(a)(5) also provides for an award of costs to the opposing party, but not because of false statements in the motion to compel. In other words, Rule 11 is inapplicable to the discovery at issue in the motion to compel, not counsel's statements or representations in the motion to compel. Rule 11 is designed to sanction a party or their counsel for making false statements knowingly or without sufficient evidentiary basis. Nothing in that Rule would preclude sanctions for false statements made in a Rule 37 motion to compel.

10

The Court will proceed under Rule 11. The Court does not read Plaintiffs' motion to compel to say anything more than Waller's counsel pressed the position that Waller need not respond to interrogatories until he reviews the documents. That is what Waller argued in response to the motion to compel. If Plaintiffs' counsel was not entirely accurate in recounting the statements, that inaccuracy does not rise to a level that must be sanctioned because read in context, the statements accurately reflect Waller's position. These were not objectively unreasonable falsehoods, certainly not without objective evidence of precisely what was said during the meet and confer.

What occurred in *Allstate Ins. Co. v. Inscribed PLLC*, 571 F. Supp. 3d 823 (E.D. Mich. 2021), a case Waller relies on, went far beyond what is alleged here. There, attorneys spoke with the opposing party without counsel present, made baseless accusations of misconduct, and falsely portrayed what occurred during a meet and confer by pretending that counsel was silenced by opposing counsel during discussions. Here, what is alleged is that Plaintiffs' counsel did not accurately recount what Waller's counsel said during a meet and confer. Waller does not contend that the statements were completely made up. Instead, he contends that Plaintiffs' counsel's *implications* of what was said were inaccurate. As discussed, they do not appear to be grossly inaccurate. The motion is **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: October 9, 2024

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge