UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AARON HALL, KATHERINE GLOD, and JEFFREY BINDER,<br>       Plaintiffs,<br>v.<br><br>TRIVEST PARTNERS L.P., TGIF POWER HOME INVESTOR, LLC, and WILLIAM JAYSON WALLER,<br>       Defendants.<br>_____/ | Case No. 22-12743<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER GRANTING MOTION TO COMPEL (ECF No. 76) AND GRANTING IN PART MOTION TO COMPEL (ECF No. 86)**

Before the Court are Plaintiffs' motions to compel. (ECF Nos. 76, 86). The first motion is filed against Defendant Waller. (ECF No. 76). It is a continuation of disputes surrounding Waller's responses to interrogatories. The second motion is against remaining Defendants, the "Trivest Defendants" about document production.

  A.  Motion Compel against Waller (ECF No. 76)

The Court ordered Waller to supplement responses to Plaintiffs' interrogatories by October 23, 2024. (ECF No. 69). He initially refused to respond to 19 of 24 interrogatories because he could not access documents to refresh his memory. The Court required him to supplement responses with what

he could recall; he could supplement again later after reviewing documents. The Court also rejected his boilerplate objections but allowed him to withhold documents based on privilege, with an appropriate privilege log. (*Id.*). During a status conference, Waller's request to stay that Order pending resolution of the motions to compel arbitration was denied. Waller supplemented his responses. Plaintiffs contend that Waller's supplemental responses are insufficient.

Plaintiffs' motion homes in on Interrogatory 23, which says:

> List and describe all instances prior to the time Power Home Solar, LLC filed for bankruptcy in which one or more of its customers filed a lawsuit or arbitration alleging that they had been subjected to misleading sales practices and/or sold a system that failed to live up to the promises made about it.

(ECF No. 76-2, PageID.1223). Waller gave three objections: (1) the interrogatory seeks information about customers other than Plaintiffs, (2) it seeks information as to confidential arbitrations, and (3) the information is accessible to Plaintiffs. Subject to those objections, Waller listed ten civil cases. He then explained that information related to arbitrations is in the Bankruptcy Trustee's possession in Power Home Solar's bankruptcy proceeding. (*Id.* at PageID.1223-24).

Plaintiffs have a few problems with the response. Waller raised a new objection for the first time—seeking information about other customers. Plaintiffs argue that this new objection is waived. Next, they argue that the existence of other arbitration proceedings is not confidential and they note that the list of cases

2

Waller provided is missing at least one lawsuit that Waller and his counsel must be aware of.  (ECF No. 76, PageID.1167-69).  During a meet and confer, Waller's counsel acknowledged that responsive information was withheld and that they could not divulge the existence of arbitrations because arbitration is confidential.  (*Id.* at PageID.1173).  Plaintiffs' counsel insisted that they were not seeking documents; they wanted information that Waller knew, or what knowledge is imputed to him through his counsel.  Waller's counsel rested on the position that they needed the Bankruptcy Trustee's consent to access documents.  (*Id.* at PageID.1174).  Waller's counsel also suggested that counsel could not disclose documents for its other client, Power Home Solar.  (*Id.* at PageID.1173).  This last point relates to Plaintiffs' motion to disqualify Waller's counsel.  Plaintiffs insist that their motion to compel is "inextricably intertwined" with their motion to disqualify.  (*Id.* at PageID.1163).

    Waller argues that discovery about other customers is inappropriate in the pre-class certification phase.  Because the discovery request is inappropriate, he insists that he did not waive the objection, though it was raised for the first time in the supplemental response.  (ECF No. 80, PageID.1402-04).  He did not address his confidentiality objection.  His response concludes with argument on the conflicts of interest issue.

Waller's objections about class discovery and information about other customers, and that arbitration is confidential so he cannot disclose any such proceedings are raised for the first time in the supplemental response. The Court finds that Waller waived objections not raised in his initial responses. Waller had the opportunity to challenge the appropriateness of the interrogatories when he first responded to them. Then, Waller could have challenged the interrogatories in response to the first motion to compel. But Waller said nothing about providing information that might concern other customers or arguing that he could not disclose the existence of arbitrations with other customers. He offered no reason why he could not have raised this objection sooner.[1]

The Court will not give Waller a second or third bite at the apple. Rule 33(b)(2) requires that responses and objections be served within 30 days of service of the interrogatories. The rule does not allow raising new objections to the same interrogatories in a later supplemental response. Failure to object within the 30-day period generally results in waiver of the objections. That said, circumstances may dictate that the Court consider late objections depending on "the reason for

---

[1] Waller says that the sales agreements between Power Home Solar and Plaintiffs contain a class action waiver. If class actions are waived, then information about other customers would be irrelevant, according to Waller. Waller did not get a copy of the agreements until August 7, 2024. (ECF No. 80, PageID.1396). Waller had the agreements when he responded to the first motion to compel. (ECF No. 60). Even if he did not possess them the day he filed the response brief because they were going through a vendor, he waited until October 23, 2024, to assert the objection. He provided no good cause for his delay. Plaintiffs also contest the validity of the class action waiver, so barring discovery related to other customers at this time is premature.

tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable." *Kuriakose v. Veterans Affs. Ann Arbor Healthcare Sys.*, 2016 WL 4662431, at *2 (E.D. Mich. Sept. 7, 2016) (citation omitted).  Again, Waller gave no reason why he could not have raised the new objections in his first response to the interrogatories.  Plaintiffs argued that they need a response to Interrogatory 23 to more fully respond to the motions to compel arbitration; without that response, they assert they are prejudiced.  (ECF No. 76, PageID.1154).  Though Plaintiffs have already filed a response to two motions to compel arbitration, Plaintiff could request leave to amend a response and could use this information in response to the latest motion (ECF NO. 102).  Finally, there is no impropriety on the face of the discovery requests.  Plaintiffs do not seek information *about* customers or arbitrations.  They seek to know what Waller knows and to gather a list of lawsuits and arbitrations concerning the same allegations raised in this lawsuit.  Waller has given the Court no good reason to strike the interrogatories.

The motion to compel is **GRANTED**.  Given this conclusion, the Court will not address Waller's class discovery arguments or Plaintiffs' attorney conflicts argument.

Waller must respond to Interrogatory 23, without withholding information on an objection other than privilege because all other objections have been waived

or disregarded as boilerplate.  Waller must also supplement responses to any other interrogatory to which he raised either of these new objections.  (*See* ECF No. 85, PageID.1672).  Supplemental responses must be complete **by January 3, 2025**.

Plaintiffs seek payment of their costs in bringing this motion for the evasive and incomplete discovery responses.  *See Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich. 2018).  Fed. R. Civ. P. 37(b)(2) allows for an award of costs and sanctions for a party's failure to comply with a discovery order, and Rule 37(d)(3) allows the same for the failure to respond to interrogatories, both unless the failure is substantially justified.

Waller argues that his new objections were substantially justified.  He notes that precertification discovery about putative class members is generally disallowed and Plaintiffs' counsel has "browbeaten" Waller regarding the interrogatories.  (ECF No. 80, PageID.1409-10).  This argument is unavailing for the reasons explained above.  Refusing to respond to an interrogatory on the basis of a late and waived objection about a contract clause that is contested is not a substantially justified position.  The Court ordered Waller to respond to the interrogatories to the extent of his knowledge; Waller was not permitted to add new objections and withhold information.

Waller is **ORDERED** to pay Plaintiffs reasonable costs and attorney fees bringing this motion to compel—drafting and filing the motion.  If the parties do

not agree on the amount to be paid, Plaintiffs must file a bill of costs with support for their position. Waller must respond to that bill of costs within 14 days of service.

### B. Motion to Compel Against Trivest Defendants (ECF No. 86)

This motion is about around 1,800 documents that Trivest Defendants withheld or redacted and about production of text messages.

#### 1. Documents Withheld for Privilege

Defendants assert attorney-client and attorney work-product privilege in withholding the 1,800 documents. Defendants produced an accompanying privilege log. Plaintiffs argue that the privilege log was insufficient because it did not describe the bases for withholding or redacting each document. Defendants produced a supplemental log with their response brief that includes some information to support the privilege assertion. (ECF No. 95-1). In Plaintiffs' view, the supplemental log is still insufficient. They insist that the new log still contains insufficient detail to support the assertion of privilege. (ECF No. 100, PageID.2227). Plaintiffs seek production of all the challenged documents, without redaction.

Plaintiffs raise several reasons why the privilege log or redactions are improper. In the opening brief, Plaintiffs explain that they saw documents that had no redactions where identical documents produced at another time were redacted.

The inconsistent redactions, they contend, shows that the privilege assertion is meritless. (ECF No. 86, PageID.1707). To illustrate the impropriety of the privilege assertion, Plaintiffs describe one of the documents. It is an email about sales and marketing strategy. Senders and recipients include a third-party's investment banker along with Power Home Solar and Trivest personnel and counsel. (*Id.* at PageID.1709). Plaintiffs argue that the persons involved in the communications and the substance of them show that privilege cannot be asserted. (*Id.*). The unredacted versions were clawed back. (*Id.* at PageID.1708).

Plaintiffs' issue is that many communications include persons outside of Trivest Defendants and their attorneys, such as consultants, bankers, and those affiliated with Power Home Solar. In other words, these documents were shared with third parties, so the privilege is waived. They acknowledge that Trivest Defendants were minority investors in Power Home Solar, but they contend that Trivest Defendants fall outside the privilege to protect Power Home Solar documents. (*Id.* at PageID.1709-10). They note that some documents predate Defendants' investment in Power Home Solar. (*Id.* at PageID.1710). Defendants insist they can assert attorney-client privilege for Power Home Solar's attorney-client privileged documents. (ECF No. 95, PageID.1972) (citing *Sobba v. Elmen*, 2007 WL 1174168, at *1 (E.D. Ark. Apr. 19, 2007)). Defendants also contend that disclosure of otherwise privileged communications to third parties such as

investment bankers and consultants does not always result in waiver. (*Id.* at PageID.1972-73).

First to address is the sufficiency of the privilege log. Fed. R. Civ. P. 26(b)(5) states that when a party withholds responsive information based on privilege, the party must "expressly make the claim" and "describe the nature of the documents [or] communications . . . not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." "[E]ach document in a privilege log should contain details including: date, author and all recipients of the document, subject matter, and an explanation as to why the document should be privileged and not produced in discovery." *Carhartt, Inc. v. Innovative Textiles, Inc.*, 333 F.R.D. 118, 120 (E.D. Mich. 2019) (citation omitted).

The dispute here is about the explanation for the assertion of privilege. Privilege logs are insufficient when they provide only a brief description with no substantive information. For instance, a log that describes the document only as an email between two persons is insufficient. "[A] person seeking to assert the attorney-client privilege must make a minimal showing that the communication involved legal matters. This showing is not onerous and may be satisfied by as little as a statement in the privilege log explaining the nature of the legal issue for

9

which advice was sought." *In re Search Warrant Executed at Law Offices of Stephen Garea*, 173 F.3d 429, 1999 WL 137499, *2 (6th Cir. 1999).

Trivest Defendants' privilege log meets the minimum standard of detail. It describes the content that was redacted or withheld and why it falls under the privilege, e.g., "reflects a request for counsel's legal opinion," or "regarding drafting non-disclosure agreement contains counsel's legal opinion." (ECF No. 95-1, PageID.1981). In further example, see the entry for document TGID_PHI_00110590 at ECF No. 95-1, PageID.1985. The description of the privilege for that document—"Email string among Trivest in-house counsel and Trivest employees regarding proposed transaction requests counsel's legal opinion"—this is an acceptable description.

The Court now turns to the disputes about the propriety of some assertions. These disputes are about third party, non-attorney inclusion in the communications and whether Trivest Defendants can assert attorney-client privilege over documents that are attorney-client privileged for Power Home Solar, LLC.[2]

There are eight elements of the attorney-client privilege:

> (1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his [insistence]

---

[2] Plaintiffs did not discuss the work-product privilege in their briefs other than a brief description of what the privilege entails. Given this cursory treatment, the Court declines to assess the assertion of work-product in Trivest Defendants' privilege log in the first instance.

10

> permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

*Reed v. Baxter*, 134 F.3d 351, 355–56 (6th Cir. 1998) (citation omitted). "The burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999) (citation omitted).

"[T]he attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties." *In re Lott*, 424 F.3d 446, 452 (6th Cir. 2005). That said, the attorney-client privilege extends to communications made to the attorney's agent for obtaining legal advice. *Graff v. Haverhill N. Coke Co.*, 2012 WL 5495514, at *15 (S.D. Ohio Nov. 13, 2012) (collecting cases); *Am. Mun. Power, Inc. v. Voith Hydro, Inc.*, 2020 WL 5014914, at *8 (S.D. Ohio Aug. 25, 2020) (collecting cases).

Plaintiffs do not contest that disclosure of privileged communications to a third party to obtain legal advice does not waive the privilege. But they argue that Defendants made no attempt to show that the communications including third party consultants or investment bankers were made for such a purpose. (ECF No. 100, PageID.2230). Plaintiffs are correct—Defendants cite the legal principle and then assert that communications with investment bankers and consultants can be appropriate when made for obtaining legal advice. (ECF No. 95, PageID.1973). That is not enough to meet their burden of showing that the privilege applies. For example, take the log entry for document TGIF_PHI_00110360 at ECF No. 95-1,

11

PageID.1983.  This entry is for a redacted portion of an email string among Power Home Solar counsel and staff, "Power Home Solar consultants," and Trivest employees "regarding draft investor presentation material requests counsel's legal opinion." (*Id.*).  This description does not suggest that the consultant was given or gave information for the purpose of obtaining legal advice, or that the consultant was in any way involved in the rendition of legal advice. *See Broessel v. Triad Guar. Ins. Corp.*, 238 F.R.D. 215, 218–19 (W.D. Ky. 2006) ("confidential communications disclosed to or made in the presence of certain agents of the attorney (e.g., accountants, engineers, or experts) *to further the rendition of legal advice or in connection with the legal representation* are subject to the attorney-client privilege.") (emphasis added).  Rather, the entry reads as though advice was requested in an email that the third-party consultant was merely included on.  There is no explanation about the investment banker's or consultant's role in the communication.

Without this information, the Court cannot say whether the agent's inclusion in certain emails waives the privilege.[3]  Because there are unanswered questions, the Court **ORDERS** Defendants to review their documents and carefully inspect the role of the third party.  If that third party was not included in the

---

[3] This is not to say that the privilege log descriptions are defective on their face.  As discussed above, there is enough detail to meet the standard in a general sense.

communication as someone who gave information, who was given information, or was included for the purpose of obtaining or to further the rendition of legal advice, the privilege is waived and the communication must be produced without redaction. If Defendants intend to maintain the privilege assertion, they must update the privilege log to further explain the role of the third party in the communication. Defendants must accomplish all of this **within twenty-one days of this Order**.

This leaves Defendants' contention that they are subsumed in Power Home Solar's attorney-client privilege. Plaintiffs insist that Defendants, as minority investor in Power Home Solar, cannot assert attorney-client privilege for Power Home Solar's communications. At best, Defendants may be able to pierce that attorney-client privilege against Power Home Solar. (ECF No. 86, PageID.1709-10). Boiled down, it appears that Plaintiffs consider Trivest Defendants' inclusion in Power Home Solar's privileged documents to waive the privilege.

Neither party cite case law on this specific issue—does a company's communication with counsel that includes a minority investor waive attorney-client privilege because the minority investor was involved? The Court sees this issue as no different from including a consultant or banker—privilege would not be waived if the minority investor's inclusion in the communication was aimed at obtaining legal advice. Either the minority investor's employee or counsel shared

13

information or was otherwise involved in the discussion for legal advice.  The Court will require Trivest Defendants to review their documents and privilege.  Any communications in which Trivest Defendants were included but played no active role (providing information or input) in obtaining legal advice must be produced because attorney-client privilege was waived by including Trivest in the communication.  Those documents must be produced **within twenty-one days of this Orde**r.  For documents that Trivest Defendants continue to assert privilege because of their involvement in seeking legal counsel, the privilege log must be updated to further explain Trivest Defendants' (through their agents) role in obtaining legal advice in each communication.

Plaintiffs note two documents between Power Home Solar employees and counsel that involve no one from Trivest and were created before Trivest Defendants became minority investors. (*See, e.g.*, ECF No., 95-1, PageID.2137, Document No. TGIF_PHI_00152043).  Any communications before Trivest Defendants became involved with Power Home Solar but later shared with Trivest Defendants are not privileged.  Those communications did not involve Trivest Defendants, so Trivest Defendants now stand in the position of a third party uninvolved in obtaining legal advice for the company.  Power Home Solar's disclosure of those documents to Trivest Defendants waived its privilege.  Those documents must be produced **within twenty-one days of this Order**.

14

For any continuing or new disputes regarding attorney-client privilege, the Court will conduct a status conference. Before the status conference, the parties must informally (by email to the case manager) summarize their argument **for each document** still in contention including why the assertion of privilege is proper or improper, or why the privilege log description if sufficient or insufficient. Defendants would need to provide an updated privilege log for the disputed documents.

### 2.     Text Messages

Plaintiffs sought production of text messages or messages sent through other means (such as Slack messages) from Trivest Defendants' employees. First, counsel for Trivest Defendants said there were no messages to produce because Trivest had a policy requiring employees to conduct all written business through email. (ECF No. 86, PageID.1694). Some produced emails contained screenshots of text messages from Trivest employees. Defendants say that sending the screenshots through email shows compliance with the company policy. This explanation, understandably, was insufficient for Plaintiffs. Trivest Defendants have agreed to engage a discovery vendor to collect information from the custodians' mobile devices. (ECF No. 95, PageID.1974). They would review and produce responsive, non-privileged text messages.

Plaintiffs ask for a date certain why which Defendants will review and produce responsive messages, and for an order requiring them to disclose which devices were searched and any devices they could not search because they are no longer accessible.  (ECF No. 100, PageID.2232).

Trivest Defendants' review and production of text messages must be complete **within twenty-eight days of this Order**.  Included in that production must be an identification of the devices that were searched and any devices that could not be searched because they are no longer accessible.

### 3. Attestation

Lastly, Plaintiffs seek an order compelling Trivest Defendants to attest to having undertaken "proper efforts to ensure that any and all sources of responsive information have been searched and related documents and/or ESI produced." (ECF No. 86, PageID.1710).  The Court will not require this attestation.  Trivest Defendants' counsel are aware of the obligation to undertake proper efforts under the Federal Rules of Civil Procedure, including their obligations under Fed. R. Civ. P. 11.  Should it come to light that counsel did not comply with the rules, Plaintiffs would be within their right to move for sanctions.

In all, the motion to compel is **GRANTED IN PART** to the extent that privilege assertions are improper and by providing a deadline by which Defendants must produce text messages.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: December 17, 2024                s/Curtis Ivy, Jr.
                                       Curtis Ivy, Jr.
                                       United States Magistrate Judge