# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

AARON HALL, KATHERINE GLOD, and
JEFFREY BINDER, on behalf of
themselves and all others similarly situated,

                          Plaintiff

vs

TRIVEST PARTNERS L.P., *et al.*,

                          Defendants

**Case No.: 4:22-cv-12743-FKB-CI**

**Honorable F. Kay Behm**
**Honorable Curtis Ivy**

---

# DEFENDANT TGIF POWER
# HOME INVESTOR, LLC'S APPLICATION AND REQUEST FOR
# HEARING TO ESTABLISH THE CONFIDENTIALITY OF
# CHALLENGED DOCUMENTS

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ............................................................................ i

TABLE OF AUTHORITIES ..................................................................... ii

PRELIMINARY STATEMENT ................................................................ 1

BACKGROUND ..................................................................................... 3

ARGUMENT .......................................................................................... 5

    I.     Plaintiffs' Wholesale Challenge Is Without Merit. ............................. 6

        A.    Plaintiffs May Not Wholesale Dispute TGIF PHI's Confidentiality Designations Under The Protective Order. ....... 6

        B.    Plaintiffs Agree That TGIF PHI Properly Designated Documents. ................................................................................ 8

    II.    TGIF PHI Properly Designated Specific Documents Subject To Challenge. ......................................................................................... 10

            1.    Documents Containing Commercially Sensitive Information Strategic and Financial Business Information. .................................................................. 10

            2.    Privileged Documents. .................................................. 15

    III.    Plaintiffs Can Articulate No Prejudice. ............................................ 15

        A.    The Protective Order Allows Plaintiffs To Use Documents Designated As Confidential With The Court. ........................... 15

        B.    TGIF PHI Has Agreed to Modify its Current Confidential Designation Concerning Certain Documents it Has Produced. 16

CONCLUSION ..................................................................................... 17

## TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*AWP, Inc. v. Safe Zones Servs., LLC*,
  2021 WL 2654121 (W.D. Ky. June 28, 2021) ..............................................9, 11

*Brown & Williamson Tobacco Corp. v. F.T.C.*,
  710 F.2d 1165 (6th Cir. 1983) ..........................................................................10

*Celegene Corp. v. Intellipharmaceutics Corp.*,
  2010 WL 11570195 (D. N.J. June 9, 2010)..................................................12, 13

*Dwyer Instruments, Inc. v. Sensocon, Inc.*,
  No. 3:09-CV-10 TLS, Dkt. 85 (N.D. Ind. June 8, 2010)....................................8

*Eisai, Inc. v. Sanofi-Aventis U.S., LLC*,
  No. 08-4168, 2012 WL 1299701 (D.N.J. Apr. 16, 2012) ...................................8

*F.D.I.C v. Cuttle*,
  2013 WL 878773 (E.D. Mich. Mar. 8, 2013) ..................................................6, 7

*Giddy Up, LLC v. Prism Graphics, Inc.*,
  No 3-06-CV-0948, 2007 WL 2460646 (N.D. Tex. Aug. 29, 2007)....................7

*Kormos v. Sportsstuff, Inc.*,
  No. 06-CV-15391, 2007 WL 3121499 (E.D. Mich. Oct. 24, 2007)....................5

*Marshall v. Bramer*,
  828 F.2d 355 (6th Cir. 1987) ..............................................................................6

*Medcorp, Inc. v. Pinpoint Techs., Inc.*,
  No 08-cv-00867-MSK-KLM, 2009 WL 3588362 (D. Col. Oct. 23,
  2009) ...................................................................................................................8

*Pansy v. Stroudsburg*,
  23 F.3d 772 (6th Cir. 1994) ..............................................................................10

*Pauli v. MBT Fin. Corp.*,
  2019 WL 1503125 (E.D. Mich. Feb. 12, 2019).........................11, 12, 13, 14, 15

*Pettrey v. Enterprise Title Agency, Inc.*,
   4 70 F. Supp. 2d 790 (N.D. Ohio 2006) ...............................................................1

*Procaps S.A. v. Patheon Inc.*,
   No. 12-24356-CIV, 2013 WL 4773433 (S.D. Fla. Sept. 4, 2013) ..................7, 8

*Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*,
   825 F.3d 299 (6th Cir. 2016) ...............................................................10

*Student Pid A54456680 v. Mich. St. Univ. & Bd. Of Tr.*,
   2020 WL 12689852 (W.D. Mich. Oct. 15, 2020) ...........................................10

*Weimer v. Honda of America Manuf. Inc.*,
   2007 WL 3047229 (S.D. Ohio, Oct. 17, 2007) ...................................................6

**Rules**

Fed. R. Civ. P. 26(c).............................................................................5, 10

**Other Authorities**

Jones, Benji, *Fast-growing energy firm Powerhome Solar uses
   misleading tactics to lure customers into home solar deals that cost
   more than a car, insiders, legal claims, and leaked memos suggest*
   (Nov. 8, 2020), https://www.businessinsider.com/powerhome-
   solar-misleads-customers-insiders-leaked-memos-suggest-2020-10 ................14

## STATEMENT OF ISSUES

1. Is Plaintiffs' blanket challenge to TGIF PHI's confidentiality designations appropriate under the Protective Order and case law?

2. Should the Court confirm the confidentiality designations for specific documents produced by TGIF PHI?

## MOST APPROPRIATE AUTHORITY

- *F.D.I.C v. Cuttle*, 2013 WL 878773 (E.D. Mich. Mar. 8, 2013)

- *Pauli v. MBT Fin. Corp.*, 2019 WL 1503125 (E.D. Mich. Feb. 12, 2019)

- *AWP, Inc. v. Safe Zones Servs., LLC*, 2021 WL 2654121 (W.D. Ky. June 28, 2021)

- *Celegene Corp. v. Intellipharmaceutics Corp.*, 2010 WL 11570195 (D. N.J. June 9, 2010)

## PRELIMINARY STATEMENT

Pursuant to the Protective Order in this case ("Protective Order," ECF No. 77), Defendant TGIF Power Home Investor, LLC ("TGIF PHI") submits the instant Application and Request for Hearing to establish that certain "challenged document(s) or information is/are confidential." (ECF No. 77, PageID 1295-96. ¶ 4.)[1]   The Protective Order permits the parties to designate certain types of information as "Confidential" and limits the further disclosure and dissemination of such information. *See generally Pettrey v. Enterprise Title Agency, Inc.*, 4 70 F. Supp. 2d 790 (N.D. Ohio 2006) (applying the terms of the Confidentiality Order on a motion to designate documents and testimony confidential and to prohibit disclosure of non-public information).

Pursuant to the Protective Order, TGIF PHI designated certain documents produced during discovery in this action as Confidential.  Plaintiffs objected to the designation of certain documents and, despite TGIF PHI's explanations for the designations, Plaintiffs refused to withdraw their objections and are now requesting a de-designation of those documents as well as blanket de-designation of all documents. Based on the requirements of the Protective Order, TGIF PHI now applies to the Court through this Application and Request for Hearing to maintain

---

[1] Plaintiffs' Requests for Production were served on Defendant TGIF PHI, the entity that was a minority, non-control investor in Power Home Solar/Pink Energy ("PHS/PE").

1

the designation of all documents because a blanket challenge is inappropriate and because the information contained in specific documents meets the requirements for confidentiality under the Protective Order's terms.

First, Plaintiffs' request for de-designation of all documents is inappropriate. The Protective Order requires that any challenge "identify the challenged document(s) *with specificity*, including Bates number(s) where available, and the *specific grounds* for the objection to the designation." (ECF No. 77, PageID 1296 ⁋ 4 (emphasis added).)  A blanket challenge neither identifies the documents with specificity nor specific grounds for the objection to the designation.  Thus, it is improper under the plain terms of the Protective Order.  Moreover, courts regularly reject such wholesale challenges.

Second, the specific documents challenged by Plaintiffs are appropriately designated as Confidential.  They contain information shared during due diligence exercises, which this Court has recognized includes the sharing of significant, non-public, confidential information (including financial information) used to assess a company's commercial valuation.  Other documents are subject to claims of privilege and are, by their nature, confidential.

Third, Plaintiffs can articulate no prejudice from these designations.  Plaintiffs are able to use these documents and share them in pursuing this litigation.  None of

the identified documents are subject to any pending motion.  Moreover, TGIF PHI

has cooperated during this process, agreeing to de-designate certain documents.

Accordingly, TGIF PHI requests that this Court reject Plaintiffs' request to

de-designate all documents and confirm the designations for the specific documents

that Plaintiffs have challenged.

## BACKGROUND

The Stipulated Protective Order allows for Parties to designate documents or

information:

> Documents or information to be produced or provided by any party or
> non-party in this litigation that contain confidential, commercially
> sensitive, private personal information and/or proprietary information
> may be designated as confidential by marking or placing the applicable
> notice "Subject to Protective Order," or "Confidential," or substantially
> similar language on media containing the documents, on the document
> itself, or on a copy of the document, in such a way that it does not
> obscure the text or other content of the document.

(ECF No. 77, PageID 1294-95, ⁋ 1.)

The Protective Order also requires that the Parties meet-and-confer

regarding and designation challenges.  This first requires the challenging party

to "notify the producing party in a written letter and identify the challenged

document(s) **with specificity**, including Bates-numbers(s) where available,

and the **specific grounds** for the objection of the designation."  (*Id.* ⁋ 4

(emphasis added).)   After meeting-and-conferring, should the Parties still

3

disagree on the designation, the designating Party moves to confirm the designations. (*Id.*)

That is generally what occurred here. Plaintiffs initially challenged the confidentiality of numerous documents seeking de-designation to file them with the Court in conjunction with previous motions practice. (*See* Email Chain at 11-16, attached as Exhibit 1.) In the spirit of compromise and to avoid briefing any potential motion to seal, TGIF PHI agreed to de-designate numerous of these documents. (*See* Email Chain at 9-12.) These included documents such as Secret Shopper reports, consumer contracts and financing documents, and other documents that were originally designated as Confidential under the Protective Order because they contained certain protectable information such as private personal information.

Thereafter, Plaintiffs continued to press on the remaining documents and the Parties participated in additional meet-and-confer by email and by video conference. TGIF PHI continued to assert that these documents contained commercially sensitive information related to business opportunities, commercially sensitive financial information, commercially sensitive information related to risks for potential business opportunities, commercially sensitive internal litigation monitoring information, and documents that were privileged. (*See* Email Chain at 7-8.)

4

Plaintiffs disagreed with TGIF PHI's position.  (*See* Email Chain at 6-7.)  Plaintiffs then also asserted a blanket challenge to all of TGIF PHI's designations.  (*See* Email Chain at 9.)  The Parties continued the meet-and-confer, where TGIF PHI maintained that such a blanket challenge was both inappropriate under the Protective Order and inappropriate under the law. (*See* Email Chain at 3.)  TGIF PHI further explained that many of the email exchanges related to these commercially-sensitive business opportunities related to PHS/PE were subject to confidentiality agreements in which the parties sought to keep these discussions confidential at the outset.  (*See* Email Chain at 3.)  In the spirit of compromise, TGIF PHI agreed to de-designate certain categories of documents and would continue to identify those documents and de-designate as appropriate.  (*See* Email Chain at 4.)

Having reached an impasse on wholesale de-designation and certain, specific documents, this Application and Request for Hearing followed.

## ARGUMENT

Under Fed. R. Civ. P. 26(c), courts are empowered "to issue protective orders for good cause shown to protect a person from annoyance, embarrassment, oppression, or undue burden or expense." *Kormos v. Sportsstuff, Inc.*, No. 06-CV-15391, 2007 WL 3121499, *1 (E.D. Mich. Oct. 24, 2007).  Consistent with that Rule, the Court entered the Protective Order to govern discovery here. The Protective

Order is an "umbrella" protective order, which prospectively protects the parties by allowing them to designate documents as Confidential.

The Sixth Circuit has noted, "[t]he discovery process is generally private, monitored at the request of the parties by district courts, who have 'substantial latitude' in the exercise of their oversight." *Marshall v. Bramer*, 828 F.2d 355, 360 (6th Cir. 1987); *Weimer v. Honda of America Manuf. Inc.*, 2007 WL 3047229 at *2-3 (S.D. Ohio, Oct. 17, 2007) ("Discovery is conducted in private and restrictions on the public disclosure of such information [are] much more readily available.").

I.    **Plaintiffs' Wholesale Challenge Is Without Merit.**

A. **Plaintiffs May Not Wholesale Dispute TGIF PHI's Confidentiality Designations Under The Protective Order.**

The Protective Order sets forth a specific procedure for disputing confidentiality designations.   This procedure was mutually agreed upon and proposed to the Court by the parties. Nevertheless, Plaintiffs are not abiding by its terms. The Court should not allow Plaintiffs to make a wholesale objection to the confidentiality designations of all produced documents.

Courts have found that wholesale objections to designated documents—such as Plaintiffs' objections here—are improper.  This Court's decision in *F.D.I.C v. Cuttle*, 2013 WL 878773 (E.D. Mich. Mar. 8, 2013), is instructive.  There, this Court rejected a wholesale challenge to several broad categories of documents labeled as "Confidential" under the protective order totaling approximately 20,000 pages (of

6

46,000 pages produced).  *Id.* at *1-2.  The Court found that the challenging party had not met the protective order's requirement that a challenging party "object to designation of **particular material** and provide written notice of the same."  *Id.* at *4.  As such, the court denied the challenging party's request for wholesale de-designation.

The same holds true here, but on a larger scale.  TGIF PHI has produced approximately 30,000 documents totaling over 185,000 pages.  And Plaintiffs have challenged every single confidentiality designation wholesale.  But like *Cuttle*, the Protective Order here requires Plaintiffs to "identify the challenged document(s) **with specificity**."  (ECF No. 77, PageID 1296 ¶ 4 (emphasis added).)  The challenge must also contain "**specific grounds** for the objection of the designation."  (*Id.* (emphasis added).)  Because Plaintiffs' challenge is wholesale, it has neither identified challenged documents "**with specificity**" nor provided "**specific grounds**" for the challenge.  Accordingly, Plaintiffs' request for wholesale de-designation should be rejected.

This Court is not alone in taking this approach that requires specificity.  Other courts have rejected such broad requests, just as this Court did in *Cuttle*. *See, e.g.*, *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 4773433, at *7-8 (S.D. Fla. Sept. 4, 2013) ("[T]he general rule requires a targeted challenge, not a blanket demand to re-review all documents produced and designated." (citing *Giddy Up,*

7

*LLC v. Prism Graphics, Inc.*, No 3-06-CV-0948, 2007 WL 2460646, at *2 (N.D. Tex. Aug. 29, 2007)); *Dwyer Instruments, Inc. v. Sensocon, Inc.*, No. 3:09-CV-10 TLS, Dkt. 85 (N.D. Ind. June 8, 2010), attached as Exhibit 2; *Medcorp, Inc. v. Pinpoint Techs., Inc.*, No 08-cv-00867-MSK-KLM, 2009 WL 3588362, at *4-5 (D. Colo. Oct. 23, 2009).

Plaintiffs may cite to the volume of documents as reason to de-designate every single document produced in this case. But Courts have held that it is improper to object to designations based solely on the number of documents or percentage of production designated. *See e.g., Procaps*, 2013 WL 4773433, at *8 (finding that movant's emphasis on the percentage of documents designated "highly confidential" as evidence of producer's lack of good faith was unpersuasive (citing *Eisai, Inc. v. Sanofi-Aventis U.S., LLC*, No. 08-4168, 2012 WL 1299701 (D.N.J. Apr. 16, 2012) (rejecting motion modify confidentiality order simply because defendant designated more than two million pages of documents as highly confidential)).

Accordingly, under the very terms of the Protective Order, Plaintiffs' request is improper and should be rejected from the start.

### B. Plaintiffs Agree That TGIF PHI Properly Designated Documents.

Plaintiffs have also acknowledged that there were documents that had been properly designated as Confidential. This cuts against any argument that ***all***

documents must be de-designated.  In fact, it is an acknowledgement that such a request is ***improper***.

For example, Plaintiffs agreed that documents containing sensitive financial information were properly designated Confidential.  Indeed, numerous documents— while "responsive" to Plaintiffs' requests but having little, if any, relevance to this case—contain financial projections, accounting information, and funding information.  Such information undoubtedly qualifies as Confidential under the protective order.  *See, e.g.*, *AWP, Inc. v. Safe Zones Servs., LLC*, 2021 WL 2654121, at *3-5 (W.D. Ky. June 28, 2021) (acknowledging that financial information regarding "gross profit margin" constituted "confidential information" under protective order and confirming "attorneys' eyes only" designation by producing party).

Additionally, even documents that TGIF PHI agreed to de-designate were properly designated as Confidential from the start.  Contracts and financing agreements contained information related to individual consumers.  (*See, e.g.*, ECF No. 84-2, PageID 1587 (redacted contract); ECF No. 84-13, PageID 1613-14 (redacted financing agreement).)  Thus, they contain "private personal information" of third parties.  As such, these designations were proper.  (*See* ECF No. 77, PageID 1294-95 (defining "Confidential" information to include "private personal information").)

That TGIF PHI agreed to de-designate these consumer contracts in the spirit of compromise and to facilitate Plaintiffs' ability to bring the documents before the Court in prosecuting their case does not mean that they were improperly designated. Instead, it was a recognition that these documents likely did not warrant sealing, which is a ***much higher*** standard than producing a document as Confidential under the Protective Order. *See Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 307 (6th Cir. 2016). ("In sealing all these documents and exhibits, the parties and the district court plainly conflated the standards for entering a protective order under Rule 26 with the vastly more demanding standards for sealing off judicial records from public view.").

For these reasons, Plaintiffs' wholesale request to de-designate should be rejected.

## II. TGIF PHI Properly Designated Specific Documents Subject To Challenge.

### 1. Documents Containing Commercially Sensitive Information Strategic and Financial Business Information.

**Gridiron Capital Emails (TGIF_PHI_0002211 and TGIF_PHI_0019246).[2]** These email chains contain a commercially sensitive

---

[2] TGIF PHI requests to submit these documents for in-camera review in advance of any hearing on this application. Once a document is filed, it becomes a judicial record and the right to public access is presumed. *See Student Pid A54456680 v. Mich. St. Univ. & Bd. Of Tr.*, 2020 WL 12689852, at *2 (W.D. Mich. Oct. 15, 2020) (citing *Pansy v. Stroudsburg*, 23 F.3d 772, 781 (6th Cir. 1994); *Brown & Williamson*

information as part of an internal discussion related to a business opportunity with Gridiron Capital.  The February 1, 2021 email correspondence details questions about specific profit and marketing metrics that Gridiron was requesting from PHS, and it also contains specific dollar figures related to spend for entering a new market. Thus, it contains confidential and commercially sensitive strategic and financial business information.  *See AWP, Inc., LLC*, 2021 WL 2654121, at *3-5 (acknowledging that financial information regarding "gross profit margin" constituted "confidential information" under protective order and confirming "attorneys' eyes only" designation by producing party).

Moreover, the second email chain (TGIF_PHI_0019246) contains an attachment titled "Gridiron Diligence Requests_2.5.2021.pdf."  As this Court has acknowledged, "due diligence is a comprehensive appraisal (valuation) of a company undertaken by a potential buyer which requires the disclosure of ***confidential***, financial data to the potential buyer, especially to establish the company's assets and liabilities and ***evaluate its commercial potential***."  *Pauli v. MBT Fin. Corp.*, 2019 WL 1503125, at *2 (E.D. Mich. Feb. 12, 2019) (emphasis

---

*Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177-80 (6th Cir. 1983)).  To require the filing of these documents—which are not and were not at-issue for any pending motion—would create an end run around the Protective Order's lower standard for claiming confidentiality and impose a higher one simply because it would be subject to a confidentiality dispute.  It would effectively convert any document subject to a confidentiality challenge into a judicial record by requiring that it be filed on the public docket.

added).   Indeed, the second email chain's attachment confirms this by laying out answers to Gridiron's diligence requests, including specific financial information related to numerous aspects of PHS's business.

**Data Room Spreadsheet (TGIF_PHI_0125615).**   This document contains a discussion related to a business opportunity, which includes financial information as part of the negotiations relating to that opportunity.   It is a data room index that contains significant information related the due diligence process that is properly designated as confidential as it contains a wealth of information related to PHS's valuation and commercial potential.   *See Pauli*, 2019 WL 1503125, at *2.

**Litigation   Related   Documents   (TGIF_PHI_0147420, TGIF_PHI_0124583, TGIF_PHI_0132316, TGIF_PHI_0128962).**

These documents discuss ongoing litigation ***unrelated*** to the instant action.

TGIF_PHI_0147420 is correspondence from outside counsel to Trivest Partners' General Counsel that describes ongoing litigation monitoring efforts of and results for portfolio companies.   It contains discussion and assessment from outside counsel regarding these various litigations.[3]   Accordingly, these documents contain commercially sensitive information as it relates to their efforts to defend against and avoid further litigation.   *See Celegene Corp. v. Intellipharmaceutics Corp.*, 2010 WL

---

[3] The parent email indicates that this document was shared with a third-party financial company and, therefore, is not privileged.

11570195, at *1-2 (D. N.J. June 9, 2010) (sealing "Confidential Materials" containing "information of the parties relating to their litigation and settlement strategies").

TGIF_PHI_0124583 is an email string describing Trivest's internal monitoring program for litigation to its portfolio companies. It describes the process and goal of the monitoring program. Accordingly, it contains commercially sensitive information as it relates to Trivest's efforts to defendant against and avoid further litigation. *See Celegene Corp.*, 2010 WL 11570195, at *1-2 (sealing "Confidential Materials" containing "information of the parties relating to their litigation and settlement strategies").

TGIF_PHI_00132316 is a spreadsheet titled "Pending Litigation, Employee & Competitor Misconduct Report." It follows numerous matters including the type of claim, forum, status, and "Exposure/Resolution/Settlement." By its terms, it has been labeled "confidential." Moreover, the parent email discusses how this confidential information is to be utilized during the due diligence process. Thus, it is properly designated as confidential as it relates to a wholesale evaluation of PHS's business potential. *See Pauli*, 2019 WL 1503125, at *2; *Celegene Corp.*, 2010 WL 11570195, at *1-2.

Again, none of these litigations relate to the instant action.

13

**Business Insider Article Documents (TGIF_PHI_0112051, TGIF_PHI_00140828, TGIF_PHI_00126901, TGIF_PHI_00139851, TGIF_PHI_00112055, and TGIF_PHI_00149797).**

In November 2020, Business Insider published an article critical of PHS's sales practices and consumer experience.  *See* Jones, Benji, *Fast-growing energy firm Powerhome Solar uses misleading tactics to lure customers into home solar deals that cost more than a car, insiders, legal claims, and leaked memos suggest* (Nov. 8, 2020), https://www.businessinsider.com/powerhome-solar-misleads-customers-insiders-leaked-memos-suggest-2020-10.

These documents are communications and internal drafts of responses to that Business Insider article that reflect internal discussions about strategy for how to respond to inquiries about the article's contents.   They disclose commercially sensitive information in that they discuss potential responses to the article's claims.  The communications and drafts at issue here were ones created during due diligence process and meant for responding to any inquiries from potential business partners.  Thus, they are properly designated as confidential.  *See Pauli*, 2019 WL 1503125, at *2.

**Risk Factor Documents (TGIF_PHI_0146452 and TGIF_PHI_0146734).**

These documents identify potential risk factors for potential investors related to a business opportunity for PHS.  The cover email for these documents indicate that

14

they were developed by PHS and its counsel. (*See* TGIF_PHI_00146727.) The cover email also indicates that the listing of potential risk factors was incomplete as PHS was awaiting additional risk factors from another law firm. (*See id.*) They were created in response to business investment opportunities and properly designated as confidential. *See Pauli*, 2019 WL 1503125, at *2.

## 2. Privileged Documents

Additionally, TGIF PHI produced a number of documents that contain information protected by attorney-client and work product privilege. Specifically, TGIF PHI produced communications between the company and its attorneys at Darrow Everett LLP. These documents (TGIF_PHI_0112968, TGIF_PHI_0118552, TGIF_PHI_0110858, TGIF_PHI_0128962, and TGIF_PHI_0137395) are appropriately designated as confidential pursuant to the Protective Order because they contain information related to confidential communications with attorneys.

## III.   Plaintiffs Can Articulate No Prejudice.

### A. The Protective Order Allows Plaintiffs To Use Documents Designated As Confidential With The Court.

First, the original challenges stemmed from Plaintiffs' desire to file certain materials produced in discovery in conjunction with prior motions practice. After de-designating certain documents, Plaintiffs indicated during the meet-and-confer that they had what they needed for that motions practice. (*See* Email Chain at 9.)

15

They cannot articulate how, at this juncture, they need every, single confidentiality designation wiped away to prosecute their case.  The Protective Order affords them every ability to proceed through discovery and use those documents either in depositions or with any experts.

Second, the Protective Order provides a mechanism for Plaintiffs to use documents in filings before the Court.  The Parties meet-and-confer regarding specific documents that a non-designating party may wish to utilize before the Court. (*See* ECF No. 77 PageID 1300-02, ⁋ 12.)  Should Plaintiffs wish to utilize any document in any forthcoming filing, TGIF PHI will meet-and-confer in good faith about the need to file any potential motion to seal should the Parties deem it necessary.  Plaintiffs have raised the prospect of potential, proposed changes to this process but to date have not suggested any specific concrete changes.  As with anything during the cooperative discovery process, TGIF PHI is willing to consider and discuss any proposed changes by Plaintiffs.

### B. TGIF PHI Has Agreed to Modify its Current Confidential Designation Concerning Certain Documents it Has Produced.

The Parties have engaged in meaningful and productive meet-and-confer regarding Plaintiffs' dispute regarding the wholesale request to de-designate.  TGIF PHI has agreed to de-designate documents falling into categories such as litigation filings, news articles, advertising materials, press releases, newsletters, executed

contracts with consumers, final sales presentations, and product data sheets.  (*See* Email String at 4, 12.)  TGIF PHI will continue to de-designate documents.

## CONCLUSION

For the reasons set forth above, the Court should grant TGIF PHI's Application to Establish the Confidentiality of Challenged Documents and overrule Plaintiffs' objections.

Dated: January 9, 2025

**HONIGMAN LLP**

E. Todd Sable (P54956)
Robert M. Riley (P72290)
Benjamin J. VanderWerp (P84614)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7548
bvanderwerp@honigman.com
tsable@honigman.com
rriley@honigman.com

**MCGUIREWOODS LLP**

/s/ Frank Talbott V
R. Trent Taylor
Frank Talbott V
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
(804) 775-1182
rtaylor@mcguirewoods.com
ftalbott@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2025, I electronically filed the forgoing

with the Clerk of Court using the Court's ECF system, which will send notification

of such filing to all counsel of record.

Respectfully submitted,

By:  Frank Talbott V