UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON HALL, *et al.*,                                     Case No. 22-12743

　　　　　Plaintiffs,                                          F. Kay Behm
v.                                                       United States District Judge

TRIVEST PARTNERS, L.P., *et al.*,

　　　　　Defendants.
＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ /

**<u>OPINION AND ORDER DENYING MOTION TO DISQUALIFY (ECF No. 82)</u>**

**I.       PROCEDURAL HISTORY**

Plaintiffs have moved to disqualify DarrowEverett LLP (DE) as counsel for

Defendant Waller.  (ECF No. 82).  Waller opposes this motion (ECF No. 90) and DE

has filed its own opposition.  (ECF No. 92).  The court held a hearing on January

29, 2025.  For the reasons set forth below, the motion to disqualify DE is **DENIED**.

**II.      STANDING**

DE and Waller dispute that Plaintiffs have standing to bring this motion.

The parties all point to *Jonna v. Bitcoin Latinum*, 2023 U.S. App. LEXIS 20750 (6th

Cir. Aug. 9, 2023) to support their respective positions regarding standing.  In that

case, the Court of Appeals, applying the Article III standing analysis to the

intervening parties who sought to disqualify counsel, held that one of the

intervenors failed to establish standing because he was not a client of the firm at issue.  The other intervenor was able to establish standing as a client of the firm. Defendant Waller points out that Plaintiffs obviously do not have client standing. DE, on the other hand, acknowledges that Plaintiffs are correct that traditional notions of standing do not apply to their motion.  This is so because in *Jonna*, the court also pointed out that *counsel* of third-parties generally have standing to bring motions to disqualify under the reporting requirements imposed by state ethics rules.  The court cited the following cases in support of this type of standing:  *Kevlik v. Goldstein*, 724 F.2d 844, 848 (1st Cir. 1984) (finding "that the attorney for [a party] had standing to bring the motion for disqualification" under the reporting requirements of state ethics rules); *Brown & Williamson Tobacco Corp. v. Daniel Int'l Corp.*, 563 F.2d 671, 673 (5th Cir. 1977) (holding that an "appellant has standing to seek disqualification even though it [wa]s not an aggrieved client because its attorneys [we]re authorized to report any ethical violations committed in the case"); *United States v. Clarkson*, 567 F.2d 270, 272 n.1 (4th Cir. 1977); *In re Gopman*, 531 F.2d 262, 265 (5th Cir. 1976) ("When an attorney discovers a possible ethical violation concerning a matter before a court, he is not only authorized but is in fact obligated to bring the problem to that court's attention.").  In the court's view, Plaintiffs' counsel has standing to bring a

2

motion to disqualify based on perceived ethics violations in the form of the

alleged conflicts of interest posed by DE's representation of Waller and a

multitude of other parties with allegedly conflicting interests.

## III.    ANALYSIS

Plaintiffs contend that Waller's obstructionist discovery tactics in this case

are driven by its conflicts of interest.  Instead of engaging on the merits of

Plaintiffs' claimed conflict scenarios, both responses emphasize that the

Bankruptcy Trustee consented to DE representing Waller in this and 20 or so

similar cases brought by former PHS customers against both PHS and Waller.

Waller has also consented to DE representing him personally.  And non-parties

Kevin Klink, MGG, Dale Stohr, and Zachary Darrow, who have been subpoenaed

by Plaintiffs all consented to DE's representation and are aware of who else DE

represents.  Accordingly, DE maintains that any conflict has been resolved by DE,

which has determined after consideration that none of the parties it presently

represents would be adversely affect by DE's concurrent representations - and

has been waived by the relevant parties.  Prior to the hearing in this matter, DE

provided conflict waivers signed by all the relevant parties.  Under the applicable

rules of professional conduct, such a waiver ends this inquiry.  *See Health Alliance*

*Plan of Mich. v. Blue Cross Blue Shield of Michigan*, 2015 WL 5697682, *4 (E.D.

Mich. Sept. 29, 2015) (Michigan's professional conduct rules allow the lawyer to seek consent from the clients involved if the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; the motion to disqualify was denied without prejudice pending law firm seeking consent from all the clients involved).

DE does address in more detail one conflict raised by Plaintiffs.  Plaintiffs argue that DE's ability to represent Waller is materially limited within the meaning of MRPC 1.9(b) by its own self-interest.  MRPC 1.9(b) provides as follows:

> (b) Unless the former client consents after consultation, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated has previously represented a client
>
> (1) whose interests are materially adverse to that person, and
>
> (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter.

This is so, say Plaintiffs, because several DE lawyers, including Mr. Darrow, are likely necessary witnesses in this case.  According to Plaintiffs, Waller has tied them to the fraudulent predicate acts and the Trustee may have claims against Mr. Darrow forthcoming as a PHS "insider."

DE acknowledges that Mr. Darrow may be a witness if this case goes to trial, but argues that possibility does not warrant any disqualification prior to trial.

DE points out that MRPC 3.7(b) provides in part that a "lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."  That is, the rule is clear that even where an attorney is a likely witness at trial, the disqualification of the attorney is personal and is not imputed to the attorney's entire firm *unless* other grounds for disqualification exist pursuant to MRPC 1.7 or 1.9.  *See, e.g., MJK Family LLC v. Corporate Eagle Management Services, Inc*., 2009 WL 10682428 (E.D. Mich. 2009) at *13 ("Rule 3.7(a) generally prohibits a lawyer from acting as an advocate at a trial in which he is likely to be a necessary witness. But Rule 3.7(b) *permits* an attorney to act as an advocate *at trial* where a fellow partner is likely to be a witness, *except* where precluded from doing so by Rules 1.7 or 1.9"; emphasis in original).  DE argues that neither Rule 1.7 nor 1.9 are at issue because any conflict has been waived and moreover, any such disqualification is premature until the time of trial.  DE's analysis of this issue is correct and disqualification of Mr. Darrow is not warranted at this time.

## IV.    Conclusion

It seems that fundamentally, Plaintiffs' issue is with DE and Waller's discovery practices.  Alleged bad behavior in discovery is not a conflict of interest, nor does it appear that the alleged bad behavior here resulted from actual,

unwaived conflicts of interest.  The Federal Rule of Civil Procedure provide

adequate remedies for discovery abuses and Plaintiffs have succeeded on several

such discovery motions.  For these reasons, the motion to disqualify counsel is

**DENIED**.

 **SO ORDERED**.

Date:  February 26, 2025    <u>s/F. Kay Behm</u>
          F. Kay Behm
          United States District Judge