# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| AARON HALL, KATHERINE GLOD, and JEFFREY BINDER, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRIVEST PARTNERS L.P., TGIF POWER HOME INVESTOR, LLC, TRIVEST PARTNERS, INC., TRIVEST GROWTH PARTNERS, INC., TRIVEST GROWTH PARTNERS, L.P., TRIVEST GROWTH PARTNERS GP, LLC, TRIVEST GROWTH INVESTMENT FUND, L.P., TGIF POWER HOME BLOCKER, INC., TRIVEST INVESTMENT ADVISORS, LLC, and WILLIAM JAYSON WALLER,<br><br>*Defendants*. | No.: 4:22-cv-12743-FKB-CI<br><br>Hon. F. Kay Behm<br>Hon. Curtis Ivy, Jr. |

## PLAINTIFFS' OPPOSITION TO TRIVEST DEFENDANTS' MOTION TO STAY

# Table of Contents

INTRODUCTION ..................................................................................................1

BACKGROUND ..................................................................................................2

STANDARD..........................................................................................................4

ARGUMENT .........................................................................................................5

   I.  Defendants have not shown a likelihood of success on the merits....................5

   II. Defendants will not be injured absent a stay, nor would a stay promote judicial economy or the public interest................................................................9

   III.     A stay would injure Plaintiffs................................................................11

CONCLUSION ...................................................................................................12

## **STATEMENT OF ISSUES PRESENTED**

Whether this Court should grant Defendants' motion to stay proceedings (including fact discovery, expert discovery, and class certification briefing) in this Court pending the resolution of an interlocutory appeal whose outcome will not terminate these proceedings.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Cases**

*Nken v. Holder*, 556 U.S. 418 (2009)

*Tiger Lily, LLC v. HUD*, 992 F.3d 518 (6th Cir. 2021)

*Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226 (10th Cir. 2006)

*Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150 (6th Cir. 1991)

**Statutes**

18 U.S.C. § 1965

28 U.S.C. § 1292

# **INTRODUCTION**

Less than two months ago, the Trivest Defendants vehemently opposed any extension of deadlines of this case, pointing to the Court's admonitions that the case should move forward. Now the same Defendants want those deadlines vaporized, seeking to stay fact discovery, expert discovery, class certification briefing, and all other proceedings in this Court pending the resolution of Defendants' interlocutory appeal.

Defendants rest their motion on the faulty assumption that a victory before the U.S. Court of Appeals for the Sixth Circuit would result in dismissal. But regardless of the appeal's outcome, it would not result in dismissal. The appeal hinges on the Trivest Defendants' contention that this Court should have applied a jurisdictional test that is readily satisfied in this case; *there was* no other jurisdiction where the action could have been brought without resorting to RICO jurisdiction. Even were that not true (and it indisputably is), transfer, not dismissal, would be the appropriate remedy.

Because no outcome on appeal could result in the dismissal of this action, the Trivest Defendants would not suffer any harm absent a stay. Beyond that, because the Trivest Defendants have not shown the required likelihood of success on the merits, they have not met their burden to show a stay is appropriate, and this Court should deny the motion.

## BACKGROUND

Plaintiffs, on their own behalf and on behalf of a putative class, have sued Defendants Trivest Partners LP, TGIF Power Home Investor, LLC, Trivest Partners, Inc., Trivest Growth Partners, Inc., Trivest Growth Partners, LP, Trivest Growth Partners GP LLC, Trivest Growth Investment Fund, LP, TGIF Power Home Blocker, Inc., and Trivest Investment Advisors, LLC (the "Trivest Defendants"), along with William Jason Waller, under the Racketeer Influenced and Corrupt Organizations (RICO) Act. (Complaint, ECF No. 1). The complaint alleges that the defendants participated in a fraudulent business scheme with the now-bankrupt Power Home Solar, LLC. (*Id.* at PageID.4-24, PageID.28-34).

Defendants Trivest Partners L.P. and TGIF Power Home Investor, LLC moved to dismiss the complaint for lack of personal jurisdiction (the remaining Trivest defendants were added later). (Motion, ECF No. 17). Their original motion did not consider that the RICO statute provides for nationwide personal jurisdiction in a district court where personal jurisdiction is established as to at least one defendant, where required by "the ends of justice," 18 U.S.C. § 1965(b). (*Id.* at PageID.124-32). Their reply asserted, however, that Plaintiffs had not satisfied the "ends of justice" requirement because, they argued, Plaintiffs had not adequately

pleaded a RICO claim.[1] (Reply at 1-3, ECF No.20, PageID.191-93). This Court concluded that Plaintiffs *had* adequately pleaded a RICO claim and noted that courts of appeals disagree on the implication of the "ends of justice" requirement. This Court concluded that "merely because there is a district in which the court may have personal jurisdiction over all the defendants does not mean that commencing litigation here necessarily violates the 'interests of justice,'" (Order at 23, ECF No. 32, PageID.303-04), and denied the motion to dismiss for lack of personal jurisdiction.

Defendants sought leave for an interlocutory appeal of this question, which this Court certified in February 2024. (Order, ECF No. 49). Since that time, this Court has entered a scheduling order, has granted multiple motions to compel Defendants to participate in discovery, and has—over Defendants' strong objections—extended the deadlines in the scheduling order, necessitated by Defendants' failure to produce required documents in discovery. Per the extended scheduling order, over the course of the next four months, fact and expert discovery will close, and the parties will brief class certification.

---

[1] The moving defendants also added a footnote with a cursory personal jurisdiction analysis for defendant Waller, asserting—without support—that he would be subject to personal jurisdiction in Florida. He would not. At the time of filing, Waller was a citizen of North Carolina, whose Michigan-centered actions are the focus of the allegations in this case. No serious argument has been (or could be) made that Florida courts would have personal jurisdiction over Mr. Waller.

3

On March 21, 2025, the Sixth Circuit granted Defendants' petition for permission to appeal "to resolve whether the ends-of-justice requirement can only be satisfied if no other district court has jurisdiction over all the named defendants." Order at 1, *In re: Trivest Partners LP*, No. 24-0102 (6th Cir. Mar. 21, 2025). Defendants now request a stay of proceedings in this Court pending resolution of their interlocutory appeal.

## **LEGAL STANDARD**

This Court has the inherent power to control its docket with consideration of "economy of time and effort for itself, for counsel and for litigants," and whether to stay proceedings is a decision that "rests with the sound discretion of the District Court." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. District Court*, 565 F.2d 393, 396 (6th Cir. 1977)); *accord Clinton v. Jones*, 520 U.S. 681, 706 (1997).

An interlocutory appeal does not automatically stay discovery, which is appropriate only where necessary to "to prevent irreparable harm to the party requesting such relief during the pendency of the appeal." *YAPP USA Auto. Sys. v. NLRB*, No. 24-12173, 2024 U.S. Dist. LEXIS 191268, at *3 (E.D. Mich. Sep. 13, 2024) (quoting *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 572 (6th Cir. 2002)). To determine whether such a stay is appropriate, courts consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Tiger Lily, LLC v. HUD*, 992 F.3d 518, 521-22 (6th Cir. 2021) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). These four factors are not prerequisites, however, but "interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

## ARGUMENT

The Trivest Defendants have not shown a likelihood of success on the merits or that they would suffer any cognizable injury absent a stay, so they have not met their burden to show that a stay of the proceedings in this Court would be appropriate. Nor could they, because ultimately this appeal is a detour from the merits of the litigation that cannot result in dismissal, and is extraordinarily unlikely to require even transfer at the end of the day. The motion should be denied.

**I.      Defendants have not shown a likelihood of success on the merits.**

First, the Trivest Defendants argue that the motion satisfies the "likelihood of success" factor because "there are 'serious questions going to the merits'" and "there

5

is 'more than a mere possibility of success.'" (Mot. at 4, ECF 135, PageID.3579 (quoting *Grutter v. Bollinger*, 247 F.3d 631, 633 (6th Cir. 2001))). This is not the standard.[2] A movant must make a "strong showing" of the likelihood of success on the merits, not merely gesture at the existence of a "serious question." *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Tiger Lily, LLC v. HUD*, 992 F.3d 518, 521-22 (6th Cir. 2021).

The Trivest Defendants assert that they have met this factor because the Sixth Circuit granted their petition for leave to appeal. (Mot. at 4, ECF No. 135, PageID.3579 ("And given that the Sixth Circuit exercised its discretion in this rare circumstance, Trivest Defendants posit that there is a good chance that they will prevail on the merits.")). Setting aside the fact that *it does not even matter if the Trivest Defendants prevail on appeal* (and therefore would suffer no harm absent a stay), they are incorrect about their likelihood of success for two reasons.

---

[2] The Sixth Circuit in *Grutter* was explaining that the probability of success that a movant must demonstrate is inversely proportional to the potential harm. But, the court noted, "*even if* a movant demonstrates irreparable harm that *decidedly outweighs* any potential harm to the [nonmoving party] if a stay is granted, *he is still required to show*, at a *minimum*, 'serious questions going to the merits.'" *Grutter*, 247 F.3d at 633 (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)) (alteration in original) (emphases added). Given that success for Defendants on appeal simply would mean that the parties litigate this case in a different forum, Defendants have not shown that they will suffer any harm at all from denial of a stay, and they must show more than the minimum "serious questions."

First, the Sixth Circuit did not consider the Trivest Defendants' likelihood of success on the merits when determining whether to grant leave to appeal—it is not a factor in the Court's decision-making. Section 1292(b) simply requires the appellate court to consider whether the appeal would involve "[1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b); *see also* Order at 2, *In re: Trivest Partners LP*, No. 24-0102 (6th Cir. Mar. 21, 2025).[3] The Sixth Circuit's grant of interlocutory appeal is not an indication that Defendants are likely to succeed, and a mere possibility of success is not sufficient to meet this factor *Cf. Luxshare, Ltd. v. ZF Auto. US, Inc.*, 15 F.4th 780, 783 (6th Cir. 2021) (Supreme Court's grant of certiorari insufficient to show likelihood of success). Notably, the Sixth Circuit did not also order a stay of proceedings in the interim. S*ee generally* Order, *In re: Trivest Partners LP*, No. 24-0102 (6th Cir. Mar. 21, 2025).

Second, for all the reasons this Court explained in its order denying Defendants' motion to dismiss, Defendants are not likely to succeed on appeal. (*See*

---

[3] Even where likelihood of success *is* a factor in the appellate court's decision whether to grant leave for interlocutory appeal, as in the context of a Rule 23(f) appeal of class certification, a stay pending appeal is not a foregone conclusion. *See In re Firstenergy Corp. Sec. Litig.*, 751 F. Supp. 3d 853 (S.D. Ohio 2024) (denying motion to stay discovery pending 23(f) appeal); *Willis v. Big Lots, Inc.*, No. 2:12-cv-604, 2017 U.S. Dist. LEXIS 152152, at *9 (S.D. Ohio Sep. 19, 2017) (allowing litigation to proceed pending appeal, up through the disclosure of expert reports).

7

Order at 22-23, ECF No. 32, PageID.303-04). The Sixth Circuit granted Defendants' motion so it could weigh in on a split of appellate authority and resolve what Defendants touted as a split within this Circuit, but the court gave absolutely no indication that it disagreed with this Court's reasoned analysis of the question at issue. As this Court recognized, the "'ends of justice' analysis is not controlled by the fact that all defendants may be amenable to suit in one forum." *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1232 (10th Cir. 2006). Rather, Congress modeled the RICO statute on the antitrust laws that "prescribe an 'ends of justice' analysis for allowing 'other parties' to be summoned before the court, 'whether they reside in the district in which the court is held or not.'" *Id.* (citing 15 U.S.C. §§ 5 (Sherman Act), 10 (Wilson Tariff Act), & 22 (Clayton Act)). This weighs in favor of the "ends of justice" analysis under the RICO statute allowing for this Court to exercise jurisdiction over all the defendants. Moreover, it would be inconsistent with RICO's purpose "to eradicate organized crime" if it allowed some RICO violations to "go unpunished whenever organized criminals operate within the same locale and cause harm in a distant state" and "the victim is unable to finance long-distance litigation." *Id.* Accordingly, the "ends of justice" require exercising jurisdiction in this District over all defendants to this case.

At base, Defendants have not met their "heavy burden" of demonstrating a "strong showing that [they are] likely to succeed on the merits." *See Ohio State*

8

*Conference of NAACP v. Husted*, 769 F.3d 385, 389 (6th Cir. 2014). This is reason enough for this Court to deny the motion.

## II. Defendants will not be injured absent a stay, nor would a stay promote judicial economy or the public interest.

Defendants assert that they will suffer considerable hardship absent a stay. They also assert that a stay would preserve judicial resources and be in the public interest. Neither assertion is true.

In evaluating the degree of injury to a party absent a stay, "the key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

Defendants contend that they would suffer hardship absent a stay because they would be required to expend significant time and effort on motion practice in this Court while the appeal is pending. This does not constitute an injury. *See id.*

Moreover, the Trivest Defendants' assertion of hardship is based on an assumption that the Sixth Circuit could rule that "this Court does not have personal jurisdiction over Trivest Defendants at all." (Mot at 9, ECF No. 135, PageID.3584). Yet the Sixth Circuit accepted the Trivest Defendants' petition for interlocutory appeal only "to resolve [the question of] whether the ends-of-justice requirement can only be satisfied if no other district court has jurisdiction over all the named

9

defendants." Order at 1, *In re: Trivest Partners LP*, No. 24-0102 (6th Cir. Mar. 21, 2025). No other question is before that court. *Even if* the Sixth Circuit answers the question in the affirmative, this Court has not determined whether any other district court has jurisdiction over all the named defendants without resorting to RICO jurisdiction. None does. The Sixth Circuit is not a court of first impression, and the only remedy for any victory for Defendants in their appeal would be for that court to remand the case for a determination whether any other district court has traditional jurisdiction over all defendants. At that point, this Court would be faced with determining whether another district court has traditional jurisdiction, and in that supplemental briefing, Plaintiffs would likely request that, if the Court ruled that another court *did* have jurisdiction over all defendants, the Court transfer the action to that court.[4]

Upon transfer, all pending motion practice, discovery, all expert disclosures, and all class certification briefing would still be required. Absolutely no party or judicial resources would be preserved by staying this action pending appeal, so Defendants would not suffer any harm absent a stay. Moreover, the public interest is in resolving this case, and doing so efficiently, as this Court has been urging the

---

[4] Plaintiffs of course do not believe the Trivest Defendants will be successful on appeal or that, if they were, this Court could conclude that any other district would have traditional personal jurisdiction over all defendants, and therefore present this hypothetical simply for illustration.

parties to do. (*See* ECF No. 120, Page ID 3122 (urging the parties to move the case along)). *Albright v. Michigan*, No. 1:22-cv-638, 2023 U.S. Dist. LEXIS 232280, at *18 (W.D. Mich. Aug. 14, 2023) (denying motion to stay class action pending interlocutory appeal).

### III.   A stay would injure Plaintiffs.

The Trivest Defendants claim that a stay would not injure Plaintiffs because, they say, Plaintiffs "already have significant discovery and could proceed expeditiously" once the stay is lifted. (Mot. at 5-6, ECF No. 135, PageID.3580-81). Again, Defendants are incorrect. As this Court well knows, Plaintiffs are still laboring to receive discovery from Defendants. Meanwhile, the Court of Appeals took more than one year to decide whether to grant leave to appeal, a decision that entailed no oral argument. In all likelihood, a substantive decision on the appeal would take even longer. During that time, Plaintiffs would be prevented from remedying the foot-dragging that has impeded this litigation from its inception. (*See generally* ECF No. 69; ECF No. 103). In fact, yet another motion to compel is currently pending before this Court. (Motion to Compel, ECF No. 130). Any stay of these proceedings would thwart Plaintiffs' right to discovery, delay the litigation, and delay justice.

As with the other factors, the injury to Plaintiffs from a stay counsels against the Trivest Defendants' motion, which is based on the pendency of an appeal that will not relieve the Trivest Defendants of any of their obligations in this litigation.

## CONCLUSION

For the foregoing reasons, this Court should deny the Trivest Defendants' motion to stay.

Dated: April 18, 2025  Respectfully Submitted,

*/s/ Nicholas Coulson*
Nicholas A. Coulson (P78001)
**COULSON P.C.**
300 River Place Drive
Suite 1700
Detroit, MI 48207
(313) 644-2685
nick@coulsonpc.com

*Counsel for Plaintiffs and the Putative Class*

12

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2025, I electronically filed a copy of the foregoing with the Clerk of Court using the Court's ECF system, which will send notification of such filing to all counsel of record for all parties, and I hereby certify that there are no individuals entitled to notice who are non-ECF participants.

*s/ Nicholas Coulson*